# United States District Court
## EASTERN DISTRICT OF WISCONSIN

## COURT MINUTES

| | |
|---|---|
| HON. **William E. Duffin**, presiding. | Deputy Clerk: Mary |
| DATE: **October 28, 2016 at 11:00 AM** | Court Reporter: FTR Gold |
| CASE NO. **16-CR-21** | Time Called: 11:03:28 |
| UNITED STATES v. **Samy Mohammed Hamzeh** | Time Concluded: 11:16:02 |
| PROCEEDING: **Status/Scheduling Conference (COUNSEL ONLY)** | |

UNITED STATES by: **Paul L. Kanter, Kiersten Korczynski, Alicia H. Cook**

DEFENDANT: **not present**
ATTORNEY: **Craig W. Albee**

---

Court reviews prior hearings regarding the discovery status.

GOVT: 2 issues to address.

1) anticipated motion pursuant to the Classified Information Procedures Act; and

2) The scheduling of motions; will let Mr. Albee speak to that and where he is in the review of discovery.

DEFENSE: What he received is mostly a summary of translations; it is the gist of what they are talking about rather than transcription of the words.

- It is clear to defense counsel that he will need transcripts of a number of the conversations and is in the process of preparing their own transcriptions, since they were not provided by the govt. There are telephone calls that were shorter and less significant that were transcribed. Most significant and lengthier encounters are summaries and will need to be transcribed.

- At this point, parties could proceed with a motion schedule, but may alert the court if something in those transcriptions might change the schedule. Defense suggests a deadline of 1/10/17 to file motions.

GOVT: No objection to that schedule.

**Motions deadline: January 10, 2017**

**Responses due: February 7, 2017**

**Replies: February 17, 2017**

ATTORNEY KORCZYNSKI: Govt has filed a Section 2 Motion. Here today to answer any questions the court may have regarding CIPA. Do not believe all the provisions of CIPA will be utilized in this case; however, they wanted to make sure they were providing the court with a sufficient memorandum of law in case there were any questions.

- Do not anticipate needing to clear defense counsel in this case which will greatly reduce time.

- Hoping in the next 30 days to be prepared to file their CIPA Sec 4 Motion.

- Court security officer will be appointed. That person will be handling those motions, and will be able to communicate with chambers on any scheduling that is necessary. Also, coordinating the need for review of the materials in a secure setting and all logistics associated with that.

ATTORNEY KORCZYNSKI: The motion is an ex parte filing that will go under seal. Govt is available at your request to meet ex parte to the extent the court has questions. Level of confidentiality is secret.

- The motion requested a pretrial conference which is what we are having today. Much of the language is boilerplate and is an opportunity to educate the court and defense counsel of the way the statute works. This hearing satisfies that requirement.

**CIPA Section 4 Motion Deadline: December 1, 2016.**

DEFENSE: His translator having some difficulty with the format of the discs. Asking the govt if they have any other format.

COURT asks the govt to check that and get back to Mr. Albee.

COURT makes a Speedy Trial finding. The court is satisfied that this case is so unusual and complex due to the nature of charges being prosecuted that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the times limits established by 18 U.S.C. §3161. Court finds that a continuance of the speedy trial act deadline is appropriate because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial. Specifically given the complexity of the case, the nature of prosecution and the case taken as a whole, that the failure to grant a continuance would unreasonably deny the defendant reasonable time for effective preparation. **The time from today until January 10, 2017 is excluded under the Speedy Trial Act.**