UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

    *vs.*                                    Case No. 16CR21

SAMY HAMZEH

    *Defendant*.

## OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMEDNDATION

Samy Hamzeh, by counsel, filed four pretrial motions. The Magistrate Judge recommended that pretrial motion 1 (the constitutionality of § 5861) be denied; that pretrial motion 2 (multiplicity) be denied without prejudice; and that pretrial motions 3 (*Brady* and *Gigilo* provided 90 days before trial) and 4 (translations provided before trial) are moot. With the agreements that have been reached with the government, pretrial motions 3 and 4 are moot. The defense still has not seen a report or the guns to determine its position on pretrial motion 2. With the understanding that argument is preserved, this objection focuses on the arguments made concerning the first pretrial motion.

The recommendation correctly notes that two facets of the defense's first pretrial motion were meant to preserve certain arguments for appeal. Those arguments are preserved. The quarrel that the defense has with the recommendation lies with how the Magistrate Judge framed and ultimately

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC

decided the defense's argument concerning *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2579 (2012) and *Dep't of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 767 (1994). The report found that *United States v. Lim,* 444 F.3d 910 (7th Cir. 2006) was controlling and that the defense did not distinguish *Lim*. (*See* Recommendation at 7).

The defense did, however, distinguish *Lim* and identified the problem with what the government was arguing: that the regulation in § 5861 was valid under the necessary and proper clause. Indeed, four pages of the reply brief were spent on that issue. (*See* R.40:6–8). While it may not have been persuasive, in those pages the defense presented a cogent argument for the problems with § 5861 and why *Lim* does not control the analysis set out in *Sebelius* or *Kurth Ranch*. Indeed, *Lim* was decided before *Sebelius* and it does not discuss or even cite *Kurth Ranch.* Little more can be added to the briefing than what appeared in the first omnibus memorandum and the reply.

Looking at this statute under the rubric of *Sebelius* and *Kurth Ranch*, the regulation does not operate as a tax but a regulation. To the extent that this Court finds those arguments persuasive, the Magistrate Judge should be overruled; to the extent it is unpersuaded on Congress's power, the issue will ultimately be decided by the Seventh Circuit and possibly the Supreme Court. Any further argument would simply be a matter of cutting-and-pasting from the reply brief and its treatment of *Lim*. Thus, the defense relies upon the already cited and

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC

developed arguments in its omnibus and reply brief to show why the Magistrate Judge erred in recommending that this Court find that it's bound by *Lim.*

Dated at Madison, Wisconsin this May 23, 2017.

Respectfully submitted,

*/s/ Joseph A. Bugni*
Joseph A. Bugni
Counsel for (Samy Hamzeh)

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
joseph_bugni@fd.org