UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: June 6, 2017
JUDGE: Pamela Pepper
CASE NO: 2016-cr-21
CASE NAME: United States of America v. Samy Hamzeh
NATURE OF HEARING: Status Conference
APPEARANCES: Craig Albee – Attorney for the defendant
Paul Kanter – Attorney for the government
Gregory Haanstad – Attorney for the government
COURTROOM DEPUTY: Kristine Wrobel
TIME: 11:07 a.m. – 11:43 a.m.
HEARING: Final Pretrial Conference set for January 24, 2018 at 12:30 p.m.
Trial set for February 12, 2018 at 9:00 a.m.

The court had scheduled today's hearing as a status conference. The court noted, however, that the defendant had objected to Judge Duffin's recommendation that the court deny several of his pretrial motions. The court told the parties that it would deliver its oral ruling on those motions today, before discussing scheduling.

The court began by referring to Judge Duffin's May 9, 2017 recommendation that the court deny the defendant's motion to dismiss the indictment (dkt. no. 26), deny the defendant's motion to dismiss Count Two as multiplicitous (dkt. no. 27), and deny without prejudice the defendant's motion to dismiss Count Three as multiplicitous (dkt. no. 27). By separate order, Judge Duffin had denied the defendant's Brady and Giglio motions as moot Dkt. No. 41.

In his objection filed on May 23, 2017, the defendant preserved his right to object to the recommendation on his motion to dismiss Counts Two and Three, and objected to the recommendation that the court deny his motion to dismiss the indictment. The court spent its time on that objection.

The court observed that the Seventh Circuit Court of Appeals had rejected the defendant's first two arguments regarding the constitutionality of 26 U.S.C. §5861(d). United States v. Carmel, 548 F.3d 571, 579 (7th Cir. 2008) and United States v. Rogers, 270 F.3d 1076, 1079 (7th Cir. 2001). In his objection, the defendant focused his argument on his contention that §5861(d) is an unconstitutional exercise of Congress's taxing power because it does not operate as a tax. Magistrate Judge Duffin rejected that argument, relying on the Seventh Circuit's decision in United States v. Lim, 444 F.3d 910, 913 (7th Cir. 2006). In Lim, the Seventh Circuit held that §5861(d) was a constitutional exercise of Congress's taxing power. Judge Duffin found that the defendant had

not distinguished <u>Lim</u>, and thus that the defendant's argument must fail under <u>Lim</u>.

In his objection, the defendant disagreed that he had not adequately distinguished <u>Lim</u>. He argued that four pages of his reply brief addressed why <u>Lim</u> should not control (and arguing that the Supreme Court's decisions in <u>Nat'l Fed'n of Indep. Bus. v. Sebelius</u>, 132 S. Ct. 2566, 2579 (2012) and <u>Dep't of Revenue of Montana v. Kurth Ranch</u>, 511 U.S. 767 (1994) showed that the analysis in <u>Lim</u> was flawed). The court agreed with Judge Duffin that the defendant had not adequately distinguished <u>Lim</u>. The court explained that it had read the defendant's entire opening brief submitted to Judge Duffin, and that nowhere in that brief had he ever mentioned <u>Lim</u>. Further, while the defendant mentioned <u>Lim</u> in the reply brief, he did not distinguish it from the facts of this case. The court found that the defendant's argument boiled down to an argument that the Seventh Circuit should have decided <u>Lim</u> differently, in light of <u>Kurth Ranch</u> and <u>Sebelius</u>. The court explained that the Seventh Circuit had the power to vacate its ruling in <u>Lim</u>, but that this court did not. Further, the Seventh Circuit had the benefit of the reasoning in <u>Kurth Ranch</u> when it decided <u>Lim</u>, because the Supreme Court decided <u>Kurth Ranch</u> twelve years before <u>Lim</u>. While the Supreme Court's decision in <u>Sebelius</u> came after <u>Lim</u>, <u>Sebelius</u> did not vacate or modify the Court's prior holding in <u>Sonzinsky v. United States</u>, 300 U.S. 506, 511 (1937)(finding the $200 annual license tax on dealers in firearms to be a constitutional exercise of the legislative power of Congress)—another decision issued *before* the Seventh Circuit decided <u>Lim</u>. The court adopted Judge Duffin's recommendations in their entirety, and denied the motion to dismiss.

The parties then discussed final pretrial and trial dates, as well as other trial logistics.

The court **ADOPTS** Magistrate Judge Duffin's report and recommendation. Dkt. No. 42. The court **DENIES** the defendant's motion to dismiss the indictment. Dkt. No. 26. The court **DENIES** the defendant's motion to dismiss Count Two as multiplicitous, dkt. no. 27, and **DENIES WITHOUT PREJUDICE** the defendant's motion to dismiss Count Three as multiplicitious, dkt. no. 27.

The court **ORDERS** the following:

The government shall turn over to the defendant all <u>Giglio</u> and <u>Brady</u> materials no later than the end of the day on November 13, 2017.

The parties shall notify opposing counsel of the transcripts they propose to use at trial no later than the end of the day on November 13, 2017.

By the end of the day on December 1, 2017, the parties shall notify the court of the date they propose for disclosure of witness lists, exhibit lists, proposed *voir dire*, proposed jury instructions, and proposed forms of verdict.

Parties shall file motions *in limine* by the end of the day on January 16, 2018.

The parties shall appear for a final pretrial conference on January 24, 2018 at 12:30 p.m. in Room 225.

The parties shall appear for trial, estimated to last approximately two weeks, on February 12, 2018 at 9:00 a.m. in Room 225.

Dated in Milwaukee, Wisconsin this 6th day of June, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

3