# United States District Court
EASTERN DISTRICT OF WISCONSIN

## COURT MINUTES

| | |
|---|---|
| HON. **David E. Jones,** presiding. | Deputy Clerk: Tony Byal |
| DATE: **July 12, 2017 at 10:00 AM** | Court Reporter: FTR Gold |
| CASE NO. **16-CR-21** | Time Called: 10:02:08 |
| UNITED STATES v. **SAMY MOHAMMED HAMZEH** | Time Concluded: 11:14:56 |

PROCEEDING: **Bond Hearing**

UNITED STATES by: **Gregory Haanstad, Paul Kanter**

Probation Officer: **Maria Mahmoudi**

DEFENDANT: **Samy Mohammed Hamzeh,** in person, and by

ATTORNEY: **Craig Albee, Gabriela Leija, Joe Bugni**

---

Court:
- US has burden to show clear and convincing evidence to show there are conditions that would reasonably assure the safety of public.
- Received PTS report that recommends release on conditions.

Defense:
- Raises issue of showing video of post arrest statement in open court due to the defendant mentioning informants' names. There is a protective order in place regarding the names of the informants.

Court:
- Will view the video after hearing and before issuing a decision.
- Parties are to submit specific times from the video that they want the Court to focus on.

Defense:
- This is a gun case regarding failure to pay taxes on gun.
- This is not a presumption case.
- Defendant is not a felon and is in country legally.
- Could be released to the community and does not pose flight risk.
- Has ties to Milwaukee, has family support, has job waiting for him. Has strong employment history.
- Recommends GPS monitoring and surrender of passport.
- No risk of defendant owning machine gun. Did not have the money or opportunity to get machine guns.
- Defendant has never owned a weapon. Search after arrest did not yield a weapon. Phone and computer did not turn up evidence as being a danger to the community.
- Informants reported no discussion of attacks during a three and a half month period.
- The defendant was brainwashed by informants regarding Masons being associated with ISIS and the devil. The informants were with the defendant the whole time during investigation. Was set up by informant working the same job as defendant.
- Defendant was not involved in extremist groups.
- Went to spiritual leaders looking for moral guidance.

- Defendant fought against what informants were telling him to do. Eventually chose the right decision to not carry out attack.
- No evidence of defendant ever getting plane tickets even after telling friends he was ready to fly to the Middle East and fight Israeli soldiers.

Court:
- Addresses statements made by defendant. Some statements would support the release of defendant but other statements would not support release.
- Looking how to put credit to statements that would support release and how to respond to statements not supporting release.

Defense:
- Statements made by defendant were not followed up with actions. Post arrest statements show how defendant believes these planned actions would be wrong.
- Defendant stated in post arrest statement that he went to the religious center and saw that it was just normal people there and that he wanted to do the right thing.
- Defendant has been in jail, shamed, and humiliated.
- Did not fulfill statements about going to Israel and killing soldiers.
- It is a common thing to hear people say bad things about other people of ethnicity involved in fighting a war with America.
- Has a release plan for defendant.

Court:
- If released, a custodian would have to be identified. PTS will confirm if custodian is appropriate.
- This matter will go to trial in February.

Government:
- Asks to enter recorded interview into evidence
- Would seek reconsideration if Court orders defendant released.
- Defendant is classified as a lone wolf. There were conversations about going to the Middle East and joining Hamas.
- Addresses length of detention. Case has been designated as complex. Request for February trial date was a joint request from parties.
- Defendant was in possession of two machine guns and a silencer. The silencer is defined as a separate firearm. This case weighs in the favor of detention.
- Defendant's intent is clear from the recorded conversations with informants. Defendant planned an attack on a Masonic temple. The plan included him and the informants going to the temple and to shoot everyone there. This was a deliberate and calculated plan. Defendant assigned roles for each involved person. Planned to shoot the receptionist in the stomach and slouch her over in the chair to make her look like she is sleeping. Then would go to the third floor to a meeting room and spray it with bullets until everyone was dead.
- Defendant detailed how they would flee, use silencers, and evade detection from Milwaukee Police Department.
- Defendant referred to the attack as a hit. The attack would be known all over the world and would inspire additional attacks across America.
- Entrapment argument would be question for a jury to answer.
- Defendant indicated he stepped back from plan because he was afraid information about the attack was leaked and that he would be caught. Defendant got advice from Imams telling him to not go through with attack.

