UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.    Case No. 16-CR-21

SAMY M. HAMZEH,

    *Defendant*.

# MOTION FOR EXPEDITED BRIEFING ON
# THE DEFENSE'S MOTION FOR BAIL REVIEW

Samy Hamzeh, by counsel, moves for the Court to set an expedited briefing schedule for the government to respond to the defense's motion for bail review. *See* R.68. The defense will file its reply, if any, within one business day of the government's filing. In addition, the defense renews its request for a hearing on this motion.

This Court is very familiar with the typical briefing schedule for motions and the Bail Reform Act's demand that motions for review "be determined promptly." 18 U.S.C. § 3145(b). In normal cases appealing a Magistrate Judge's bail determination, a short brief is written (even a letter brief), a hearing is held, and the issue of release is decided. In this case, the defense has filed some lengthy submissions to avoid a much lengthier bond hearing—in a case like this, a bond hearing could last a day and be a mini-trial. But with the defense's previous submissions and the government's previous responses, before taking the bench the Court will have read everything and taken the time to digest it, so the hearing can get to the nub of the matter and allow the parties to raise some additional

points that may inform the Court's thinking on a particular factor. The time-saving venture is not, however, meant to do away with the need for a hearing—just focus it. And that has been provided in the previous submissions by both parties, so the parties don't need additional briefs and attendant time to frame their legal arguments. What matters here are the facts—and those haven't changed since the original briefs were filed.[1]

The natural response is that the defense took a while to draft its appeal of the Magistrate Judge's decision, so additional time should be accorded to the government. In truth, some of the time between the Magistrate Judge's decision and the appeal was not marked with drafting the appeal, but waiting on whether the parties could resolve this case short of trial. Sadly, we can't, and the appeal brief was filed the day that was confirmed.

Beyond the practical reasons for why the briefing should be expedited, there's another reality here. Hamzeh has been detained since his arrest in January 2016, and it wasn't until the defense got the translations of some of the disks that the breadth of his defense became apparent and the reasons for his release became patent: he is not a danger, and we have a very viable entrapment defense at trial. Those transcripts became available this spring. Attempts to resolve the case were taken and when those failed, the defense filed its brief in support of release. That was on June 22. A hearing was held on July 11, where both sides agreed that whatever the Magistrate Judge decided, the decision

---

[1] Hamzeh does, however, expect to have additional facts to present in his favor by the time of a hearing. By then he should have received *Brady/Giglio* material about the informants, as well as other information supportive of his entrapment defense. That material has not yet been produced.

2

*Federal Defender Services of Wisconsin, Inc.*
Case 2:16-cr-00021-PP   Filed 11/28/17   Page 2 of 3   Document 69

would be appealed, and the Magistrate Judge anticipated having a ruling within a week. After that hearing, Hamzeh waited in custody until October 26 when the Magistrate Judge finally issued his decision denying release.

Hamzeh has waited a long time to have this Court determine whether he should be released pending trial. The least the parties can do is expedite the paper work to let this Court make a decision as quickly as possible. Thus, the defense requests that the Court set an expedited briefing schedule and a hearing on this matter as soon as the Court can calendar it.

Dated at Milwaukee, Wisconsin this 28th day of November, 2017.

Respectfully submitted,

/s/      *Craig W. Albee*
Craig W. Albee, WI Bar # 1015752
Joseph A. Bugni, WI Bar #1062514
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI   53202
Tel.: (414) 221-9900
E-mail: craig_albee@fd.org
           joseph_bugni@fd.org

*Counsel for Defendant,* Samy M. Hamzeh