UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | December 4, 2017 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2016-cr-21 |
| CASE NAME: | United States of America v. Samy Hamzeh |
| NATURE OF HEARING: | Bail Review |
| APPEARANCES: | Paul Kanter- Attorney for the government |
| | Craig Albee – Attorney for the defendant |
| | Joseph Bugni – Attorney for the defendant |
| | Samy Hamzeh – Defendant |
| | Lisa Cyrak – US Probation |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 2:01 p.m. – 4:10 p.m. |

The court noted that the defendant had filed a motion seeking release on bond; after a hearing and briefing, Judge Jones had denied the defendant's request. The defendant then had filed the current motion, asking this court to conduct a *de novo* review and allow him to be released pending the February 2018 trial. The court let the parties know that it had read all of the pleadings they'd filed with Judge Jones, as well as the defendant's supplemental pleading filed for this hearing.

Defense counsel told the court that this case was a gun case, not a terrorism case; there was no presumption of detention for the defendant. The defendant had not been stockpiling guns, and there was no evidence that he was tied to any extremist group. Counsel argued that the defendant had resisted buying machine guns, and had done so only because of the pressure put on him by the informants, who were working for the government. Counsel told the court that the informants had manipulated the defendant, but that the defendant had abandoned the plan to attack the Masonic Temple before going through with it. Counsel asked the court to release the defendant pending his trial, with the conditions that his parents and sister act as third party custodians, that he be placed on GPS monitoring, and that he be required to turn over his passport. Counsel reminded the court that the defendant had no criminal history, and argued that there was no evidence that he posed a danger to the community.

The prosecutor argued that the magistrate judge had made the right decision. He reviewed the facts of the case in detail, and read direct quotes from the defendant's post-arrest interview. In that interview, the defendant admitted he purchased the weapons, that he knew the purchase was illegal, that he had planned an attack on the Masons, that he had watched YouTube videos about the Masons, and that he was not concerned about the police or

1

the government when he made those plans. Counsel asked the court to deny the defendant's request for release on conditions.

The court explained that it had to look at the nature and circumstances of the offense, the weight of the evidence, the defendant's history and characteristics, the seriousness of the offense, and the question of whether the defendant posed a risk of flight or a danger to the community. The court opined that this case was unusual, in that while the defendant had no prior criminal history, had a supportive family, and had a regular job, he had articulated very specific plans for an attack on a group of people, with details that were chilling. The court gave its opinion that the defendant did not seem cowed by the informants; rather, he had made it clear in his statements that he was in charge. The defendant had taken the steps to carry out the plan: he had visited the Mason Center and obtained details about the layout and schedule, he had discussed with the informants how the attack would take place, and he had made arrangements to buy the weapons. Even after two different imams told him that the attack would violate Islamic law, he still went through with the purchase of the weapons.

For all the reasons stated on the record, the court finds that the defendant's characteristics—particularly his lack of judgment, inability to rely on his own moral and ethical compass and detailed planning of a violent mass murder—indicate that there is no condition or combination of conditions that would ensure that the defendant would not pose a risk of flight, or a danger to the community.

The court **GRANTS** the defendant's motion (Dkt. No. 68) to review detention order, **DENIES** the defendant's motion for release on bond (Dkt. No. 68), and **ORDERS** that the defendant remain in custody until his February trial.

Dated in Milwaukee, Wisconsin this 4th day of December, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**