UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.              Case No. 16-CR-21

SAMY MOHAMMED HAMZEH,

      Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT TWO

  The defendant has filed a motion to dismiss Count Two of the indictment. He argues that the count is based on his temporary handling of a machinegun and that such temporary possession is not sufficient to establish possession under § § 5861(d). For the reasons that follow, the government asks the Court to deny the defendant's motion.

**A. The Seventh Circuit and other courts uniformly have defined "possession" to mean the same thing under § § 5861(d) as it does under § § 922(g).**

  The federal criminal code defines a number of possessory firearms offenses, including possession of a firearm by a felon or other prohibited person, *see* 18 U.S.C. § § 922(g), possession of a machinegun, *see* 18 U.S.C. § 922(*o*), and possession of an unregistered machinegun, *see* 26 U.S.C. § 5861(d).[1] Each of these offenses has as an element "possession" of a firearm. The defendant acknowledges that the term "possession" is well-defined for purposes

---

[1] Section § 5861(d) prohibits the possession of unregistered "firearms," and the term "firearms" is defined to include machineguns and a number of other items, including silencers, sawed-off shotguns, bombs, grenades, rockets, and missiles. *See* 26 U.S.C. § 5845.

1

of § 922(g), but contends that under § 5861(d) the term cannot be given the "generic" "constructive or actual possession" and "dominion and control" formulation that applies under § 922(g). Def. Motion at 4, 5.

The Seventh Circuit has long recognized, however, "the term 'possession,' for purposes of 26 U.S.C. § 5861(d), is well-defined" and that, more specifically, under both that statute and § 922(g),

> [p]ossession may be either *actual or constructive* and it need not be exclusive but may be joint. . . . Actual possession exists when a tangible object is in the immediate possession or control of the party. Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise *dominion and control* over an object, either directly or through others. . . . Accordingly, proof that a person actually or constructively possessed an unregistered firearm . . . is sufficient proof that the person "knowingly possessed" the unregistered firearm in question.

*United States v. Taylor*, 728 F.2d 864, 868 (7th Cir. 1984) (emphasis added). *See also United States v. Gates*, 491 F.2d 720 (7th Cir. 1974) (explaining that, under § 5861(d), the government must prove knowing possession and can do so establishing that defendant "exercised dominion and control over the firearm."); *United States v. Maxwell*, 224 Fed.Appx. 533 (7th Cir. 2007) (treating possession the same under § 5861(d) as under § 922(g)); *United States v.* Bogden, 865 F.2d 124, 126 (7th Cir. 1988) (same).

Similarly, the Seventh Circuit Pattern Jury Instructions define possession only in its General Instructions section, which is addressed to common legal theories of liability across a broad range of criminal statutes. That is, there is no specific "possession" instruction for § 5861(d) or for § 922(g) – the general definition applies to both statutes:

> A person possesses an object if he has the ability and intention to exercise direction or control over the object, either directly or through others. A person may possess an object even if he is not in physical contact with it and even if he does not own it.

2

> More than one person may possess an object. If two or more persons share possession, that is called "joint" possession. If only one person possesses the object, that is called "sole" possession. The term "possess" in these instructions includes both joint and sole possession.

*Seventh Circuit Pattern Jury Instructions* 4.13 (2012).

   **B. Direct physical control over a firearm, even if momentary, is enough to establish knowing possession of the firearm under § 5861(d).**

The defendant acknowledges that "momentary possession" is enough to satisfy the possession element of § 922(g), but contends that something more is required in order to establish a violation of § 5861(d).

