UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

*vs.*　　　　　　　　　　　　　　　　　　　Case No. 16-CR-21 (WED)

SAMY M. HAMZEH,

    *Defendant*.

**HAMZEH'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT TWO**

    Samy Hamzeh, by counsel, previously filed a Motion to Dismiss Count Two. The government has filed its response brief, and this reply brief addresses the salient points raised in the government's response. Before addressing the government's arguments, however, it's worth pointing out what the government does not respond to. It says nothing about the examples cited by Hamzeh of open and well-publicized possession of machine guns by unregistered persons. This activity is presumably sanctioned by the ATF—given that all of the ranges who sponsor the activity are federally licensed firearm dealers, a highly regulated and monitored industry.

    The logic and facts underlying the defense's Motion to Dismiss Count Two are not addressed in the government's brief. Instead, it seeks to undermine the points in support of the higher level of possession that the defense advocates for with case law, case law that it represents makes clear that possession under § 5861(d) is the same as § 922(g). The cases it cites, however, do not support the government's argument. It's worth probing

those cases because they are not analogous to the facts of this case, nor dispositive to the question posed in the defense's motion.

The government's first cite is to *United States v. Taylor*, 728 F.2d 864, 868 (7th Cir. 1984), which it quotes at length and uses to support the proposition that "[t]he Seventh Circuit has long recognized, however, "the term 'possession,' for purposes of 26 U.S.C. § 5861(d), is well-defined" and that, more specifically, under both that statute and § 922(g), '[p]ossession may be either actual or constructive and it need not be exclusive but may be joint.'" R.92:2 (quoting *Taylor*, 728 F.2d at 868). But *Taylor* did not address the question of how the definition of possession in § 5861 operates.

Instead, it couched its holding with this caveat: "[w]e initially note that the appellant challenges only the sufficiency of the Government's evidence on the issue of knowing possession, *not the legal definition of possession under section 5861(d)*, including actual or constructive possession of a firearm, or the district court's instructions to the jury on what constitutes possession for purposes of 26 U.S.C. § 5861(d)." *Taylor*, 728 F.2d at 868 (emphasis added). Rather, than parsing how § 5861 operates and the standard it sets for possession in reference to a tax statute, the court looked at the case's facts (including the defendant owning the house where the gun was discovered) and found that "in view of the evidence presented in the instant case, and based upon the totality of the circumstances, we hold that "substantial evidence and reasonable inferences therefrom" support the jury's determination that Taylor "possessed" the unregistered machine gun and silencer in violation of 26 U.S.C. § 5861(d)." *Taylor*, 728 F.2d at 868.

*Federal Defender Services of Wisconsin, Inc.*

So *Taylor* is not a seminal case that closes the point for the government. Nor, for that matter, do the other cases cited by the government. The *Gates* case simply quoted the elements and with little discussion found that the government had failed to prove its case. *United States v. Gates*, 491 F.2d 720, 721 (7th Cir. 1974) ("Using this criterion we find, upon a review of the record, that the Government failed to prove by sufficient evidence that defendant was guilty beyond a reasonable doubt of violating 26 U.S.C. § 5861(d)."). And the *Maxwell* case that the government cited is also not helpful. *See* R.92:2 (citing *United States v. Maxwell*, 224 F. App'x 533, 534 (7th Cir. 2007) with the parenthetical "treating possession the same under § 5861(d) as under § 922(g)"). But in *Maxwell,* the court was dealing with an *Anders* brief saying there was no argument to raise and a different definition of possession was not among the issues cited by counsel. The brief raised issues related to the initial stop, the admissibility of the defendant's statement, and sufficiency of the evidence. Under such circumstances, the court of appeals "review is limited to the points discussed in counsel's facially adequate brief." *Maxwell,* 224 F. App'x at 534 (citing *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir.2002)). Thus, there is nothing in the cases the government cites that touches on or forecloses the defense's argument that possession under the tax statute is different from possession under § 922(g).

The government's second point is that "[d]irect physical control of a firearm, even if momentary, is enough to establish knowing possession of the firearm under § 5861(d)." R. 92:3. Thus, "there is no basis for distinguishing between § 922(g) and § 5861(d) when it comes to defining possession." *Id.* While acknowledging that the Seventh Circuit has

3

*Federal Defender Services of Wisconsin, Inc.*

not addressed the issue in the "context of a § 5861(d) prosecution" the government cites to other circuits that have. But those cases are not helpful to this issue.

