UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

     *Plaintiff*,

     *vs*.                             Case No. 16-CR-21

SAMY M. HAMZEH,

     *Defendant*.

## NOTICE OF SUPPLEMENTAL INFORMATION

Samy Hamzeh, by counsel, files this additional information for the Court to consider at tomorrow's hearing. In accord with the protective order, it is being filed under seal. Having filed it before the hearing allows the government and the Court to understand the defense's position.

The government has filed its response brief addressing the defense's discovery requests. While the parties part ways with the government on many of these points (and they will be discussed tomorrow), the defense takes particular issue with the government's position that the defense is not entitled to unredacted discovery. Under Rule 16(a)(1)(E), the government has a duty to turn over evidence that is "material to preparing the defense." Here, the defense has proffered an entrapment defense, spelling out how over the course of months the two informants, Steve and Mike, induced Hamzeh to commit this act, and he was not predisposed to commit it. *See United States v. Mayfield*, 771 F.3d 417, 424 (7th Cir. 2014) (en banc).

*Federal Defender Services*
*of Wisconsin, Inc.*

Every detail contained in the reports is, in a very real way, relevant and material to this defense. A detail may not be germane to how the government conceives the case: Hamzeh possessed a machine gun. But that same detail is relevant to the actions and influence that led him to possess the machine gun. And the defense cannot know the breadth of the influence on Hamzeh without access to the unredacted copies. Indeed, the reports that we have emit a robust sense of Hamzeh's disinterest towards machine guns and interest towards lawful pistols. That is only a small piece of what the jury will consider in weighing Hamzeh's guilt. *See e.g.,* Seventh Circuit Pattern Jury Instructions 6.04–.06. To access the material information that will be presented at trial, the defense must have access to what lies beneath the blacked out discovery.

Lest the Court think that the defense is complaining about minor redactions, the attached exhibits give an example of what the defense is and has been dealing with when it comes to this case. They are: CHS 10, 19, 21, 42, and 43.

Dated at Milwaukee, Wisconsin this 30th day of January, 2018.

Respectfully submitted,

/s/     *Craig W. Albee*
Craig W. Albee, WI Bar #1015752
Joseph A. Bugni, WI  Bar #1062514
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave. - Rm 182
Milwaukee, WI  53202
Tel. (414) 221-9900
e-mail:  craig_albee@fd.org

*Counsel for Defendant*, Samy M. Hamzeh

2

*Federal Defender Services*
*of Wisconsin, Inc.*