UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISONSIN

---

UNITED STATES OF AMERICA,

    *Plaintiff*,

                                  Case No. 16-CR-21 (PP)

*vs*.

SAMY M. HAMZEH,

    *Defendant*.

---

## HAMZEH'S OBJECTIONS TO RECOMMENDATION
## ON MOTION TO DISMISS COUNT TWO

On January 6, 2018, Hamzeh filed a Motion to Dismiss Count Two alleging that the undisputed facts do not establish that Hamzeh violated 26 U.S.C. § 5861(d) by temporarily handling the machine gun purchased by CI Steve. D.E. 85. The discovery reflects that Hamzeh and the two informants met with undercover agents to purchase two machine guns. At the meet, Hamzeh paid $270 for a machine gun (with attached silencer) and CI Steve paid $300 for the other gun. The undercover agents put both guns in the same bag, gave it to Hamzeh, and he carried it to the informant's nearby car and put it in the trunk. He was immediately arrested and later charged for both guns even though the second gun was purchased by CI Steve, Hamzeh only handled it for a short distance in Steve's presence, and the gun belonged to Steve. For purposes of the motion to dismiss, Hamzeh conceded all the above facts from the government's discovery as true. The issue is whether these facts constitute a violation of the statute. As argued in Hamzeh's motion and his Reply in Support of that motion, which Hamzeh's incorporates

*Federal Defender Services*
*Of Wisconsin, Inc.*

by reference, the temporary handling of the gun did not give rise to tax and regulation requirements or criminal liability for the following reasons:

- "Possession," as used in § 5861, must be interpreted in a manner consistent with the purpose of the statute, which is a tax offense. In light of that purpose, something more than temporary handling is necessary to trigger tax liability.
- Hamzeh's carrying of CI Steve's gun in his presence did not constitute a transfer under the law that would support a finding of possession
- The widely accepted practice of gun ranges allowing customers to try out machine guns at the range demonstrates that the ATF does not consider the temporary handling of a machine gun to be a possession that requires registration under § 5861(d).

In response to Hamzeh's motion, the government argued that possession is defined the same under § 5861(d) as it is under 18 U.S.C. § 922(g). The government pointed to some cases that might support that interpretation. *See* D.E. 92 at 2-4. But closer scrutiny of those cases reveals that in most of them the issue raised by Hamzeh was not pushed or developed or the facts were clearly distinguishable. And the government admitted that the Seventh Circuit hasn't weighed in on whether momentary possession of a machine gun is sufficient to convict under § 5861(d), *Id.* at 3. Significantly, the government made no effort in its response to explain why it is that persons can go to a shooting range and rent a machine gun without registering the gun or exposing themselves to criminal liability. The government also did not raise any objection to the facts set forth in Hamzeh's motion, question them, or express a desire to supplement them.

The magistrate judge then recommended that this Court deny Hamzeh's Motion to Dismiss Count Two. D.E. 103. The Recommendation briefly summarizes the positions of the parties and points to two appellate decisions that have indicated that momentary possession is sufficient to convict under § 5861(d). *Id*. at 2-4. But the magistrate judge ultimately did not decide the issue raised by the motion. Instead the magistrate judge recommended denying the motion on the ground that the issue is a trial issue and not properly raised through a motion to dismiss. In support, the magistrate judge asserted that he didn't know what the trial testimony would be and the defense did not present a stipulation of fact. *Id*. at 4. This, according to the magistrate judge, prevented him from issuing a decision on the merits.

The problem with the magistrate judge's determination is that there was no dispute on the facts so he had a foundation on which to rule on the legal merits of the claim. Notably, the magistrate judge does not point to any particular facts in dispute, or any facts that aren't in the record, that are needed to make a determination on the merits. The government has not indicated in any way that the facts Hamzeh concedes for purposes of this motion are inadequate. The government doesn't suggest that the facts proffered by Hamzeh need to be supplemented. And the government hasn't objected to the Court deciding the motion on the merits. Given that there is no factual dispute, a purely legal issue is presented and it is one that this Court may decide.

Under Fed. R. Crim. P. 12(b)(2), "courts may entertain motions that require it to answer only pure questions of law." *E.g., United States v. Pope,* 613 F.3d 1255, 1260 (10th

3

*Federal Defender Services*
*Of Wisconsin, Inc.*

Cir. 2010). Thus, in a case like this, where there are no material facts in dispute, the rules of criminal procedure allow a court to dismiss an indictment. Fed. R. Crim. P. 12; *United States v. Covington,* 395 U.S. 57, 60 (1969) (holding that courts can dismiss indictments when the "trial of the facts surrounding the commission of [an] offense would be of no assistance in determining the validity of [a] defense"). This procedure has been approved by a number of courts, including the Seventh Circuit, under circumstances like these. In *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988), the court affirmed the district court's dismissal of the indictment, agreeing that the "government's characterization of the undisputed facts did not constitute a violation of the statute." The court stressed that the case was properly dismissed "not because the government could not prove its case, but because there was no case to prove." *See also United States v. Ponto*, 454 F.2d 657, 659 (7th Cir. 1971) (en banc) (upholding the granting of a pretrial motion to dismiss); *United States v. Hall*, 20 F.3d 1084, 1087-88 (10th Cir. 1994); *United States v. Yakou*, 428 F.3d 241 (D.C. Cir. 2005); *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *United States v. Levin*, 973 F.2d 463, 470 (6th Cir. 1992); *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991) ("it is permissible and may be desirable where the facts are essentially undisputed," for the district court to rule on the motion to dismiss).

As the court explained in *United States v. Weaver*, 659 F.3d 353, 355 (4th Cir. 2011):

> Although there is no provision for summary judgment in the Federal Rules of Criminal Procedure, the district court's pretrial dismissal of the s. 922(h) charge was procedurally appropriate under Rule 12(b)(2). . . . As circuit courts have almost uniformly concluded, a district court may consider a pretrial motion to
4

*Federal Defender Services Of Wisconsin, Inc.*

dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts. . . There is no good reason to force the court to incur the expense and delay of a trial that would inevitably lead to the same outcome as its pretrial ruling.

Thus, contrary to the magistrate judge's recommendation, this case is appropriate for pretrial resolution of Hamzeh's motion to dismiss. Accordingly, this Court should conduct the analysis of the issue that the magistrate judge bypassed, and dismiss Count Two because the undisputed facts fail to establish the charged crime.

Dated at Milwaukee, Wisconsin this 22nd day of February, 2018.

Respectfully submitted,

/s/    Craig W. Albee
Craig W. Albee, WI Bar #1015752
Joseph A. Bugni, WI Bar #1062514
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave. - Rm 182
Milwaukee, WI  53202
Tel. (414) 221-9900
e-mail:  craig_albee@fd.org

*Counsel for Defendant*, Samy M. Hamzeh