UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

*vs*.                              Case No. 16-CR-21-PP

SAMY M. HAMZEH,

    *Defendant*.

**REPLY IN SUPPORT OF HAMZEH'S OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION TO DENY MOTION TO DISMISS COUNT TWO**

Hamzeh's objection in support of his Motion to Dismiss Count Two asked the Court to dismiss Count Two because no disputed facts had been identified that would prevent the Court from granting the motion, and Hamzeh's alleged momentary possession of the machine gun did not violate the law. In support of the legal argument, Hamzeh reiterated his position that: (1) possession under 26 U.S.C. § 5861(d) must require more than the temporarily handling of a gun given that it is a tax offense; (2) there was no transfer of the gun to Hamzeh, and; (3) the widely accepted practice of gun ranges loaning guns to customers demonstrates that the temporary handling of a machine gun does not give rise to criminal liability.

The government's response says that this Court should not rule on the motion because there are factual disputes, so this case is not like others like *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988), or *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010), in which courts have granted a pretrial motion to dismiss. But the

*Federal Defender Services*
*Of Wisconsin, Inc.*

government never identifies any factual disputes or disagrees with Hamzeh's summary of the facts culled from the government's own discovery. Most significantly, it doesn't dispute that Steve bought the machine gun that is the subject of Count Two, that Hamzeh carried it just a short way in a duffle bag to the car, and that the temporary handling of the bag was in Steve's presence and at his (and the government's) behest. Given the absence of any actual dispute, the Court should rule on the merits of Hamzeh's claim.

Regarding the merits, the government still hasn't provided any explanation as to why a gun range can loan machine guns to its customers without the customer registering the gun. And none of the cases cited by the government address Hamzeh's gun range argument or his argument that possession must be defined in a manner consistent with the purpose of the statute—which is a tax and regulatory statute in this case rather than a general prohibition against firearm possession. That issue will have to be settled by this Court and addressed by the government—whether it's done now or in the jury instructions or at the Rule 29. It makes little sense to expend further resources when the issue can (and should) be decided now.

Accordingly, for the reasons above, and those presented in Hamzeh's earlier pleadings in support of his Motion to Dismiss Count Two, this Court should grant the motion.

2

*Federal Defender Services*
*Of Wisconsin, Inc.*

Dated at Milwaukee, Wisconsin this 14th day of March, 2018.

Respectfully submitted,

/s/     *Craig W. Albee*
Craig W. Albee, WI Bar #1015752
Joseph A. Bugni, WI Bar #1062514
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave – Rm 182
Milwaukee, WI  53202
Tel.: (414) 221-9900
Email:  craig_albee@fd.org

*Counsel for Defendant*, Samy M. Hamzeh