UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

*vs*.                                                                             Case No. 16-CR-21-PP

SAMY M. HAMZEH,

    *Defendant*.

**DEFENDANT'S REPLY IN SUPPORT OF APPEAL FROM
MAGISTRATE JUDGE'S ORDER PARTIALLY DENYING
HAMZEH'S REQUEST FOR BRADY MATERIALS**

Samy Hamzeh, by counsel, has previously addressed the problems with the Magistrate Judge's order on discovery. This reply is focused upon the government's response in support of that order and whether it has a duty to disclose four sets of material: The Manuals, the agent's rough notes, information about prior cooperation, and information about conversations between the agents and the CHSs about machine guns and Masons.

    A.    **FBI Manuals**

The issue regarding the FBI manuals is whether these types of materials that set forth protocols for agents in conducting terrorism investigations or using informants are "material" as that term is understood for discovery purposes. The parties agree that two ways to establish materiality are to show that the information will play an important role

*Federal Defender Services*
*Of Wisconsin, Inc.*

in "'uncovering admissible evidence'" or "'assisting impeachment and rebuttal.'"[1] Hamzeh has explained that he wants to put the protocols before the jury to establish that agents deviated from the procedures established to protect citizens from overzealous investigations and rogue informants, whose actions might entrap an innocent person.

The government insists that showing violations of protocol would *not* assist Hamzeh in proving entrapment. But that ignores that once Hamzeh has produced some evidence of inducement and lack of predisposition, the burden is on the government to prove beyond a reasonable doubt that Hamzeh was not entrapped. When government agents violate protocols designed to prevent entrapment, that makes it more difficult for the government to meet that burden. Hamzeh wants to use those violations to corroborate his claim that the policies are in place to protect against overzealous conduct and to hold agents and informants accountable, to show that the protocols were violated, that as a result of those violations important information has not been documented and preserved, and to support Hamzeh's claim that the reason the protocols were not followed is because the agents and informants were engaging in improper conduct. That is all important to establishing that Hamzeh was entrapped. Thus, the manuals and the corresponding violations of protocol set forth in the manuals will assist Hamzeh by making it more difficult for the government to meet its burden at trial.

---

[1] Govt. Response (D.E. 116) at 2 (citation omitted).

*Federal Defender Services*
*Of Wisconsin, Inc.*

While Hamzeh thinks it premature now to determine whether there are any Rule 403 issues with respect to the agents' violations of their policies, the above discussion also shows that the fact of the violations has significant probative value. At the same time, it's hard to understand how the government is unfairly prejudiced by the defense demonstrating that prophylactic rules were violated.

### B.  Agents' rough notes

More than two years after his arrest Hamzeh remains in custody awaiting trial while discovery still is being doled out. The government says it knows its discovery obligations, but provides no reason why the Court should not order the prosecutors to review the agents' rough notes immediately to determine whether any of those notes are producible. Hamzeh requests that order.

### C.  Specification of prior cooperation

As Hamzeh argued in his initial memorandum, more information is needed about the CHS's prior cooperation so that the reasonableness of the past benefits can be fairly evaluated and the jury can assess the degree of the CHS's bias. Further, the information is necessary to investigate the reliability, honesty, and candor of the CHS in these other matters, all of which is relevant to his credibility in this case.

### D.  Conversations about machine guns and Masons

The government continues to deny that the prosecutors or the FBI has any information about conversations about machine guns and the Masons. If information

3

*Federal Defender Services*
*Of Wisconsin, Inc.*

concerning such knowledge comes to light. Hamzeh will request that the Court instruct the jury regarding the government's pretrial representations that such information did not exist.

Dated at Milwaukee, Wisconsin this 27th day of April, 2018.

Respectfully submitted,

/s/     Craig W. Albee
Craig W. Albee, WI Bar #1015752
Joseph A. Bugni, WI Bar #1062514
Federal Defender Services
  Of Wisconsin, Inc.
517 E. Wisconsin Ave – Rm 182
Milwaukee, WI  53202
Tel.: (414) 221-9900
Email:  craig_albee@fd.org

*Counsel for Defendant*, Samy M. Hamzeh