UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

*vs*.                                                        Case No. 16-CR-21 (PP)

SAMY M. HAMZEH,

    *Defendant*.

## MOTION FOR TEMPORARY RELEASE FROM CUSTODY

Samy Hamzeh, by counsel, moves this Court under 18 U.S.C. § 3142(i)(4) to modify the detention order to permit Hamzeh's temporary release to prepare for his defense. The defense requests that Hamzeh be released for two approximately five-hour blocks per week to review the recordings and assist in preparing his trial defense. After the lengthy briefing surrounding the bond appeal, this Court is familiar with the case's facts, so this motion will not repeat them. Instead, this motion stresses both the timeline of this case and the defense's need for Mr. Hamzeh to be made available and prepare for trial.

Samy Hamzeh has been in custody since his arrest over twenty-seven months ago. The case is massive, and the process of getting verbatim translations of the hundred discs of Arabic language conversations is still continuing. After some time was spent on failed plea negotiations, the defense eventually moved for bond putting forth a letter from the doctor who performed a psych-evaluation, transcripts, and a release plan for what Hamzeh would do until trial. Some four months after moving for bond, the magistrate

*Federal Defender Services*
*of Wisconsin, Inc.*

judge denied Hamzeh's request. This Court heard the appeal and also denied Hamzeh's release.

Since then, the focus has been on preparing for trial. Unfortunately, the February and June trial dates were moved because of ongoing problems with the transcripts and the need to resolve discovery disputes. The problems with the transcripts persist and some discovery disputes remain unresolved. The trial date now is set for August, which means that Hamzeh will have been in pretrial custody for thirty-one months before a jury is sworn. That length of detention flirts with, if not outright establishes, a due process violation. *Cf. United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *United States v. Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988); *United States v. Infelise*, 934 F.2d 103, 104 (7th Cir. 1991).

As the defense prepares for trial, the need to have access to Hamzeh has become more acute. And yet, to see him counsel have to drive to Kenosha County Jail (on a good day) a fifty-minute drive, each way. To view the discovery the defense has to use the jail's computers, which the Court can imagine are not always as up to date and agreeable for working through the discovery in a case as big as this. More problematic are the issues with the recordings as it is Hamzeh who must listen to them and try to communicate to counsel whether the transcripts are accurate, whether the words should be interpreted literally, and what the tone of the conversation is. He also is essential in trying to decipher portions of the conversations that translators deem unintelligible–which are numerous. Hamzeh's ability to do all this alone in the jail is complicated by the fact that Hamzeh's IQ has been measured at 78, and English is his second language—one that he is not

literate in, which means communication must be more often in person than through writing.

In addition to the problems and time consumption that come with meeting with Mr. Hamzeh, he also has problems accessing the discovery by himself. He is typically allowed one hour a week with the discovery. That hour is partially consumed by readying a substandard jail computer and finding and pulling up relevant documents from dozens of discovery disks. And in a case like this, that is far too little to constitute a meaningful opportunity to contribute to the defense. This is not a case where the discovery can be digested apart from Hamzeh; the bulk of it is in Arabic and concerns events in which he was the central player—events that only he can explain. Thus, it is vital to the defense that Mr. Hamzeh have extended access to the discovery and that the defense have better access to Mr. Hamzeh with the discovery.

The Bail Reform Act gives the Court the power to make that happen without granting him a full bond. The Court can order Hamzeh temporarily released (for hours at a time) for the preparation of his defense: "The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i)(4). The defense submits that this is the sort of case where it is appropriate.

It is a case certain to go to trial. It will be a lengthy trial, stretching into two weeks and possibly more. The defense at trial will be entrapment, so this is not a case where

3

*Federal Defender Services of Wisconsin, Inc.*

Mr. Hamzeh is just on the sidelines. The whole question at trial will center on whether he was predisposed and whether the government induced this conduct. And it will entail a thorough understanding of the Arabic conversations—including matters that are completely lost in the transcripts like tone of voice, inflection, and humor. He is the only person on the defense team who speaks Arabic and can help the defense work through the recordings as we prepare for trial, the pivotal cross-examinations, and Hamzeh's own testimony. In sum, his contribution to the defense cannot be understated. In addition to the defense's need for access to Hamzeh is the reality that he does not have meaningful access to his discovery.

Thus, the defense requests that under 18 U.S.C. § 3142(i)(4) that the Court permit Hamzeh's temporary release for twice a week for approximately five hours at a time to meet with his attorneys in their office at the federal courthouse. During these visits, he would remain, at all times, in the federal defender's office in the federal courthouse. I have spoken to Jeremy Loesch at the U.S. Marshal's service and he informs me that if the Court grants this Order, his office would be able to accommodate Hamzeh's release under whatever conditions are ordered by the Court.

Dated at Milwaukee, Wisconsin this 22nd day of May, 2018.

>Respectfully submitted,
>
>/s/ *Craig W. Albee*
>Craig W. Albee, WI Bar #1015752
>Joseph A Bugni, WI Bar #1062514
>FEDERAL DEFENDER SERVICES
>  OF WISCONSIN, INC.
>517 E. Wisconsin Ave. - Rm 182
>Milwaukee, WI  53202
>Tel. (414) 221-9900
>e-mail:  craig_albee@fd.org
>         joseph_bugni@fd.org
>
>*Counsel for Defendant*, Samy M. Hamzeh