# FEDERAL DEFENDER SERVICES
## OF WISCONSIN, INC.
LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
John W. Campion
Shelley M. Fite
Anderson M. Gansner
Gabriela A. Leija
Peter R. Moyers
Ronnie V. Murray
Tom Phillip
Joshua D. Uller
Kelly A. Welsh

517 East Wisconsin
Suite 182
Milwaukee, Wisconsin 53202

Telephone 414-221-9900
Facsimile 414-221-9901

July 11, 2018

Honorable Pamela Pepper
United States District Court
Eastern District of Wisconsin
517 E. Wisconsin Avenue
Milwaukee, WI 53202

RE: *United States v. Samy M. Hamzeh*
    Case No. 16-CR-21 (PP)

Dear Judge Pepper:

Accompanying this letter is the proposed juror questionnaire that Hamzeh is requesting be sent to prospective jurors and returned by them at least 10 days before trial for distribution to the parties. The government has reviewed the questionnaire and is largely in agreement with its content, but there are a handful of disagreements between the parties for the Court to resolve.

Here are the differences the parties have regarding the questionnaire:

First, the government is requesting that the following question be added to the questionnaire as 29(g):

Regardless of these beliefs or any of your views on the criminal justice system, would you as a juror fairly and impartially assess the evidence introduced at trial and follow the instructions provided by the judge? _____ Yes _____ No.

**Federal Defender Services**
  **of Wisconsin, Inc.**

Honorable Pamela Pepper
July 11, 2018
Page 2


The defense objects to this question because it is leading and jurors should not be encouraged to say they are impartial if, in fact, they are not. While this question might be appropriate at some point during voir dire, it should only be asked after the juror has fully discussed his or her feelings on the topic.

Second, there's a disagreement regarding question 31. The government believes the questions in this section are not appropriate, but the defense believes that questions regarding degree of involvement in religious organizations and leadership positions in those organizations provides valuable insights about these prospective jurors.

Third, the government opposes question 33(c), but the defense believes the question is likely to elicit important information about possible biases against Muslims—which is obviously material here.

Fourth, the government offers the following alternative phrasing of question 33(e) which now reads: "Some people think that people who are Muslim are more likely to be violent than people of other faiths. What do you think?"

The government proposes that this question be modified as follows: Do you believe that Muslims are more or less likely to be violent than people of other faiths?

_____ More violent    _____ Less violent    _____ About the same as others

The defense believes the original question will elicit fuller and more insightful responses.

Fifth, the government requests to add a new question as 33(g): "Regardless of any personal experiences with, or any personal beliefs about, people who are Muslims, of Arab descent, or who identify as Jordanian or Palestinian, would you as a juror fairly and impartially assess the evidence introduced at trial and follow the instructions provided by the judge?" Again, the defense believes that the jurors should be encouraged to be open in their responses and not pushed one way or another. To the extent that this question might be appropriate at some point, it only would be appropriate after there has been discussion with the juror regarding the relevant topic.

Sixth, the government objects to current question 33(g) about whether the juror believes prejudice against Muslims is a problem. The defense believes the question appropriately

Federal Defender Services
of Wisconsin, Inc.

Honorable Pamela Pepper
July 11, 2018
Page 3

explores the juror's perceptions and preconceptions about Muslims and how Muslims are perceived by the public.

Seventh, the government opposes questions 34-36, which inquire about immigration policies and Israel/Palestinian relations. The defense believes these are appropriate because many people have strong feelings on these issues, these issues are present in this case, and jurors may be biased against Hamzeh, his family, or certain witnesses as a result of their feelings on these issues. In any event, the questions are likely to prompt jurors to discuss relevant feelings that will allow the parties to rationally exercise strikes and not rely on stereotypes. For those reasons, these topics should be explored.

We are happy to provide any further information the Court requests, including at a hearing if the Court believes that would be appropriate.

Thank you for your consideration.

Sincerely,

/s/ Craig W. Albee

CWA/cm