UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

*vs.*　　　　　　　　　　　　　　　　　　Case No. 16-CR-21

SAMY HAMZEH,

    *Defendant*.

## SEVENTH PRETRIAL MOTION: MOTION TO COMPEL AND ENFORCE COMPLIANCE WITH THIS COURT'S PRIOR ORDER

Samy Hamzeh, by counsel, moves to compel disclosure of all payments, including reimbursements, that the confidential human sources received in this case and in any previous case with the U.S. government and any expectation of future consideration or benefit for their work with the government. This Court previously ordered that the information be turned over and the government had previously agreed to turn over all *Brady* and *Giglio* material ninety days before trial; but to date, the defense has received a single letter on November 30, 2017, without any further disclosures.

The defense has filed a pretrial motion and two discovery motions for information concerning the confidential human sources. The second discovery motion is currently under consideration. In it, the defense sought to get information that was supposed to previously have been turned over. In its previous order, this Court ordered:

*Federal Defender Services*
*of Wisconsin, Inc.*

> The government is ordered to release all underlying documentation regarding the payments given to informants as part of their work in this case and the amount of compensation which CHS-2 has received assisting the government as a source of information during the time period from March 28, 2011 to October 6, 2011.

R. 107. To date, the government has not provided any further information about those payments. Instead, it has orally denied that additional payments were made—we have all there is.

The defense has found evidence in the discovery that contradicts this assertion. In text messages, there is mention of money being given to Steve for a hotel, yet there is nothing in the government's submissions about such a payment. While it seems both straightforward and understandable that compensation to the informants would include *all* money given over that may not be the government's understanding of the term compensation. Rather, as recent articles attached to this motion have stressed, the government's willingness to reframe payments to informants as "reimbursements" can hide certain money and consideration that it has given informants.[1] The logic being that re-characterizing the money as "reimbursements" would mean it does not have to be disclosed as part of *Brady* or *Giglio.*

Here, the defense has good reason to believe that there are more payments or reimbursements concerning the informants. For one, as previously mentioned in text messages there is discussion of additional money being given to Steve. Two, when it comes to Mike there is no mention of any payment (except for a cell phone) after January

---

[1] https://theintercept.com/2017/01/31/how-the-fbi-conceals-its-payments-to-confidential-sources/

2

*Federal Defender Services*
*of Wisconsin, Inc.*
Case 2:16-cr-00021-PP   Filed 07/20/18   Page 2 of 4   Document 144

20, 2016, which predates the end of the investigation. The investigation would seemingly end with Hamzeh's arrest on January 25. And it seems unlikely that the last and critical week in the case (including its culmination) would be met with no further compensation, whether in the form of a payment or reimbursement or understanding of a large lump sum to follow. Three, it seems unlikely that Mike would have worked as an informant for five months (in 2011) for no compensation—reimbursement or otherwise.

Thus, the defense seeks to enforce this Court's order that all underlying documentation be provided concerning payments given to the informants and the amount of compensation given to Mike for previous activities. More to the point, the defense seeks to enforce the court's order and asks not just that the government be compelled to comply, but that the follow-up order should be as broad as possible and encapsulate any money (in whatever form) that has been given by the U.S. government to the informants—whether it be considered compensation, reimbursement, a gift, a trade, or so on. Anything that has gone from the government to Steve or Mike must be documented and turned over to the defense. In addition, any discussion or past history of these informants receiving lump sums or performance pay and any payments in other cases after this investigation started should be included within that disclosure.[2]

---

2   *See id.*

Dated at Milwaukee, Wisconsin this 20th day of July, 2018.

        Respectfully submitted,

        /s/   *Craig W. Albee*
        Craig W. Albee, WI Bar #1015752
        Joseph A. Bugni, WI Bar #1062514
        Gabriela A. Leija, WI Bar #1088023
        FEDERAL DEFENDER SERVICES
          OF WISCONSIN, INC.
        517 E. Wisconsin Ave - Rm 182
        Milwaukee, WI   53202
        Tel.: (414) 221-9900
        E-mail:  craig_albee@fd.org
                  joseph_bugni@fd.org
                  gabriela_leija@fd.org

        *Counsel for the Defendant*, Samy M. Hamzeh