# United States District Court
EASTERN DISTRICT OF WISCONSIN

## COURT MINUTES

HON. **William E. Duffin,** presiding.                    Deputy Clerk: Mary Murawski

DATE: **July 24, 2018 at 9:30 A.M.**                      Court Reporter: FTR Gold

CASE NO. **16-CR-021**                                    Time Called: 9:32:36

UNITED STATES v. **Sammy Mohammed Hamzeh**                Time Concluded: 10:50:00

PROCEEDING: **Hearing on Motions**

UNITED STATES by: **Gregory Haanstad, Benjamin Taibleson**

DEFENDANT: **not present**

ATTORNEY: **Craig Albee, Joseph Bugni**

---

   COURT: Here today to get additional information on defendant's Second Motion for Production of Brady Material and to Compel Discovery.

9:35   COURT discuss with the parties outstanding translations/transcription issues. There were problems with the 29 transcripts that were turned over. In some instances, translator reverted to summary form, situations where speaker was misidentified. Word issue problems. Transcriber saying unintelligible and you could hear it. Defense put in a letter in January the problems, had 2 status conferences with Judge Pepper. Defense understanding these would be corrected and defense would get the transcripts on a rolling basis by end of May. Have only received 3 of the 29 transcripts.

10:17: COURT discusses with the parties defendant's second motion for production of Brady material and under Rule 16.

   Parties have not been able to resolve any of the issues in this motion.

10:19   ALBEE: Would like to clarify with regard to the second motion and spoliation motion. They realized after filing these motions the phone records received from one of the phone companies may not be complete. They may be missing text records. Hopefully will have that additional information by end of the week.

10:20:21 COURT issued an order on March 8, 2018, in response to deft's first motion to compel that addressed a number of matters that are still relevant today. One portion had to do with the govt's turning over documentation regarding payments given to informants as part of their work in this case.

10:21:08 HAANSTAD: They have not turned this information over. Govt sought to comply with this request via CIPA. Waiting on one segment from Washington where FBI makes a declaration that this information is National Security information. Once they receive that they will proceed under CIPA, and present the materials for in-camera court inspection. This should be done early next week.

10:23  COURT:  Also in the court's March 8, 2018 order, the govt was to provide information in its possession regarding the amount of compensation CHS2 has received for his role as a source of information for the government during the time period identified above by the govt.

10:23:53  HAANSTAD:  They replied to this request.  There were no payments for that prior period of cooperation.  Defendants requested a report, but there is no report documenting something that didn't happen.

    COURT used the word compensation but the interpretation would include any payments.

    HAANSTAD:  His answer would be the same.  No payments.

10:25:  COURT:  Govt to identify what text messages were not preserved, if any.  Govt to advise defense if any inquiry has been conducted into non-preserved text message and provide the information, date text messages sent and topics discussed.

    HAANSTAD:  Had relayed that information to defendants.  Agent Atkins cell phone was impacted by a software issue.  FBI has made efforts and they were unable to recover them.  It was for the period October 2015-April 2016.

    ALBEE:  Defense was able to retrieve 132 of those text messages.  They have when the text were made, but not the topics discussed.

    COURT:  Did the FBI make efforts to obtain the text from other sources?

    HAANSTAD:  There is nothing in government's possession that is responsive to that part of the Court's order.

    ALBEE: FBI has a significant ability to obtain texts

    BUGNI:  Mike the CHS had 3 phones.  They only knew of one.  Because it was so long ago, cannot get those records.  Want all that information under Rule 16, Brady and Giglio.
- Sent a letter over 7 weeks ago to Mr. Haanstad, laid out our concerns and sent over our phone records, there are things that are missing and asking the govt for help to understand and asking for the phone numbers.  No response, then sent a letter, waited a month, begging for a conversation.  Govt got on the phone and indicated here is what I'm going to tell you and everything else go pound sand.

    HAANSTAD:  On Page 5 of Second Motion, paragraph "d" the government doesn't believe they have anything in response to that, but have asked the FBI to dig more deeply to make sure that this is the case.  He spoke to an agent before the hearing today and so far they have not come up with anything.  Govt brings it up because it is ongoing.

10:31:24  COURT discusses with the parties paragraphs "a," "b," and "c."

10:38  HAANSTAD:  Have already discussed "a" and with regard to "b" and "c" the information was turned over.

10:39: BUGNI disagrees with this with regard to "b" and "c." Received a printout for "b" but it doesn't tell them the phone number the text came from.

10:40 HAANSTAD: Paragraph "e" have nothing responsive to that request. Paragraph "g" provided information with regard to the problem of Agent Atkins phone.

10:42: COURT asks the government if on any of defense counsel's requests it takes the position that defense is not entitled to the material.

    GOVT: Does not take that position to any of these requests. Other than paragraph "d" the govt does not have anything else to turn over, other than what has already been produced.

10:43 BUGNI: Do not have all the letters where these facts were turned over. Do not have all the redacted texts, and all the phone numbers. This is in regard to paragraph "b" and "c."

10:45 HAANSTAD will look at this afternoon and will get back to defense.

    COURT: Govt shall respond to defense on this issue and if it still is an issue, advise the court of this.

    BUGNI: Agreement was all text messages, unredacted would be turned over, not just unpreserved. All text messages between agents and CI's.

    COURT: Defense should talk to the government about this, if there is still a dispute about unredacted text, let the court know.

    HAANSTAD: Only information that was redacted was personal Identifiers, email addresses.

    COURT: This request was in the first motion and the court reviewed these unredacted reports and felt what was redacted was as the govt stated ministerial type things.

    ALBEE: Not sure court order specifically ordered all text messages be turned over. Asking today that the court clarify this.

    COURT asks the government if all text messages have been turned over.

    HAANSTAD: All text messages have been turned over.

    ALBEE disagrees.

10:48 COURT will issue an order. Not sure if the spoliation hearing will be before Judge Pepper or this court.

    BUGNI: They will be filing a pleading on issues relating to paragraphs "a," "b," and "c" in the government's compliance with those. As far as the rest of them, the government is taking the position that they are not privileged, but they don't have anything.

    HAANSTAD: This is correct.

    BUGNI: Believe the information is out there, but is the court going to order that the government seek this information from the FBI?

COURT will rule on this in its order.