UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | July 27, 2018 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2016-cr-21 |
| CASE NAME: | United States of America v. Samy Mohammed Hamzeh |
| NATURE OF HEARING: | Bond Review Hearing |
| APPEARANCES: | Paul Kanter, Greg Haanstad and Ben Taibleson – Attorneys for the government |
| | Craig W. Albee and Joseph Bugni – Attorneys for the defendant |
| | Samy Hamzeh – Defendant |
| | Hannah Graham – US Probation Office |
| COURTROOM DEPUTY: | Kris Wilson |
| TIME: | 1:04 p.m. – 2:10 p.m. |

## AUDIO OF THIS HEARING AT DKT. NO. 165

The court explained that it had scheduled this hearing *sua sponte* to conduct an "automatic" review of the conditions of the defendant's bond, as required by 18 U.S.C. §3164. The court told the parties that, by its calculations, more than ninety days had expired (taking into account excludable time under 18 U.S.C. §3161) from the date the defendant had been taken into custody, and that §3164 required the court to review the defendant's bond conditions under that circumstance.

Counsel for the government explained to the court how the case had reached this point, conceding that the defendants did not have trial-ready translations of the recordings the government planned to use at trial. He told the court that as recently as last week, the FBI had sent translators to Milwaukee to rectify this problem, but that he could not assure that the transcripts would be ready by the August 20 trial date (or in time for the defense to review them by that time). Counsel argued, however, that the government did not read §3164 to require the court to release the defendant, and he reminded the court of the extremely serious nature of some of the allegations against the defendant (which the court had acknowledged, and expressed concern about, when it had declined to release the defendant in December of last year). Counsel argued that the things that had concerned the court when it had declined to release the defendant last December had not changed.

Counsel for the defendant expressed outrage that the investigating agency had only begun to take its disclosure obligations seriously in the past week, when the defendant had been in custody for over thirty months. He told the court that the defendant was adamantly opposed to adjourning the trial as long as he was in custody, but noted that the defense could not present its case without the transcripts, and that the defendant had been asking for them for a long time. Counsel argued that §3164 required the court to release the defendant if more than ninety days had expired, and counsel argued that far

1

more than ninety days had expired (even taking into account excludable time) since the defendant had been taken into custody.

The court did a rough calculation of what it considered to be the time excluded under the Speedy Trial Act, and concluded that more than ninety un-excluded days had passed since the defendant had been taken into custody. The court stated that under §3164, it was ordering the defendant's immediate release, on conditions set by the magistrate judge (who would hear the parties' bond arguments immediately after this hearing).

Defense counsel then orally moved to adjourn the August 20, 2018 trial; the government did not object. The court responded that it was willing to take the August 20 trial date off the calendar, but expressed concern about how to keep the case moving. Counsel for the government told the court that earlier in the week, Magistrate Judge Duffin had set a status conference on discovery issues for August 2, 2018—next week. The prosecutor suggested—and defense counsel agreed—that the court leave that status conference in place. At that time, the parties could report to Judge Duffin on the status of the transcripts and other discovery issues. The parties then could talk with this court at a later date about trial scheduling.

Defense counsel also moved for an order requiring the government to provide full—not excerpted—Arabic-to-English translated transcripts of all twenty-nine of the recordings the government had designated for use at trial. Counsel for the government indicated that now that the court had adjourned the trial date, the government had no objection to that request. The court granted the oral motion.

Finally, counsel for the government indicated that he had reviewed the transcript of the March 21, 2018 status conference, and it was his view that the court had expressed an intention to exclude time under the Speedy Trial Act, but somehow hadn't issued the order. He asked the court to clarify that intent today. Defense counsel began to object, but the court advised the parties that it had not realized that the transcript was on the docket, and that it would need to review the hearing transcript before it could consider the request. The court stated that it would review the transcript (dkt. no. 143), then circle back with the parties.

The court **ORDERS** that under 18 U.S.C. §3164, the defendant shall be **RELEASED** from custody on such conditions as Magistrate Judge Duffin shall set later today.

The court **GRANTS** the defendant's unopposed motion to adjourn the August 20, 2018 trial. The court **REMOVES** the trial, scheduled for August 20, 2018 at 8:30 a.m., from the court's hearing calendar.

2

The court **ORDERS** that the hearing scheduled for August 2, 2018 at 11:00 a.m. before Judge Duffin shall remain on the calendar. The court will confer with the parties later regarding scheduling a new trial date.

The court **GRANTS** the defendant's unopposed motion, and **ORDERS** that the government shall provide the defendant with full, verbatim translations of the entirety of the twenty-nine conversations the government plans to use at trial, as well as the handful of conversations that the defense plans to use which are not included in the twenty-nine government conversations.

Dated in Milwaukee, Wisconsin this 27th day of July, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**