UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | August 6, 2018 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2016-cr-21 |
| CASE NAME: | United States of America v. Samy Hamzeh |
| NATURE OF HEARING: | Status Conference |
| APPEARANCES: | Benjamin Taibleson – Attorney for the government |
| | Craig Albee – Attorney for the defendant |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 9:11 a.m. – 9:29 a.m. |

**AUDIO OF THIS HEARING AT DKT. NO. 168**

The court noted that it originally scheduled this hearing as a final pretrial conference, but because it had taken the June 20, 2018 trial off the hearing calendar, it wanted to touch base with the parties about a few things. The court explained that it had reviewed the minutes of the hearing the parties had with Judge Duffin; they indicated that the FBI was about 40% complete with the transcripts. At that hearing, the government had shared with Judge Duffin that the FBI would complete the transcripts by the end of August. The court acknowledged that the parties have a status conference scheduled with Judge Duffin for early September.

Counsel for the government did not have anything to add. Counsel for the defendant reported that the government was in the process of putting together the discovery he requested, and confirmed that the FBI had a target date of August 27, 2018 for completion of the transcripts. Counsel noted that counsel for the government wanted to review the transcripts prior to turning them over to the defense.

The court reminded the parties that at the previous hearing, counsel for the government had raised an issue regarding the Speedy Trial Act calculations that the court wanted to address. The prosecutor had indicated that his review of the transcript from the March 21, 2018 hearing revealed that the court had intended to exclude time under the Speedy Trial Act, but that the court never had issued an order to that effect. He'd asked the court to clarify that it had intended to exclude time. The court had responded that it would need to review that transcript; it didn't remember what it had said. Today, the court reported to counsel that it had reviewed the transcript from the March 21, 2018 hearing; no one, including the court, had mentioned excluding time during that hearing. The court had, however, gone back and reviewed the transcript of the prior hearing on January 24, 2018. At the end of that hearing, the government had asked "whether the Court had made a speedy trial finding with respect to the last continuance; and if so, if that remains in effect?" Dkt. No. 142 at p. 16,

1

lines 1-4. The court had responded, "I don't recall, actually, off the top of my head. I apologize. Well, I'll go back and look. If I didn't, I will make that finding, and I'll start, exclude the time now until March the 21st, which is our next status conference." Id. at lines 5-9. The court stated that it would formalize that ruling in an order.

[NOTE: The court has looked at the docket to answer the question the prosecutor asked on January 24, 2018—whether the court had made a Speedy Trial finding "with respect to the last continuance." The "last continuance" before the January 24, 2018 hearing came from the court's text-only order of January 10, 2018. On that date, the court entered a text-only order removing the February 12, 2018 jury trial from the calendar, and converting the January 24, 2018 final pretrial conference to a status hearing. The court issued that order in response to an unopposed motion from the defendant to adjourn the trial; while the defendant had been reluctant to change the trial date, he had cited the difficulties to reviewing the transcripts of the Arabic-to-English translations the government had provided (difficulties which, the court notes, the parties continue to work through). Dkt. No. 87. Because the motion was unopposed, and because the defendant needed to adjourn the trial to address the transcript issues, the court believes it is appropriate to exclude the time between January 10, 2018 and January 24, 2018, as it indicated it would do at the January 24, 2018 hearing. The January 24, 2018 minute order states that the court excluded that time under 18 U.S.C. §3161(h)(7)(B)(iv). Dkt. No. 96 at 2. There is no need for an additional order excluding that time.]

Counsel for the defendant also had raised a question at the last hearing, regarding whether a motion for bond pending trial constituted a "pretrial motion" for the purposes of tolling the Speedy Trial clock. The court shared with the parties that in United States v. Tedesco, 726 F.2d 1216 (7th Cir. 1984), the Seventh Circuit had considered whether a motion to exclude time under the Speedy Trial Act was a "pretrial motion" that served to toll the seventy-day clock. The Seventh Circuit had concluded that it was, holding that "pretrial motion" in 18 U.S.C. §3161(h)(1)(D) (at that time, numbered §3161(h)(1)(H)) meant *any* pretrial motion. The court also cited decisions from the Third Circuit (United States v. Lattany, 982 F.2d 866, 872 (3d Cir. 1992) and the Eleventh Circuit (United States v. Severdija, 723 F.2d 791, 792 (11th Cir. 1984), as well as a case from the district court in Massachusetts (United States v. Bellucci, 737 F. Supp. 706, 708-09 (D. Mass. 1990) that specifically treated bond motions as pretrial motions for tolling the Speedy Trial clock.

Finally, the court noted that one of the parties had asked whether the court had considered the provision of §3161(h)(1)(D) that excludes any delay reasonably attributable to any period, not to exceed 30 days, during which "any proceeding concerning the defendant is actually under advisement by the

court." (The court noted that in United States v. Pansier, 576 F.3d 726, 732 (7th Cir. 2009), the Seventh Circuit had indicated that the thirty-day period started to run from the date the court receives the last filing it expects to receive on the motion). The court observed that the defendant had filed a bond motion on June 22, 2017 (dkt. no. 46), and that the magistrate judge had ruled on that motion on October 26, 2017 (dkt. no. 67). The court stated that because only thirty days of that time was excludable, more than ninety non-excludable days had expired between the filing of the motion and the decision. [NOTE: After the hearing, the court checked its calculations again, and found them in error. If the thirty days of excludable time under §3161(h)(1)(D) begins to run from the date the court receives the last filing it anticipates, it appears—as far as the court can tell—that the thirty-day excludable period for this motion began to run on July 26, 2017—the date the court received the last documents the magistrate judge had requested from the parties. Ninety-two days expired between July 26, 2017 and October 26, 2017, but thirty of those days were excludable, which means that **sixty-two** days of what appear to be un-excludable time expired between the filing of that bond motion and the date the magistrate judge decided it.]

The court will review the minutes of the next status conference with Judge Duffin and will schedule any further proceedings accordingly.

The court **ORDERS** that the time between January 10, 2018 and January 24, 2018 is **EXCLUDED** from the Speedy Trial Act calculations under 18 U.S.C. §3161(h)(7)(B)(iv), because the ends of justice outweigh the best interest of the public and the defendant in a speedy trial, and because failure to do so would have denied the defendant and the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Dated in Milwaukee, Wisconsin this 6th day of August, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**