# United States District Court
## EASTERN DISTRICT OF WISCONSIN

## COURT MINUTES

HON. **William E. Duffin,** presiding.  Deputy Clerk: Mary Murawski

DATE: **September 5, 2018 at 10:00 A.M.**  Court Reporter: FTR Gold

CASE NO. **16-CR-021**  Time Called: 10:04:49

UNITED STATES v. **Samy Mohammed Hamzeh**  Time Concluded: 10:26:36

PROCEEDING: **In Court Hearing**

UNITED STATES by: **Benjamin Taibleson, Adam Ptashkin**

DEFENDANT: **not present,** in person, and by
ATTORNEY: **Craig Albee, Joseph Bugni**

---

COURT recaps the 8/2/2018 hearing.

GOVT turned over the translations of the transcripts yesterday afternoon.

ALBEE:
- Have not looked at them yet. Will need to go through transcripts closely and compare them with what they have. Also, will have Mr. Hamzeh and their translator listen to portions of the transcripts confirm accuracy.
- Mr. Bugni will be handling the task and has several trials and sentencings coming up.
- Asking for 8 weeks.
- Their goal is to have gone through all the translations, identify what is actually at issue, if anything, and confer with the govt to try and resolve the issues

GOVT: Approximately 1,200 transcript pages. Pages misleading, the number of words on each page is not that great. It takes a couple days to read them from top to bottom. Do not object to the 8 weeks.

COURT: Ideally Judge Pepper would like the parties to come to an agreement of what is at issue, if anything.
- If we can't get there within the 8 weeks, court would like to know if the trial will be spent with tedious disputes on a regular basis over every translation or are there a handful of words or phrases that are at dispute.

ALBEE: Believe that this is a case where the parties can come to an agreement. There may be a few words or phrases in dispute. Do not want dueling experts on translations before the jury.

COURT: Defense filed on 7/13 an ex parte motion for subpoena duces tecum and it sought from the Milwaukee County Behavioral Health Facility the medical records of a witness. Court granted the motion, and issued the subpoena, but ordered that the records be provided to the court for in-camera review. The court concluded that the entire record would be disclosed to the defense to assess any relevance these records may have. The court also raised the issue if these records should also be disclosed to the government and invited defense counsel to respond to the court with any objection they may have. No objection was filed. Court will give these records to defense today and instructs defense to provide a copy to the govt.

COURT: Govt filed on 8/8 a motion pursuant to CIPA. **Defense counsel will be filing a response and it is due by September 24th.** Govt anticipates filing another CIPA request. Defendant's filed a motion to compel and they have discussed it with the govt and the govt indicates it will respond through CIPA. **Govt's response to the motion to compel will also be due September 24th.**

ALBEE:
- Parties have talked through most discovery issues pursuant to the Court's 7/24 Order. There will be few pending issues and defense will be filing another motion to compel by end of next week.
- Once defense counsel files its response to the CIPA motion, defense requesting that oral argument be heard.

COURT will accommodate that. Defense can be present for first part of the hearing and after defense leaves, court will conduct the CIPA hearing. Schedule that after everything is filed.

ALBEE: CIPA would not moot any of the issues in their spoliation motion.

COURT will roll spoliation hearing in with oral argument.

ALBEE: Believe spoliation hearing will be somewhat lengthy, suggesting morning or afternoon.
- Was told there was a software glitch that prevented the govt from recovering the data.
- Asking the court to require the govt to present someone with knowledge as to why it cannot be recovered and what efforts were made.
- Would like the name of this witness and summary of their testimony 2 weeks before the hearing. No objection from govt.
- With the above information, defense is ready to schedule the spoliation hearing.

GOVT: Believe the parties have made a lot of progress in the last month in preparation for trial. Govt waiting on defense transcripts and any additional information, govt will review them and hopefully come to an agreement within the 8-week deadline. Govt has made reciprocal discovery requests to defense and hopefully can resolve that.

ALBEE: Largely agree with govt. Some concerns with respect to whether there were intercepted communications, GPS and if govt did intercept communications or if they have GPS or other surveillance activities. Believe those should be produced. Defense counsel's view is it would be exculpatory. It potentially could be significant information, but do not know what the scope would be.

ALBEE: Shortly after Hamzeh's arrest, the home was searched, 3 electronic devices were seized from the home. This could be a significant amount of material. Asking that the govt give defense 45 days notice before trial if they intend to use any information found on those devices

COURT: Defense should submit a motion to the court for this request.

**In-Court Hearing set for November 6, 2018 at 10:00 A.M.**

COURT makes a speedy trial finding. The court is satisfied that this case is so unusual and complex due to the nature of the charges being prosecuted that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established pursuant to 18:3161, such as the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. Therefore, the time from today until November 6, 2018 is excluded under the speedy trial deadline under 18:3161(h)(7)(B)(ii).