UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        *Plaintiff*,

                            Case No. 16-CR-21 (PP)

  *vs*.

SAMY M. HAMZEH,

        *Defendant*.

## MOTION FOR PRETRIAL NOTICE OF GOVERNMENT'S INTENT TO PRESENT CERTAIN EVIDENCE AT TRIAL

Samy Hamzeh, by undersigned counsel, moves this Court for an order requiring the government to provide at least 45 days notice of its intent to introduce at trial: (1) any data obtained from devices seized from Hamzeh or his home following his arrest; and (2) any evidence obtained by use of pole cameras. Hamzeh is requesting this notice as to the devices because such vast quantities of data can be stored on these devices that it is unreasonable for the defense to have to decipher which needles in these haystacks the government might decide to use. Notice also is essential because there could be issues concerning when and how information came to be stored on the devices that would require consultation with an expert. Regarding the pole cameras, Hamzeh has received over 100 hours of footage, but does not know whether the government intends to use any of it.

In support of this motion, Hamzeh invites the Court's attention to the following circumstances:

*Federal Defender Services*
*of Wisconsin, Inc.*

1.      On January 25, 2016, federal agents arrested Samy Hamzeh as part of a sting operation.

2.      Following the arrest, agents seized a cell phone from Hamzeh, and a PlayStation and a MacBook computer from his family's home.

3.      The government has provided in discovery forensic copies of the PlayStation and cell phone, as well as forensic reports summarizing the contents of these devices.

4.      The MacBook was returned to Hamzeh's family.  Hamzeh does not have any information concerning the contents of the MacBook.

5.      Hamzeh does not know what, if any, information the government intends to introduce from the phone or the PlayStation.  Both devices contain a significant amount of data.  The data on one or both of these devices includes internet search history, photos, videos, messaging, texts, contact information, and other information.

6.      As noted, Hamzeh doesn't know what, if any, evidence the government intends to present at trial from these devices.  If it does intend to introduce any evidence from these devices, it may be important to determine when and how that information came to be on the devices.  This typically requires consultation with an expert.

7.      Hamzeh asks for 45 days notice of the government's intent to present any evidence obtained from these devices. At the last hearing, the government refused to provide such notice.

8.      Given the volume of potential evidence involved and the nature of that evidence, Hamzeh's request for 45 days notice is a reasonable accommodation of the

*Federal Defender Services
of Wisconsin, Inc.*

defense's need to prepare to rebut that evidence and the government's trial preparation needs.

9.     The government also produced over 100 hours of footage from a pole camera. It would be unduly burdensome and unfair to require the defense to review all this footage and to have to guess at which portions, if any, the government wishes to present at trial. Again, 45 days notice is a reasonable accommodation of the interests of the parties.

Accordingly, Hamzeh request an order from this Court requiring the government to provide notice of any information it intends to introduce from these seized devices or the pole camera 45 days in advance of trial.

Dated at Milwaukee, Wisconsin this 18th day of September, 2018.

Respectfully submitted,

/s/     *Craig W. Albee*
Craig W. Albee, WI Bar #1015752
Joseph A. Bugni, WI Bar #1062514
Gabriela A. Leija, WI Bar #1088023
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI  53202
Tel. (414) 221-9900
E-mail:   craig_albee@fd.org
               joseph_bugni@fd.org
               gabriela_leija@fd.org

*Counsel for Defendant*, Samy M. Hamzeh

*Federal Defender Services*
*of Wisconsin, Inc.*