UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 16-CR-21

SAMY HAMZEH,

        Defendant.

---

**UNITED STATES' MOTION TO MODIFY
THE DEFENDANT'S CONDITIONS OF PRETRIAL RELEASE**

---

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Adam Ptashkin and Benjamin Taibleson, Assistant United States Attorneys, hereby respectfully requests that the Court amend the defendant's conditions of release to include an additional condition that would bar the defendant from entering any airport or property adjacent to an airport.

## I.    Legal Framework

Under 18 U.S.C. § 3142(c)(1)(B)(xiv) the Court may impose, in addition to the standard conditions of release, pretrial conditions of release that "satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." Under 18 U.S.C. § 3142(c)(3), the Court "may at any time amend the order to impose additional or different conditions of release."

In *United States v. Ali*, 965 F. Supp. 2d 139, 157 (D.D.C. 2013) (rev'd on other grounds, 534 F. App'x 1 (D.C. Cir. 2013)), the District Court approved a condition of release that created "exclusionary zones within a mile of local airports and 500 feet of bus and train stations . . ." In

1

*United States v. Overstreet*, 2011 WL 5079848, at *2 (D. Idaho Oct. 26, 2011) (unpublished), the District Court upheld a Magistrate Judge's bond determination that included as a condition of pretrial release, a "prohibition from airports."

## II.     Factual Background

The United States expects the evidence at trial to show that in October 2015, the defendant planned to travel from the United States to the Middle East in order to conduct an attack and kill Israeli soldiers and citizens. The defendant later began to focus on conducting an attack in the United States. The defendant engaged in extensive conversations with two confidential sources that were recorded by the FBI about his plans.

On January 19, 2016, the defendant and the two confidential sources took a guided tour of a Masonic temple in Milwaukee, during which they learned meeting schedules and the locations of the meetings. In a recorded conversation with the two confidential sources after they left the temple, the defendant reaffirmed his intention to commit an armed attack on the temple and discussed in further detail how they would carry out the attack.

Less than one week later, on January 25, 2016, the defendant and the confidential sources then purchased two machine guns and a silencer from an undercover FBI agent in a recorded transaction. The defendant was later indicted and charged with two counts of possession of a machine gun not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d), and one count of possession of a silencer not registered to him in violation of 26 U.S.C. § 5861(d).

On October 17, 2018, the United States Probation Office informed the United States that the defendant had requested permission to begin a new job on October 18, 2018. The new job would involve the defendant driving rental cars from General Mitchell International Airport to an

offsite location where the rental cars would be cleaned, and then returning the cars to the airport rental car facilities. After the United States informed the Probation Office that it would file the instant motion, the defendant later informed the Probation Office that he would no longer seek this particular job. The United States' concern about the defendant entering an airport remains present even though the defendant has now decided not to pursue this job.

Given the facts of the case, in particular the defendant's stated desire in the past to travel abroad in order to murder civilians, the United States is extremely concerned by the prospect of the defendant entering an international airport. The defendant's presence at an airport also presents an increased opportunity for the defendant to flee before the trial, which is particularly noteworthy given the overwhelming evidence in the case, including the videotaped purchase of the machine gun and silencers. The United States submits that an additional condition, that bans the defendant from the vicinity of airports, is necessary to assure the safety of the community and to assure his presence at trial.

### III. Conclusion

For the reasons set forth above the United States respectfully requests that the Court amend the defendant's conditions of release in order to bar him from entering an airport or property adjacent to an airport.

Dated at Milwaukee, Wisconsin this 17th day of October, 2018.

Respectfully submitted,

MATTHEW D. KRUEGER
United States Attorney

By: */s/ Adam H. Ptashkin*
ADAM H. PTASHKIN
BENJAMIN TAIBLESON
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700
E-Mail: adam.ptashkin@usdoj.gov
benjamin.taibleson@usdoj.gov