UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   *Plaintiff*,

 *vs.*            Case No. 16-CR-21

SAMY M. HAMZEH,

   *Defendant*.

**MEMORANDUM CONCERNING STATE OF THE TRANSCRIPTS**

 Samy Hamzeh, by counsel, files this brief memorandum to update the Court on the state of the transcripts in this case and where we find ourselves with that project. At tomorrow's telephonic hearing, the defense will address all of the Court's concerns about the progress of this case. To save time this is a brief overview of where things stand as it relates to the translations.

 The defense has gone over the government's transcripts. Most of them present no problem, whatsoever. There are, however, some problems that persist. The most significant is with misidentified speakers—many are smaller discrete portions, but there are included twenty important pages that are attributed to a CHS that are really from a third party. There are also a few transcripts from the government's "final version" that are missing. That is, an entire recording may consist of five parts, and in one of the recordings, Disk 86, two parts (about 100

*Federal Defender Services*
*of Wisconsin, Inc.*

pages of transcript) are now missing, when they'd previously been turned over for trial. Both problems will be easy to remedy.

In addition, there persists a problem with what disk links to what recording. The FBI translators have used a different index than the way the discovery was organized and presented to the defense. Unfortunately, that discovery index has also proven inaccurate. That is, upon greater scrutiny some of the recordings that have been identified as phone calls between Hamzeh and another individual are, in fact, in person recordings, and some recordings listed for one day actually occur on a different day. Those problems have to be resolved. And the government's attorneys and the defense have talked about these issues, and they will be resolved without the need for Court interference. The government's attorneys have been very open and cooperative in making sure that we are all working on the same understanding of the discovery.

Finally, the defense has previously turned over "final" recordings of the significant translations that it will introduce at trial—that was done months ago. There remains, however, many smaller recordings that are currently being translated. Earlier in the case, these were not deemed as important as those that had been previously prepared; but given the revelation that Disk 114 was likely the product of a wiretap, these other recordings are being translated as well. That process has taken much longer than planned and hoped for. The defense translator

has had a sick family member to care for and has been occupied with work in other cases; but the translations should (the defense is told) be done by next week.

In sum, the parties have worked well together trying to put these issues to rest but the task is large and demanding and remains somewhat problematic. To that end, the defense believes that the rest of the trial ready translations for the defense will be turned over to the government within two weeks; in addition, the defense believes that within two weeks (hopefully less) a final and comprehensive memo will be given to the government laying out problems with the translations that need to be fixed and those issues will be easily resolved.

Dated at Madison, Wisconsin this 8th day of November, 2018.

Respectfully submitted,

*/s/ Joseph A. Bugni*
Joseph A. Bugni, WI Bar #1062514
Craig W. Albee, WI Bar #1015752
Gabriela A. Leija, WI Bar #1088023
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901

*Counsel for Defendant*, Samy M. Hamzeh