# United States District Court
### EASTERN DISTRICT OF WISCONSIN

## COURT MINUTES

| | |
|---|---|
| HON. **William E. Duffin,** presiding. | Deputy Clerk: Mary Murawski |
| DATE: **August 20, 2019 at 1:30 P.M.** | Court Reporter: Liberty |
| CASE NO. **16-CR-021** | Time Called: 1:29:19 |
| UNITED STATES v. **Samy Mohammed Hamzeh** | Time Concluded: 1:43:24 |
| PROCEEDING: **Hearing to Review Conditions of Release** | |

UNITED STATES by: **Benjamin Taibleson**

PROBATION OFFICER: **Hannah Graham**

DEFENDANT: **Samy Mohammed Hamzeh,** in person, and by
ATTORNEY: **Craig Albee**

---

COURT reviews Pretrial Services Petition requesting Mr. Hamzeh be reduced to curfew status and remain on GPS. Back in February, the court denied this request.

ALBEE: Mr. Hamzeh has been working continuously for the last 13 months since his release. The last 3-4 months he works at installing automobile glass. His hours are 9:00 a.m. – 7 p.m.

PRETRIAL SERVICES OFFICER: Usually curfew status is from 6:00 a.m. until 9:00 p.m., with him being in the residence 9 p.m. until 6 a.m. Could shorten curfew and then allow extra hour for both early morning and evening prayer.

GOVT:
- Nothing material has changed since February.
- 6 more months of compliance is a good thing.
- Nonetheless what typically leads to a deft being released in these cases is a judgment by the court that the deft is not a danger to the community. That is not what happened here.
- Because of the nature of charged offenses and relevant conduct and the fact that he has not harmed anyone since he has been released, doesn't change the fact of what has been alleged and charged by the grand jury in the case which is extremely serious.
- Pressure is going to mound on deft closer to the trial date of October 21st.
- One way to view the current situation, the present conditions are working.
- Primary point here although govt respects Pretrial Services in following their typical protocol, in this case it is an atypical situation. The allegations in the case are so very serious that 12 months of absence of violence does not change the fact of the nature of charges and relevant conduct.

ALBEE:
- Pretrial Services brought this before the court because Mr. Hamzeh's conduct has been exemplary.
- Typical in this district that PTS will recognize that and reward that behavior with reduction of limitations of someone on supervision.
- It encourages people to do better and take the next step.
- Working the entire time; family in courtroom today.
- Because he is on GPS, works a lot and goes to religious services, it probably won't have that much impact if on curfew.
- It is easier for probation to monitor him by GPS, instead of Mr. Hamzeh making every single request when he needs to get out for some reason or another.
- Court's conditions allow some flexibility in what he is able to do beyond work or religion.
- Requires some discretion with respect to Probation. Like for him to be able to go out to lunch or go to the corner store he has to ask permission.
- Allows him more flexibility in his free time.
- Deft would still be on GPS, think it is a modest change, would not increase risk to the community.
- Makes life easier for Pretrial Services; jump through fewer hoops.
- Marginal bit of freedom. Presumption of innocence.
- Propose 7:00 a.m. – 9:00 p.m.

COURT
- Agrees that it is a modest change, doesn't change the danger to the community.
- The fact that he has complied with the condition for the past 12-13 months, employed full time, he will still be on GPS monitoring.
- The Bail Reform Act requires the court to impose the most least restrictive means to assure that.
- Think all current conditions and curfew with accomplish that.
- Grant grants defendant be put on curfew status 7:00 a.m.-9:00 p.m. and with all other conditions, including GPS monitoring.

COURT noticed that defense has filed a sixth motion to compel re: Steve not being available. Govt can respond by August 30, 2019; defendant's reply due September 3rd. Will review the briefs and it may be possible for an in-court hearing.