UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                     Case No. 16-CR-21

SAMY M. HAMZEH,

          Defendant.

## ORDER DENYING DEFENDANT'S SIXTH MOTION TO COMPEL

Samy M. Hamzeh is charged with unlawfully possessing two machineguns and a silencer. (ECF No. 6.) His defense is that he was entrapped by two government informants, who are commonly referred to as Mike and Steve. A jury trial is scheduled to begin on October 21, 2019.

A trial had been previously scheduled for August of 2018. In preparation for that trial, the government and the defense met to discuss the availability of witnesses. Following that meeting, on June 11, 2018, defense counsel memorialized their understanding in an email to the prosecutors, which states in relevant part:

> 2. We understand that [Mike] and [Steve] both will be present at trial and available as witnesses. Greg most recently confirmed that they would be available during a conversation we had on Tuesday. Please advise if we are mistaken in this understanding.

> 3. We understand that the government will make any agents who participated in this investigation available for testimony at trial with notice to your office. Please advise if we are mistaken in this understanding.

(ECF No. 248 at 4.)

In June of 2018, Steve bought a plane ticket and flew back to his home in Jordan. The government understood that Steve planned to return to Milwaukee for the August trial. That trial was adjourned, and Steve did not return to Milwaukee. It was not until July 31, 2019, that the government told the defense that Steve was in Jordan and might not return for the October 21 trial. (ECF No. 248 at 2.)

Hamzeh argues that he and the prosecution had an agreement that Steve would appear at trial and the prosecution is required to honor that agreement. Having been informed that the prosecution will not honor that agreement, Hamzeh filed a motion to compel certain discovery so he can decide how to proceed in light of the government's breach of their agreement. (ECF No. 244.) Hamzeh asks the court to order the government to produce:

> 1. Steve's immigration file, which is commonly referred to as the A File.
>
> 2. All communications between Steve and the agents. This includes all emails, text messages, or other digital communication.
>
> 3. All rough notes (including interview notes) with Steve by the agents or the prosecutors in this case. We are told that Steve left weeks before the previously scheduled trial, the defense is entitled to know whether in witness prep his testimony changed.

> 4. Reports of when Steve entered and left the United States. This should also include whether any of these tickets were purchased by the government. From text messages that we have, it's clear that on at least one occasion agents purchased an airline ticket for him.
>
> 5. All emails and phone numbers that the government (prosecutors or agents) have communicated with Steve through.
>
> 6. The specific date and means that the government learned Steve would not return for trial.

(ECF No. 244 at 5.) The government insists there never was any "agreement," but merely an understanding that Steve would appear at trial. (ECF No. 248.)

In his motion Hamzeh did not cite any legal basis for compelling production of the information he seeks. When in response the government noted this deficiency, Hamzeh replied:

> How about this: Under Rule 16, the government must disclose upon the defendant's request, all "documents ... within the government's possession, custody, or control … [that are] material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i); *see also United States v. Gaddis*, 877 F.2d 605, 611 (7th Cir. 1989) (noting the standard for "material"). Here, among the defenses that Hamzeh will (or will likely make) is to move to dismiss the Indictment because Steve is gone and he was *very* favorable for the defense, or depending on what the facts bear out, the defense may simply seek a missing-witness instruction. Regardless, Steve's presence at trial and determining why he's not present at trial is material to our defense.

(ECF No. 254 at 8 (emphasis in original).)

At the root of Hamzeh's motion is his belief that the government had an obligation to ensure that Steve would appear at trial. The court rejects this premise, at least insofar as it depends on the notion that that government was required to prevent Steve from

exercising a personal decision to travel to his native country. However, the defense could understand the government as having agreed that it would subpoena or similarly obtain Steve's assurance he would appear at trial, and, therefore, that Hamzeh did not have to subpoena Steve.

Hamzeh's motion is based on the belief, or at least suspicion, that the government caused Steve's unavailability. However, there is no reason to believe that. *Cf. United States v. Valenzuela-Bernal*, 458 U.S. 858, 872 (1982) (discussing whether the government violates the Compulsory Process Clause of the Sixth Amendment or the Due Process Clause of the Fifth Amendment when it deports a witness). The court recalls from its review of other records in this case that Steve had plans to return to Jordan soon after Hamzeh's arrest. It is hardly surprising that a person might wish to return to his native country. But, more significantly, the government assures the court and the defense that it had nothing to do with Steve's departure.

In light of these assurances, and in the absence of anything to suggest that the prosecutors are lying to the court and the defendant, the court will not approve the defendant's fishing expedition into the prosecutor's work product, force them to answer what are essentially interrogatories, or permit review of Steve's immigration file based solely on the defense's speculation that these might result in information helpful to Hamzeh's case. *See, e.g.*, *United States v. Navarro*, 737 F.2d 625, 630-32 (7th Cir. 1984) (rejecting defendant's request to review witness's immigration file); *United States v.*

*Hamzeh*, No. 16-CR-21, 2019 U.S. Dist. LEXIS 49168, at *11 (E.D. Wis. Mar. 25, 2019) (noting that there is no equivalent to a civil interrogatory in the Fed. R. Crim. P.) (citing *United States v. Bailin*, 816 F. Supp. 1269, 1275 (N.D. Ill. 1993); *United States v. Saucedo*, No. 90 CR 309, 1991 U.S. Dist. LEXIS 15769, at *7 (N.D. Ill. Aug. 23, 1991); *United States v. Craig*, No. 87 CR 436-1&2, 1987 U.S. Dist. LEXIS 8453, at *5 (N.D. Ill. Sep. 3, 1987)). Some of Hamzeh's requests encompass information that the government should have already disclosed to the defense—*e.g.* "[a]ll communications between Steve and the agents" and "phone numbers that the government (prosecutors or agents) have communicated with Steve through." Beyond that, Hamzeh has failed to demonstrate that the information he seeks is material to his defense.

The court, however, is concerned with the apparent delay in the government informing Hamzeh that it did not expect Steve to return for trial. In denying the motion to compel, the court is not concluding that the date on which the government learned that Steve had left the country and it could no longer compel his attendance at trial is irrelevant, or that Hamzeh might not, under some circumstances, be entitled to some type of relief due to the government's delay in advising Hamzeh of those facts. Rather, the court's decision here reflects only the conclusion that Hamzeh's discovery requests, and specifically proffering what are essentially interrogatories to the prosecutors, are not appropriate means for gathering those details.

5

**IT IS THEREFORE ORDERED** that Hamzeh's "Sixth Motion to Compel" (ECF No. 244) is **denied**.

Dated at Milwaukee, Wisconsin this 28th day of August, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge