UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 16-CR-21

SAMY HAMZEH,

        Defendant.

## UNITED STATES' MEMORANDUM TO THE COURT REGARDING THE COURT'S ORDER DENYING THE DEFENDANT'S SIXTH MOTION TO COMPEL

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Adam Ptashkin and Benjamin Taibleson, Assistant United States Attorneys, hereby files this Memorandum to the Court. In the Court's Order Denying the Defendant's Sixth Motion to Compel, the Court denied the defendant's "fishing expedition" and noted the lack of evidence the United States caused Steve's unavailability.

The Court also noted,

> "the court is not concluding that the date on which the government learned that Steve had left the country and it could no longer compel his attendance at trial is irrelevant, or that Hamzeh might not, under some circumstances, be entitled to some type of relief due to the government's delay in advising Hamzeh of those facts."

Order Denying the Defendant's Sixth Motion to Compel at 5. This note was, understandably, based on the defense's representation that there was such a delay in the government disclosing that Steve had left the country and was unavailable.

In the Defendant's Reply Brief to the United States' Response to the Defendant's Sixth Motion to Compel, the defendant's attorneys state, "At no point in the intervening year did the US

Attorney's Office notify us that Steve had left or that he was not coming back." Defense Reply at 3. But that is not true. To the contrary, the defense is aware that there was no delay of any kind in the Government communicating that Steve had left the country. Over a year ago, in the Defendant's own Second Motion for Production of *Brady* Material and to Compel Discovery (R. Doc. 135), filed on July 11, 2018, at page 7, the defendant's attorneys stated,

> "In addition, the government advised the defense that Steve returned to Milwaukee from overseas this spring before again returning home."

Defense counsel themselves thus documented the U.S. Attorney's Office's communications that Steve had been overseas, had come back to Milwaukee, and had then returned overseas to his home. In addition, over the past year, the United States has had multiple conversations with defense counsel in which the fact that Steve was overseas, and was receiving medical care there, was discussed.

The witness's possible unavailability at trial is based on the fact that he is presently on foreign soil beyond the parties' reach. So, there was no other fact to know or be disclosed. Most recently, approximately three months before trial, in response to a question from the defendant's attorney about Steve's presence at trial, the United States made the common sense point that a foreign national on foreign soil might not want to return to the United States in order to testify at the criminal trial of his best friend, and thus the United States could not guarantee Steve would be present at the October 2019 trial.

The United States did not expect the defense to reiterate in its Reply brief that it "did not know with any certainty" that "Steve was in Jordan." Defense Reply at 5. But it did. And because that caused the Court's concern, the government hereby seeks to clarify the facts before the court, by highlighting the defense's previous, correct statement on the record on July 11, 2018.

Dated at Milwaukee, Wisconsin this 6th day of September, 2019.

Respectfully submitted,

s/ Adam Ptashkin
ADAM PTASHKIN
BENJAMIN P. TAIBLESON
Assistant United States Attorney s
Office of the United States Attorney
Eastern District of Wisconsin
517 E. Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-4581
e-mail: adam.ptashkin@usdoj.gov