UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   Case No. 16-CR-21

SAMY HAMZEH,

        Defendant.

**UNITED STATES' MOTION TO COMPEL RECIPROCAL DISCOVERY
AND MOTION IN LIMINE TO EXCLUDE
EVIDENCE NOT PRODUCED IN DISCOVERY**

This case has been pending for over three years. The United States has complied with its discovery obligations. Indeed, by producing most of its potential *Jencks* and *Giglio* material ahead of schedule, the United States has actually exceeded its obligations. The defendant, in contrast, has produced comparatively minimal discovery in response to the United States' Rule 16 request. For example, while the defense has disclosed its experts, it has produced no reports documenting interviews of other defense witnesses. This is surprising given the defense's estimate of the length of the trial. The United States requests that the Court impose a reasonable deadline for production of reciprocal discovery by the defense—no later than 7 days prior to trial—and that the Court exclude any non-impeachment defense exhibits and the results of any examinations or tests not produced to the United States by the deadline.

1

## I. LAW AND ARGUMENT

### A. The Rule 16 Discovery Framework

Discovery in criminal cases promotes the fair and efficient administration of justice. As described by the Supreme Court, "[d]iscovery, like cross-examination, minimizes the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony" and thereby furthers the "public interest in the full and truthful disclosure of critical facts." *Taylor v. Illinois*, 484 U.S. 400, 411-412 (1988). Indeed, the Court has explained that "[t]he adversary process could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case." *Id*. at 410-411. Additionally, discovery minimizes the need for interruptions of trial "to permit investigation or to resolve new legal problems presented" by the "introduction of vital or unexpected proof." *United States v. North*, 708 F. Supp. 399, 401 (D.D.C. 1988).

In the federal system, under Rule 16 of the Federal Rules of Criminal Procedure, discovery obligations are triggered by the defense. Under the Rule, the prosecution is obliged to disclose its evidence-in-chief only upon request by the defendant, and the defense is obliged to disclose its evidence-in-chief only after the prosecution complies with such a defense request. *See* Fed. R. Crim. P. 16(a)(1)(E), 16(b)(1)(A); United States District Court for the Eastern District of Wisconsin Criminal L. R. 16. Likewise, the prosecution is obliged to produce results and reports of examinations and tests only upon

2

request by the defendant, and the defense is obliged to produce such results and reports only after the prosecution complies with the defense request. *See* Fed. R. Crim. P. 16(a)(1)(F), 16(b)(1)(B). Mutual discovery of expert summaries is similarly triggered by defense request. *See* Fed. R. Crim. P. 16(a)(1)(G), 16(b)(1)(C).

Once triggered, Rule 16 discovery is a two-way street. A defendant may forego discovery from the Government if he does not want to disclose his own evidence. But Rule 16 "does not allow the defendant to have it both ways, *i.e.*, [he] cannot obtain the government's evidence without disclosing [his] own evidence." *United States v. Larkin*, No. 12-CR-319, 2015 WL 4415506 at *5 (D. Nev. July 20, 2015) (unpublished). Because the defendant has requested, and been given, discovery of the prosecution's evidence, he must disclose his own evidence to the United States.

B.     **Information Subject to Disclosure**

Pursuant to Rule 16, the defendant must disclose documents, data, and other items in his possession that he "intends to use . . . in [his] case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A). Additionally, the defendant must disclose "results or reports of any physical or mental examination, and of any scientific test or experiment" if the defendant "intends to use the item in [his] case-in-chief at trial" or "intends to call the witness who prepared the report and the report relates to the witness's testimony." Fed. R. Crim. P. 16(b)(1)(B). In particular, the defendant must produce the results of a forensic computer examination if he intends to introduce the results of the examination. *See United States v. Pires,* No. 08-10063-RWZ, 2009 WL 2176664 (D. Mass. July 22, 2009).

