UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   *Plaintiff*,

                Case No. 16cr21

*vs*.

SAMY M. HAMZEH,

   *Defendant*.

**REPLY BRIEF IN SUPPORT OF THE SUPPLEMENTAL
OBJECTIONS (R.265, 279) TO THE MAGISTRATE JUDGE'S CIPA RULING (R.224)**

   Samy Hamzeh, by counsel, files this reply brief in support of the supplemental submissions (R. 265, 279) in support of the defense's CIPA objections (R.224). In its responses the government argues that our two supplemental memorandums are untimely, we've waived the arguments, and they are meritless. *See* R.274, 281. This reply will be short.

   First, our discovery requests for all surveillance concerning Hamzeh's communications and the CI's files were timely made and subject to the government's motions under CIPA. So we didn't (and don't) know what they precisely entail—*i.e.,* when Hamzeh's phone was tapped and what it captured. We now have a reasonably strong basis to argue that Hamzeh's phone calls and text messages were intercepted. And the information about the text messages being intercepted was not previously known (it wasn't disclosed); it was simply a matter of the defense deducing it from some odd looking discovery, which received added scrutiny as we prepared exhibits. So the
Federal Defender Services
of Wisconsin, Inc.

supplemental briefs are merely the defense's attempt to fill in the details of (and defense's need for) what's been cloaked under CIPA.

Second, CIPA does not undermine *Brady*, and the defense cannot waive a *Brady* argument—it's a right that's triggered without demand. *United States v. Sedaghaty*, 728 F.3d 885, 930 (9th Cir. 2013 ("The government has the burden under Federal Rule of Criminal Procedure 16 to disclose evidence 'both favorable to the accused and material either to guilt or to punishment.'" (quoting *United States v. Bagley,* 473 U.S. 667, 682 (1985)) (Tallman, J., concurring). And it's incumbent on the government to provide that information, both now (a month out from trial) and up until the trial is over. *See Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012); *Steidl v. Fermon*, 494 F.3d 623, 630 (7th Cir. 2007) (noting "the duty to disclose extends throughout the legal proceedings that may affect either guilt or punishment, including post-conviction proceedings"). So there is no basis to argue that the filings should be ignored as untimely. Indeed, there is no such thing as an untimely *Brady* demand or waiving the ability to explain for the Court why certain information likely exists and why it would be helpful and should be turned over under *Brady*.

In fact, the supplemental briefs should, if anything, affirm the dangers of *ex parte* filings, which keep the defense in the dark and force it to guess at what may exist and may be helpful to the defense. *Sedaghaty*, 728 F.3d at 891 ("[A] system that permits ex parte hearings and requires the court to pass on the legitimacy of claims related to classified information places a heavy burden on the court."). The defense cannot be penalized for failing to articulate and fully argue that which wasn't disclosed and it

2

Federal Defender Services
of Wisconsin, Inc.

Case 2:16-cr-00021-PP   Filed 09/20/19   Page 2 of 3   Document 286

couldn't directly know, but was instead forced to deduce. Indeed, the government has never volunteered or even confirmed that Hamzeh's phone was taped or his text messages intercepted or that Mike has gotten a single benefit from the government, aside from the eight thousand odd dollars that has been disclosed. And all of that information does fall under *Brady* and should be turned over to the defense.

Dated at Milwaukee, Wisconsin this 20th day of September, 2019.

Respectfully submitted,

/s/     *Craig W. Albee*
Craig W. Albee,
Joseph A. Bugni
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI  53202
Tel. (414) 221-9900

*Counsel for Defendant*, Samy M. Hamzeh