UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                Case No. 16-CR-21

SAMY HAMZEH,

      Defendant.

**United States' Response to Hamzeh's Objection to the
Magistrate Judge's Denial of Hamzeh's Sixth Motion to Compel**

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Benjamin Taibleson and Adam Ptashkin, Assistant United States Attorneys, hereby responds to the Hamzeh's Objection to the Magistrate Judge's denial of Hamzeh's Sixth Motion to Compel.

Hamzeh filed his Sixth Motion to Compel based on the incorrect factual premise that he did not know that a Confidential Human Source, Steve, was in Jordan (and thus beyond the parties' reach). In reality, the defense's own writings reflected that defense counsel had long known Steve was in Jordan, having been informed by the United States. There was, further, no relationship between the defendant's claimed harm and the relief to which he said he was entitled in any event.

The Magistrate Judge thus denied Hamzeh's motion. Contrary to the defense's claim to this Court, *see* Hamzeh Objection at 3, the Magistrate Judge did not find he was

"powerless" to side with the defense – he simply rejected their claim. The defense now admits the factual premise of its motion was false and admits it knew Steve was in Jordan; and the defense laments that "this Court is inundated with filings;" yet the defense objects to the Magistrate Judge's ruling.

The United States produced everything to which the defense is entitled, and then some. Counsel for the United States also tried in good faith to be collegial and flag Steve's presence in Jordan issue well in advance of trial, an issue completely beyond the parties' control. Nonetheless, the defense continues to file discovery motions. The objection should be denied and the Magistrate Judge's discovery order should not be disturbed.

I.  *Hamzeh's Objection is a Mere Incorporation By Reference of Arguments Properly Rejected Below Because They Were Legally Unsupported and Based on False Premises.*

Hamzeh's Objection omits any background information that could assist this Court. That background is as follows: Trial in this case was scheduled for February 2018. The government expected to call two CHSs, Steve and Mike, and the defense expected to cross-examine them. The government subpoenaed then-Wisconsin-residents Steve and Mike. And so, the parties expected the CHSs to appear at trial. In January 2018, the defense's motion to adjourn the trial was granted, and trial was set for August 20, 2018. In June 2018, Steve, a Jordanian, bought his own plane ticket on his own initiative and flew home to Jordan. At the time, he said he intended to fly back to the United States for the August 2018 trial. On July 27, 2018, the defense again moved to adjourn the August 2018 trial, the motion was granted, and trial was ultimately set for October 21, 2019.

2

Approximately two months ago, on July 31, 2019, the undersigned mentioned to defense counsel that Steve was in Jordan and that it was not clear whether he was actually going to fly back to the United States for the October 21, 2019 trial. The government gave the defense the contact information it had for Steve in Jordan and information for Steve's uncle in Milwaukee. To attempt to gain more information about Steve's intent to return to the United States, the government also attempted to reach out to Steve on August 6, 2019 but was unable to reach him.

Several weeks after the parties discussed Steve, on August 22, 2019, the defense filed its Sixth Motion to Compel. It asked to re-open discovery and requested an evidentiary hearing. The motion misrepresented the parties' shared belief circa summer 2018 that a witness would attend a then-scheduled trial as a rights-conferring government promise to make a foreign-national civilian witness available at any trial, no matter (1) when trial occurred or (2) where the witness then was, or (3) what possible legal means the government might have to do so. It analogized this situation to the entirely different one in which the government deports a witness in bad faith or deports a witness and then offers that witness's testimony in an affidavit or deposition video (triggering the defendant's Confrontation Clause rights). It asked the court to order and preside over an evidentiary hearing without offering the prerequisite evidence that there are any material disputed facts. It identified no actual legal harm suffered and instead offered mere speculation. And, in the final analysis, it continued to flood the magistrate court with inappropriate discovery requests.

Judge Duffin denied the motion and explained,

3

Case 2:16-cr-00021-PP   Filed 09/24/19   Page 3 of 12   Document 296

> Hamzeh's motion is based on the belief, or at least suspicion, that the government caused Steve's unavailability. *However, there is no reason to believe that*. The court recalls from its review of other records in this case that Steve had plans to return to Jordan soon after Hamzeh's arrest. It is hardly surprising that a person might wish to return to his native country. But, more significantly, the government assures the court and the defense that it had nothing to do with Steve's departure. In light of these assurances, and in the absence of anything to suggest that the prosecutors are lying to the court and the defendant, the court will not approve the defendant's fishing expedition into the prosecutor's work product, force them to answer what are essentially interrogatories, or permit review of Steve's immigration file based solely on the defense's speculation that these might result in information helpful to Hamzeh's case.