Court:
- Asks why statements of not carrying out attack should outweigh previous statements of planning the attack.

Government:
- Defendant made clear that he fully intended to carry out the attack, but the Imams told him not to do it.
- Defendant also made clear that he did not care about laws, government, police, and jails. He only cared about what the Imams told him.
- Obtained machine guns and silencer days after contacting the Imams.
- Nature of automatic machine guns are offensive, not defensive. Machine guns are excluded from protection under the Second Amendment because they are offensive weapons.
- Defendant does not appear to believe he needed to defend himself from attack.

Court:
- Addresses report by Dr. Robbins who evaluated the defendant.

Government:
- Identified problems Dr. Robbins' report. Report was prepared following interview with defendant 15 months after arrest.
- Report talks about things that defendant self-reported. Dr. Robbins concludes that the defendant has strong sense of empathy and is sympathetic to people. This does not reflect the statements the defendant made in January. Defendant talked about shooting the receptionist in the stomach and killing 30 more people in the temple.
- The defendant was not being manipulated and was leading the effort, which is inconsistent with Dr. Robbins' report saying he was a follower. The defendant not only talked about killing people, but recruited people to do this. Followed up with purchasing weapons that he said he was going to use in the attack.
- Dangers he posed in January are still relevant to danger he presents today.

Defense:
- Defendant could not afford to purchase weapons and could only come up with $270.00.
- Defendant wanted a handgun and informant repeatedly pushed him to buy a machine gun.
- Defendant stated in post arrest statement that a machine gun was cheaper than a handgun.
- Was not a "lone wolf." Did not stock pile weapons. Was not in contact with any extremist groups.
- Was not devising and planning, was being manipulated and pushed by informants.
- Post arrest statement said he was looking for answers from multiple Imams. Every Imam was going to say this action was wrong and the defendant knew that.
- Defendant stopped the attack. This is the only time he could be showed as a leader. Better instincts prevailed and he did the right thing. Was entrapped by informants to get machine guns.
- Was taken up north to do target practice and shoot guns for fun.
- There is a debate about machine guns being offensive or defensive.
- Mr. Robbins spoke to defendant for about five hours and reviewed most of the discovery.
- Defendant displays empathy before arrest by canceling the attack plans.
- Mr. Robbins' report should not be dismissed. Dr. Robbins has knowledge of cultures we are not familiar with. Defendant spent almost entire life in Palestine.

Government:
- Defendant was requesting both handguns and machine guns. Wanted a handgun for protection while working.
- Defendant consistently talked about going to the Middle East with handgun to kill Israeli soldiers.
- Defendant did not know informants at the time of discussing the attack plan.
- Planned on traveling with brother-in-law and sister. The defendant did not show up for the flight.
- There was an incident in Milwaukee where an unknown pedestrian kicked the defendant's car. The defendant got out and kicked him in the head. He then jumped on him and started punching and kicking him.

Defense:
- Statements about using handgun and killing soldiers is bravado.
- The defendant was annoyed with how many times the informants were asking him about getting machine guns. The defendant only wanted a pistol.
- The defendant did not buy a plane ticket.

Court:
- Will issue written decision in writing regarding detention or release after viewing video.
- Parties are to submit specific times from the video that they want the Court to focus on.
- If orders defendant released, would stay entry of order to give the government opportunity to seek reconsideration from a district judge.
- Detention will be continued pending Court's decision.