Again, there is no basis for distinguishing between § 922(g) and § 5861(d) when it comes to defining possession. The Seventh Circuit has not addressed the issue of momentary possession in the context of a § 5861(d) prosecution, but it has held that knowing momentary possession is sufficient under § 922(g). *See United States v.* Lane, 267 F.3d 715, 718 (7th Cir. 2001). And those courts that have addressed the issue under § 5861(d) all have held that that statute, too, prohibits knowing possession even if such possession is temporary, momentary, or fleeting. "Section § 5861(d) makes it unlawful 'to receive or possess' an unregistered firearm. The statute is written in absolute terms. That possession is momentary is immaterial." *United States v. Parker*, 566 F.2d 1304, 1306 (5th Cir. 1978). *See also, e.g., United States v. Malachowski*, 2011 WL 1034264, at *2-*3 (2d Cir. Mar. 23, 2011) (holding a machine gun in hand while negotiating a purchase price is sufficient to find actual possession, "however briefly it occurred."); *United States v. Diecidue*, 603 F.2d 535, 564 (5th Cir. 1979) (finding "possession need only be momentary."); *United States v. Serafin*, 562 F.3d 1105, 1115 (10th Cir. 2009) (Section § 5861(d) "proscribes even fleeting possession").

3

The defendant appears to equate § 5861(d) possession with something akin to ownership or another proprietary interest.[2] Possession is not equivalent to ownership under § 5861(d). *See United States v. Bogden*, 865 F.2d 124, 126 (7th Cir. 1988). Nor does possession entail any type of proprietary interest. *See United States v.* Zrust, 835 F.2d 192, 193 (8th Cir. 1987). Rather, actual possession is established if a person "has direct physical control over a thing at a given time," *Id.* (citing *United States v. Stockheimer*, 807 F.2d 610, 615 (7th Cir. 1986)).[3]

As a textual matter, and according to every court to have addressed the issue, direct physical control over a firearm, even if momentary, is enough to establish the knowing possession element of § § 5861(d).

C. **The unqualified prohibition on knowing possession in § 5861(d) is, as a textual matter, plain and unambiguous, and that plain meaning is also consistent with the purpose of the statute.**

The defendant argues that there are "variants of 'possession' that the law recognizes," and that the term "possession" must be "defined by reference to . . . the purpose of the law that's being enforced." Def. Motion at 5. But there is "a strong presumption that the legislative purpose is expressed by the ordinary meaning of the words used." *See Ardestani v. Immigration and Naturalization* Service, 502 U.S. 129, 141 (1991). Section § 5861(d) clearly and unambiguously prohibits knowing possession without requiring an additional showing of

---

[2] *See, e.g.,* Def. Motion at 1 (referring to "CI Steve's machine gun"); Def. Motion at 2 (Hamzeh temporarily handled "someone else's firearm"), Def. Motion at 3 (temporary possession of "another's firearm" is not sufficient under § 5861(d)), (machine gun in Count Two was purchased by CI Steve), Def. Motion at 7 (a person cannot "possess" a firearm for purposes of § § 5861(d) unless the firearm has been transferred – which the defendant identifies as "sold, given away, leased, etc." – to the person.); Def. Motion at 8 (Hamzeh carried CI Steve's gun to the car); Def. Motion at 11 (possession under § 5861(d) requires a "recognized right to control Steve's gun").

[3] The defendant suggests that *United States v. Kitchen*, 57 F.3d 516 (7th Cir. 1995) establishes that "fleeting contact" with an item does not constitute possession. The Court there found that possession of a controlled substance had not been established because there was no evidence that the defendant was preparing to leave with the drugs that he had had contact with. This case, however, involved immediately dangerous firearms, and the defendant had put them in the trunk of the car in which he had arrived and would have left with the guns had he not been arrested by law enforcement agents. That is, whether required or not, the instant case involves more than mere "fleeting possession."

4

ownership or any type of proprietary interest or anything more than temporary or momentary possession.