The government uses *Parker* out of the Fifth Circuit as support, and it accurately quotes the case as stating: "'Section § 5861(d) makes it unlawful 'to receive or possess' an unregistered firearm. The statute is written in absolute terms. That possession is momentary is immaterial.'" R.92:3 (quoting *United States v. Parker*, 566 F.2d 1304, 1306 (5th Cir. 1978)). But the issue in *Parker* was not the form of "possession" that gave rise to criminal liability under § 5861(d). Instead, "[a]t trial defendant admitted possession of the unregistered weapon, but contended that under certain emergency circumstances confronting him, his possession was legally excusable." *Parker*, 566 F.2d at 1306. The court recapped the facts this way:

> defendant states he purposely obtained the gun and ran out of the house in an effort to protect himself from Hawkins. From a position of safety across the street, he watched Hawkins come out of the house, get in his car, and drive away. Yet, by defendant's own admission, when he reentered the house, he continued to hold the gun in his hands and "just (walk) around with it." Indeed, defendant admitted possessing the gun for up to 30 minutes and apparently would have possessed it indefinitely had the police not arrived.

*Id.* at 1305. So *Parker* is not a case about possession and how it has to be defined but whether the necessity doctrine can be applied under those circumstances. *Id.* ("Under these circumstances, the statute does not permit a defense theory that the receipt and possession of the gun could be legally justified.").

Likewise, the unpublished case from the Second Circuit, *Malachowski*, doesn't carry the day for the government. That case's facts were not set out in the opinion, but it

would have been interesting to read because the defendant apparently tried to buy 58 guns (that's not a typo) from the federal agents and some he had sought to purchase fell under § 5861(d). *United States v. Malachowski*, 415 F. App'x 307, 311 (2d Cir. 2011). It's unclear whether Malachowski's attorneys challenged the jury instructions or whether on appeal he challenged the type of possession that § 5861(d) demands in a manner that matches the defense's challenge in this case. The opinion doesn't say. Regardless, it's not a case that squarely deals with the issue, the court of appeals simply stated it was not plain error to instruct the jury that "[a] person who physically holds an object or knowingly has it on his person is in actual possession of the object."*Id.* ("even assuming we could find fault in the instruction, we would be unable to deem the error so 'clear or obvious, rather than subject to reasonable dispute' as to warrant reversal on plain error review.").

Finally, the somewhat recent case in the Tenth Circuit that the government cites, *Serafin*, is not helpful to this issue. *United States v. Serafin*, 562 F.3d 1105, 1106–07 (10th Cir. 2009). There, the question was whether "possession of an unregistered weapon, in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d) and 5871, constitutes a crime of violence under 18 U.S.C. § 924(c)(1)." *Id.* The court held that it didn't. *Id.* And the facts of that case would not bear on Hamzeh's case or affect the defense's argument about count 2. Because Serafin didn't just carry the machine gun a couple feet and end up with the charge, he had the gun and sold it to an undercover ATF agent. *Id.* ("After Serafin agreed to sell an 'Eagle Arms AR15' assault rifle, he met with an undercover ATF agent at Serafin's

5

*Federal Defender Services of Wisconsin, Inc.*

apartment."). So *Serafin* does not support the government's argument that § 5861(d) and § 922(g) use the term possession synonymously.

At the end of the day, the defense does not dispute that there are bits and pieces of quotes in other cases that would suggest Hamzeh could be guilty of count 2, but the defense has not found a case (and the government cites none) that has sustained a conviction under § 5861(d) for carrying another's gun a matter of feet. That could be based on charging decisions or juries not condoning such actions by federal agents—it's impossible to know. But for purposes of this motion and this trial, the defense contends that consistent with the cases cited in the opening brief and the purpose of this statute operating as a tax, that for criminal liability to attach there has to be possession of the sort that would constitute a taxable event. That is consistent with the statute's purpose and it is the only way to reconcile the large and open industry that allows for machine gun rental—rental that entails possession but does not necessitate registering a firearm—with what happened here. Indeed, to only bring charges against Hamzeh while countenancing such behavior at federally licensed firearm ranges would raise issues of selective prosecution.

*Federal Defender Services of Wisconsin, Inc.*

Dated at Milwaukee, Wisconsin this 22nd day of January, 2018.

Respectfully submitted,

/s/      *Craig W. Albee*
Craig W. Albee, WI Bar #1015752
Joseph A. Bugni, WI Bar #1062514
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave. - Rm 182
Milwaukee, WI  53202
Tel. (414) 221-9900
e-mail:  craig_albee@fd.org
         joseph_bugni@fd.org

*Counsel for Defendant*, Samy M. Hamzeh