3

Notably, the defendant's "case-in-chief" is not limited to the evidence presented after the Government rests. Rather, it includes evidence introduced in support of defendant's theory of defense during the cross-examination of Government witnesses. *See United States v. Crinel*, No. 15-61, 2016 WL 5779778 at *4 (E.D. La. October 3, 2016) ("a defendant's case-in-chief includes any documents a defendant intends to use during cross-examination of a government witness except for impeachment"); *Larkin*, 2015 WL 4415506 at *5 ("Because a defendant may present her defense through examination of the government witnesses, rather than calling them to testify after the government rests, the narrow temporal interpretation of 'case-in-chief' would result in a loophole in the reciprocal disclosure rule that is contrary to the purpose of the rule."); *United States v. Holden*, No. 13-CR-444, 2015 WL 1514569 at *4 (D. Ore. March 19, 2015) (unpublished) (interpreting defendant's "case-in-chief" to include any non-impeachment defense evidence "is more consistent with the realities of modern trial practice, the analytical approach [taken by the Ninth Circuit] with regard to the government's corollary obligation, and the structure and integrity of Rule 16(b) as a whole"); *United States v. Swenson*, 298 F.R.D. 474, 476-77 (D. Id. 2014) ("In the Court's view, when cross examining a government witness, a defendant is asserting the defense that the government cannot prove the required elements of the crime charged and thus is required to disclose any evidence it seeks to use to establish the failure of proof."); *United States v. Hsia*, No. 13-CR-91, 2000 WL 195067 at *2 (D.D.C. January 21, 2000) (unpublished) ("The cross-examination of . . . government witnesses . . . is properly seen as part of defendant's case-

4

in-chief if it buttresses her theory of the case."); *but see United States v. Harry*, No. CR 10-1915, 2014 WL 6065705 (D. N.M. October 14, 2014) (unpublished) ("the term 'case-in-chief,' as Rule 16(b)(1)(A) use[s] the phrase, refers to evidence that a party presents between the time that the party calls its first witnesses and the time the party rests"). While the defendant must produce substantive evidence intended for use during cross-examination, he need not furnish the Government with evidence intended to be used solely for purposes of impeachment. *See, e.g., United States v. Moore*, 208 F.3d 577, 579 (7th Cir. 2000) (Rule 16(b)(1)(B) does not require disclosure of impeachment evidence). The defendant, therefore, must produce all non-impeachment evidence he intends to introduce at trial, during cross-examination or otherwise.

C. **Timing of Disclosure**

Defense counsel could argue that that the defense will not know what evidence it will use until after the Government rests its case. That may be so, but it does not relieve the defendant of his obligation to disclose prior to trial whatever evidence he may use at trial. As the Supreme Court has explained, "[t]he adversary system of trial . . . is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played." *Williams v. Florida*, 399 U.S. 78, 82 (1970). While "[a] defendant would always like more information about the government's case before revealing anything about his or her own . . . Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying out its entire case [to] the defendant's satisfaction." *United States v. Rajaratnam*, No. S2 09

5

CR 1184, 2011 WL 723530 at *5 (S.D. N.Y. 2011).

If the defense *might* use certain evidence at trial for non-impeachment purposes, the evidence must be disclosed. *See United States v. Hardy*, 586 F.3d 1040, 1043-1044 (6th Cir. 2009) (affirming district court exclusion of defense evidence where defense counsel argued that he did not anticipate using the evidence until, mid-trial, other evidence was determined to be unavailable; the district court found a Rule 16 violation because defense counsel "had an indication that [the evidence] might become necessary"). In other words, the defendant is not entitled to withhold his evidence until a "final determination" is made about whether the evidence will be used. *See United States v. Jasper*, No. 00 CR 825, 2003 WL 223212 at *4 (S.D. N.Y. 2003) (unpublished) ("Allowing defendant to defer the provision of [expert] discovery until a final determination is made regarding whether or not to put an expert witness on the stand would seem to frustrate the achievement of [the] goals [of expert discovery]"); *see also United States v. Huntress*, No. 13-CV-199S, 2015 WL 631976 at *33 (W.D. N.Y. Feb. 13, 2015) (unpublished) (ordering production of discovery by the defense no later than 30 days prior to trial, despite the defense assertion that no decision had been made regarding introduction of defense evidence because it did "not know if the government [would] meet its burden of proof at trial").

The case of *United States v. Ryan*, 448 F. Supp. 810, 810 (S.D. N.Y. 1978), is illustrative. There, the defense withheld certain documents from its discovery production because it intended to use the documents only if the defendant testified and it was not then in a position to determine whether the defendant would take the stand. The court

6

acknowledged that "[i]t is perfectly normal and proper for a defendant to postpone the decision as to whether or not he will testify until the end of the government's case." *Id*. at 811. Nevertheless, the court ordered the documents to be produced immediately. *Id*. The court explained that, "[w]hile the refusal to testify is constitutionally protected, the trial strategy itself is not so protected. Since the defendant has availed himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery." *Id*. The court ordered that the documents in question would be excluded at trial unless they were produced to the prosecution in accordance with the court's order. *Id*.