Order Denying Hamzeh's Sixth Motion to Compel at 4 (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 872 (1982) (discussing whether the government violates the Compulsory Process Clause of the Sixth Amendment or the Due Process Clause of the Fifth Amendment when it deports a witness) (emphasis added).

Before the magistrate court, Hamzeh's counsel claimed that they did not know Steve was in Jordan. *See, e.g.,* Hamzeh Sixth Motion to Compel Reply at 3 ("at no point in the intervening year did the US Attorney's Office notify us that Steve had left or that he was not coming back"). Based on those claims, the Magistrate Judge expressed "concern[] with the apparent delay" in notification and noted that Hamzeh may, "under some circumstances, be entitled to some type of relief" based on that apparent delay. *Id.* at 5. Judge Duffin nonetheless concluded the discovery requests were "not appropriate." *Id.*

The defense's representations that caused the above concern were, however, false. In fact, there was no delay of any kind in the Government communicating that Steve had left the country. Over a year ago, in the defendant's own Second Motion for Production

4

of *Brady* Material and to Compel Discovery (R. Doc. 135), filed on July 11, 2018, at page 7, the defendant's attorneys stated,

> "In addition, the government advised the defense that Steve returned to Milwaukee from overseas this spring before again returning home."

Defense counsel themselves thus documented the U.S. Attorney's Office's communications that Steve had been overseas, had come back to Milwaukee, and had then returned overseas to his home. In addition, over the past year, the United States has had multiple conversations with defense counsel in which the fact that Steve was overseas, and was receiving medical care there, was discussed.

Relatedly, the defense also told the magistrate court that it was not aware that Steve was a non-United States citizen. In response to the United States stating that the defendant's reference to 28 U.S.C. § 1783 made little sense because Steve is a non-U.S. citizen in a foreign country, the defendant's attorney stated, "the defense team has no idea what Steve's [immigration] status is." Hamzeh Sixth Motion to Compel Reply. But on January 1, 2018, in the Government's Response to Defendant's *Brady* Motion, the United States stated:

> CHS-1 is a Non-United States Citizen, Non-Immigrant Visa Overstay who voluntarily contacted the FBI regarding his relationship with Hamzeh. The FBI obtained an Exercise of Prosecutorial Discretion from Removal Proceedings for CHS-1 so that he could remain in the United States during the course of the Hamzeh investigation. The "deferred action" status was terminated after Hamzeh's arrest and CHS-1 returned to Jordan on March 11, 2016.

The defense also knows that Steve has received no immigration benefits since those reflected in the quote above, having asked and been told as much.

5

The witness's possible unavailability at trial is based on the fact that he is presently on foreign soil beyond the parties' reach. There were no other facts to know or be disclosed. As a result, the defendant's Sixth Motion to Compel was baseless, and was properly rejected.

The defense now offers an objection that states "the factual and legal basis for the relief sought is set out in the defense's Sixth Motion to Compel." Hamzeh Objection at 3. That cannot suffice to put these issues before this Court. As this Court is aware, "without specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a *de novo* determination does not arise. The general statements that a party 'objects' and 'incorporates all arguments previously made to the magistrate' will not suffice." *United States v. Molinaro,* 683 F.Supp. 205, 211 (E.D. Wis. 1988). See also *United States v. O'Neill*, 52 F. Supp. 2d 954, 967 (E.D. Wis.), *aff'd sub nom. United States v. Warneke*, 199 F.3d 906 (7th Cir. 1999) ("Although O'Neill portends to object to many sections of the magistrate's recommendation, he neither offers statutory analysis nor cites case law in support of many of his broad and often wandering objections. Thus, the court will reject many of these objections without performing a *de novo* review.") (citation omitted).

The defense does now admit, however, that the representations it made to the magistrate below were incorrect:

> now, to be clear, the defense did learn that Steve had left before the last trial. Defense counsel, collectively, have *no* recollection of learning that information but the government has cited a pleading where it's clear we learned of Steve flying home in July of 2018—a month *before* trial. But

6

knowing that he flew back is not the same as knowing Steve would not come back.