In any event, the legislative purpose of § 5861(d) provides no basis for reading into the otherwise unambiguous statute additional qualifications or modifications of the term "possession." The defendant characterizes § 5861(d) as "a tax offense that is concerned with regulation rather than prohibiting" contact with firearms, and argues that "possession" must be interpreted with that regulatory purpose in mind. Def. Motion at 6. It is true that § 5861(d) was enacted pursuant to Congress' power to lay and collect taxes and that the statute aids in enforcing the transfer tax provisions of the National Firearms Act. S*ee Sonzinsky v. United* States, 300 U.S. 506, 513 (1937). But § 5861(d) has another purpose, as well. Section § 5861(d) "is a regulatory measure in the interest of the public safety[.]" *United States v. Freed*, 401 U.S. 601, 609 (1971). "[T]he primary reason that unregistered possession of [machine guns, sawed-off shotguns, hand grenades, and other firearms identified in the NFA] is a crime is the virtual inevitability that such possession will result in violence." *United States v. Brazeau*, 237 F.3d 842, 845 (7th Cir. 2001) (quoting *United States v. Jennings*, 195 F.3d 795, 799 (5th Cir. 1999). In fact, when Congress expanded the scope of the NFA, it made a "specific declaration and finding that destructive devices (such as bazookas, mortars, antitank guns, bombs, missiles, etc.,) machine guns, short-barreled shotguns, and short-barreled rifles are primarily weapons of war and have no appropriate sporting use or use for personal protection." *See* S. Rep. No. 90–1501, at 28 (1968). *See also United States v. Fortes*, 141 F.3d 1, 6 (1st Cir. 1998) ("Only those firearms must be registered that Congress has found to be inherently dangerous and generally lacking usefulness, except for violent and criminal purposes, such as sawed-off shotguns and hand-grenades.").

5

That § 5861(d) was enacted as an exercise of Congress' taxing power does not, in short, mean that the statute does not also have as its primary purpose limiting – even to the point of practically prohibiting – the possession of inherently dangerous "weapons of war." Understood in light of that purpose, possession under § 5861(d) understandably includes temporary or momentary possession. In fact, in that respect, § 5861(d) is not meaningfully distinguishable from § 922(g) – both statutes aim to prevent even momentary possession because of a recognition that such momentary possession is all that is necessary to seriously threaten public safety.

**D. The Eighth Circuit's decision in *United States v. Kiefer* has no bearing on the proper definition of "possess" for purposes of § 5861(d).**

The defendant notes that the Eighth Circuit has recognized that Congress "clearly intended to require that a *transferor* have more of a proprietary interest in the weapon than just the mere transitory physical possession of it." Def. Motion at 10 (quoting *United States v. Kiefer*, 694 F.2d 1109, 1114 (8th Cir. 1982) (emphasis added). The Court in *Kiefer* dealt with a different crime than the one charged here – that case involved the transfer, rather than the possession or receipt, of an unregistered firearm. The offenses are set forth in separate subsections of the NFA (26 U.S.C. § § 5861(e) and 26 U.S.C. § § 5861(d), respectively) and, most significantly, the term "transfer" is specifically defined in the NFA to include "selling, assigning, pledging, leasing, loaning, giving away, or otherwise disposing of." 26 U.S.C. § 5845(j). The decision in *Kiefer* turned on that definition of "transfer" and did not involve the separate crime of receiving or possessing a machinegun or other firearm. Five years after it decided *Kiefer*, the Eighth Circuit explicitly rejected the argument that the defendant here is making:

6

Zrust argues the mere physical possession of a sawed-off rifle is not sufficient to support a possession conviction under section § 5861(d). Zrust claims there must be evidence of some proprietary interest in the unregistered firearm similar to the interest required for a transfer conviction under 26 U.S.C. § § 5861(e). *See United States v. Kiefer*, 694 F.2d 1109, 1114 (8th Cir. 1982). Zrust contends the district court committed error when it refused to instruct the jury that "[m]ere transitory physical possession" of a firearm is not possession under section § 5861(d). We disagree. . . . The element of possession in firearms cases arising under section § 5861(d) is satisfied if the defendant has "knowledge of presence plus control. . . . It is possession, not ownership, that is controlling on the issue of guilt.

*United States v. Zrust*, 835 F.2d 192, 193 (8th Cir. 1987) (per curiam).

## Conclusion

Possession is defined the same for purposes of § 5861(d) as it is under § 922(g). As long as it is knowing, then even momentary possession is sufficient to establish the possession element of § 5861(d). Whether the facts of this case establish knowing possession is a question for the jury, and the government asks that the defendant's motion to dismiss be denied.

Dated the 16th day of January, 2018.

Respectfully submitted,

s/ Gregory J. Haanstad
GREGORY J. HAANSTAD
United States Attorney
Wisconsin Bar: 1036125
Office of the United States Attorney
Eastern District of Wisconsin
517 E. Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-4581
e-mail: greg.haanstad@usdoj.gov