The defendant in this case should have produced the majority of its discovery long ago, in particular given the defense has stated repeatedly for an extended period of time it intends to present an entrapment defense. At the very latest, considering the complexity of the case, the defendant should be required to produce all defense discovery 7 days prior to trial.

### D. Exclusion of Evidence Not Turned Over

The United States requests that, in addition to establishing a firm deadline for production of defense discovery, the Court order that any defense evidence (other than impeachment evidence) and the results of any examination or test not produced to the United States by the deadline be excluded from evidence at trial. Rule 16 makes clear that, where a party fails to comply with its discovery obligations under the rule, the court may prohibit the party from introducing the undisclosed evidence. FED. R. CRIM. P. 16(d)(2);

7

*United States v. Alexander*, 869 F.2d 808, 812 (5th Cir. 1989) ("Rule 16(d)(2) . . . permits a court to prohibit the introduction of evidence not disclosed in compliance with Rule 16.").

The Supreme Court has expressly approved the use of this remedy. The right of a defendant to present exculpatory evidence is not absolute and must be weighed against "countervailing public interests." *Taylor*, 484 U.S. at 414. In *Taylor*, the Supreme Court upheld the trial court's exclusion of a defense witness from testifying as a sanction for the defendant's deliberate failure to identify the witness prior to trial. *Id.* at 416-18. The Court explained that the Government's "interest in the orderly conduct of a criminal trial is sufficient to justify the imposition and enforcement of firm, though not always inflexible, rules relating to the identification and presentation of evidence." 484 U.S. at 410-11; *cf. United States v. Mizell*, 88 F.3d 288, 294-295 (5th Cir. 1996) (*Taylor* requires balancing the defendant's Sixth Amendment rights with "efficiency and fairness concerns").

Where the defendant's failure to comply is willful and "motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence at trial," exclusion is appropriate. *Taylor*, 484 U.S. at 415; *see also United States v. Hamilton*, 128 F.3d 996, 1004-05 (6th Cir. 1997) (eleventh-hour production of defense evidence warranted exclusion); *United States v. Duran*, 41 F.3d 540, 545 (9th Cir. 1994) ("Because this was a 'strategic decision to withhold the [evidence] until after the close of the government's case,' appellants must 'accept the risk arising from this behavior.'") (quoting *United States v. Aceves-Rosales*, 832 F.2d 1155, 1157 (9th Cir. 1987)); *United States v. Rodriguez-Cortes*, 949 F.2d 532, 545-546 (1st Cir. 1991) (affirming

8

exclusion of defense evidence where "the defense could have produced this evidence earlier" and "the government should not be required to investigate the authenticity of the documents at such a late stage"); *United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) ("Permitting the defense to use the documents, particularly without the prosecution ever having seen them and despite the earlier government requests for those documents, would have given the defense an unfair advantage."). On the other hand, if the defendant's violations were not "done out of an attempt to gain an unfair advantage over the prosecution," alternative sanctions may be sufficient. *See, e.g., Mizell*, 88 F.3d at 295.

Discovery produced after the prosecution rests is not discovery at all. A defendant who refuses to disclose his own evidence in order to deprive the prosecution of a "fair opportunity" to meet his defense. *See Taylor*, 484 U.S. at 410-411.

Additionally, the conduct of the trial would be significantly impaired by the introduction of undisclosed evidence. In the interest of fairness, the Government would be entitled to recesses of the trial to investigate surprise evidence, inconveniencing the jury and stressing the Court's docket.

## CONCLUSION

The United States requests that the Court impose a deadline for the production of defense discovery no later than 7 days prior to trial. Additionally, the United States requests a Court order that any undisclosed substantive evidence, or any witness testifying as to undisclosed examinations or tests, will be excluded at trial.

Dated at Milwaukee, Wisconsin this 13th day of September, 2019.

9

Respectfully submitted,

s/ Adam Ptashkin
ADAM PTASHKIN
BENJAMIN P. TAIBLESON
Assistant United States Attorney s
Office of the United States Attorney
Eastern District of Wisconsin
517 E. Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-4581
e-mail: adam.ptashkin@usdoj.gov
       benjamin.taibleson@usdoj.gov