Hamzeh Objection to the Order Denying Hamzeh's Sixth Motion to Compel at 3.

That the defense apparently forgot a man they say is their key witness was in Jordan is not a claim for relief. And even if it was, it is waived, as this was not the claim that Hamzeh made to the magistrate court. In any event, it is now clear that the parties are equally situated with respect to what they know about whether Steve will come back, and when they knew it: He is in Jordan, so he may not be present at trial. That is all anyone knows. This Court's analysis need go no further.

II. *There Was No Promise.*

The defense should not be permitted to merely incorporate by reference its other filings, but as discussed below and found by Judge Duffin, there are a host of other infirmities in the defense's original filing and, if incorporated therein, its objection.

The defense has once again taken the extreme step of citing prosecutorial malfeasance and misconduct cases. Hamzeh Objection at 4 (citing *United States v. Leal-Del Carmen*, 697 F.3d 964, 968 n.4 (9th Cir. 2012) (finding in a case where the government deported a witness who possessed exculpatory information that it should have produced more evidence regarding, *inter alia*, the deportation and exculpatory information); Hamzeh Sixth Motion to Compel at 2-3 (citing *United States v. Liburd*, 607 F.3d 339, 343 (3d Cir. 2010) (finding prosecutorial misconduct and vacating a conviction where "the government breached an unambiguous [on-the-record] promise" to the court and the defendant that it would not introduce certain evidence at trial and then did so anyway);

7

*United States v. Jackson*, 621 F.2d 216, 220 (5th Cir. 1980) (reversing a conviction where the district judge adopted an on-the-record pretrial agreement as "binding on all parties" and the government violated that agreement in "the middle of the trial").

First, and most importantly, there was no promise or agreement that the government would guarantee Steve, a civilian witness, would be at the August 2018 trial. In 2018, both parties thought Steve would be at the 2018 trial. The defense cited below a letter it wrote to the government on June 11, 2018, stating:

> 2. We understand that [Mike] and [Steve] both will be present at trial and available as witnesses. Greg most recently confirmed that they would be available during a conversation we had on Tuesday. Please advise if we are mistaken in this understanding.
>
> 3. We understand that the government *will make any agents who participated in this investigation available* for testimony at trial with notice to your office. Please advise if we are mistaken in this understanding.

Craig Albee Letter to Greg Hanstaad and Paul Kanter, June 11, 2018 (emphasis added).

Even the above – *i.e.*, the defense's characterization of its understanding – is clear that the government did not promise to make Mike or Steve available at trial. This distinguishes Mike and Steve from government agents. The defense understood that Mike and Steve would be present at the August 2018 trial. So did the government. But that is all. No agreement of the kind implied in the Sixth Motion to Compel existed.

The defense claimed below that the Albee letter "confirm[ed] in writing," Sixth Motion to Compel at 2, an agreement. That is not correct, as is clear from the letter. The government most certainly did not and could not have promised to make Steve, a non-citizen civilian witness who lives in a foreign country, available. Any claim otherwise is

8

Case 2:16-cr-00021-PP   Filed 09/24/19   Page 8 of 12   Document 296

confusing on its face and totally unsupported. Further, there was no agreement that Steve would be at any future trial, including an October 2019 trial, no matter how many adjournments the defendant sought and was granted.

Second, as discussed above, the government flagged this issue nearly three months before trial in an effort to be collegial and to facilitate an orderly trial. That is a longer period than the Speedy Trial Act contemplates for sorting out every single pre-trial issue. The defense effort to cast what happened as an eleventh hour revelation to their detriment is misleading. For these reasons, the Court should reject the Sixth Motion to Compel as an effort to re-open discovery and delay trial based on false factual premises.

III.    *The Defendant Has Suffered No Injury.*

As the Magistrate Court found, there is no reason to believe the United States made Steve unavailable. And that makes sense, because the United States did not do that. Steve is a Jordanian would-be government witness who bought his own plane ticket and flew home over a year ago. He was not deported. He did not possess exculpatory information. He was most certainly not deported in bad faith because he possessed exculpatory information. The defense's hopeful speculation, without citation, that Steve would be susceptible to cross-examination at trial does not establish otherwise. So, Hamzeh's reference to *United States v. Leal-Del Carmen*, 697 F.3d 964, 970 (9th Cir. 2012), in which the government deported in bad faith a witness in possession of exculpatory information, should be disregarded.

Further, baked into Hamzeh's motion below was the premise that there would be some constitutionally infirm unfairness if Steve's testimony against Hamzeh were

9

allowed in at trial and then the defense could not cross-examine him. *See* Sixth Motion to Compel at 3-4 (indicating that a possible remedy for the purported harm is the exclusion from evidence of Steve's (out-of-court) statements). Hamzeh's Sixth Amendment confrontation clause rights are only implicated if Steve's *testimony* is admitted into evidence.[1] If the government deported Steve and then attempted to introduce an affidavit or videotaped deposition from him as testimonial evidence against Hamzeh at trial, Hamzeh might be aggrieved if he could not cross-examine Steve. But nothing like that has happened or will happen.

Instead, what has happened here is simple: The defendant sought, and obtained, delays in his trial date. Rather than waiting around in a country foreign to his own, one of the witnesses to Hamzeh's crime ultimately left the country. Unfortunately for the government, this witness is the person who first reported Hamzeh's plans to commit a mass killing to the FBI. And he was Hamzeh's best friend, no less. (As is typical, the government's case only gets more difficult to prove as trial delays mount.) Nonetheless, the government has elected to proceed with Hamzeh's trial given the strength of its remaining evidence. The government's burden of proof at that trial remains unchanged; even without Steve as a government witness, it will have to prove beyond a reasonable doubt that Hamzeh illegally possessed two machine guns and a silencer. Both parties will

---

[1] The government moved under the rule of completeness to admit some of Steve's recorded out-of-court statements eliciting or responding to Hamzeh's recorded, admissible non-hearsay statements. But those statements by Steve are not testimonial and are offered only to make Hamzeh's statements intelligible to the jury.

remain subject to the rules of evidence and the restrictions of the Confrontation Clause. Hamzeh has not been injured.

*IV.    The Defendant's Requests For Relief Are Misplaced.*

The Sixth Motion to Compel, as incorporated by reference in Hamzeh's present Objection, concludes with a variety of requests, ranging from agent rough notes to an evidentiary hearing about Steve's unavailability. No evidence, and no case law in this or any other circuit, supports those requests. The defense referred below to the possible applicability of 28 U.S.C. § 1783, but as Hamzeh knew, because Steve was his best friend (and because the United States previously disclosed it), Steve is not a national or resident of the United States. He is Jordanian. The first sentence of Section 1783 thus makes clear it does not apply here: "A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, *of a national or resident of the United States* who is in a foreign country . . . ."

The court must only conduct an evidentiary hearing "if evidence on an issue of fact is necessary to the decision of the motion." *Nechy v. United States*, 665 F.2d 775, 776 (7th Cir. 1981). Speculation that an evidentiary hearing might help the defense cannot suffice. Compare *United States v. Hamzeh*, ORDER ON THE DEFENDANT'S DISCOVERY MOTIONS at 5 (Dkt. No. 219) ("Hamzeh has failed in his burden to make the requisite prima facie showing of materiality. . . . He offers only speculation . . . . Such bald conjecture is insufficient.").

In addition to an evidentiary hearing, Hamzeh requested various documents or pieces of information, such as "Steve's immigration file," and "[a]ll emails and phone

11

numbers that the government (prosecutors or agents) have communicated with Steve through." Sixth Motion to Compel at 5. These requests have no basis in the Federal Rules of Criminal Procedure, the Local Rules, or the Constitution; indeed, Hamzeh does not attempt to identify any source of law justifying his requests beyond a generalized Rule 16 reference.

The defense also now argues that "getting a missing witness instruction is not as tough" as having an indictment dismissed, so it may be entitled to that. Hamzeh Objection at 2. But there is no basis for believing Steve's testimony would have been helpful to the defense, and again, as the Magistrate Judge found, the United States did not make Steve unavailable. A missing witness instruction is facially inappropriate.

## CONCLUSION

For the reasons set forth above, Hamzeh's Objection to the Order Denying Hamzeh's Sixth Motion to Compel should be denied.

Dated at Milwaukee, Wisconsin this 24th day of September, 2019.

Respectfully submitted,
MATTHEW D. KRUEGER
United States Attorney

By: */s/ Benjamin Taibleson*

Benjamin Taibleson
Adam Ptashkin
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
(414) 297-1700
benjamin.taibleson@usdoj.gov