UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 16-CR-21

SAMY HAMZEH,

    Defendant.

---

### United States' Brief Regarding the Relevance of Evidence of Positional Predisposition to Commit the Charged Crime

---

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Benjamin Taibleson and Adam Ptashkin, Assistant United States Attorneys, hereby file this brief regarding the relevance of certain evidence of positional predisposition to commit the charged crime.

The defendant is charged with the illegal possession of machineguns and a silencer. Hamzeh will argue he was entrapped because he was induced and not predisposed to commit the charged offense. Regarding predisposition, Hamzeh will argue that he would not have wanted a machinegun but for government intervention.

Hamzeh will also argue that under *United States v. Hollingsworth*, 27 F.3d 1196 (7th Cir. 1994), the predisposition inquiry is probabilistic, not exclusively about what Hamzeh wanted. Hamzeh will argue it was not likely – *i.e.*, improbable – he would have committed the charged offense of illegally possessing a machinegun under 26 U.S.C. §

5861(d) because (among other reasons) Section 5861(d) machineguns are rare and expensive. He intends to call one defense expert to say machineguns are rare and another to say they are expensive. So, Hamzeh will argue based on that availability evidence that he was not predisposed to commit the charged offenses. [1]

In response, the United States seeks to introduce evidence of the availability of Section 5861(d) machineguns and silencers in order to show that Hamzeh was in a position to acquire them, contrary to his defense. The Court expressed concern at the September 27, 2019 pretrial hearing that testimony regarding the cost and availability of "Glock switches" and similar devices might not be relevant to the jury's analysis, but in light of the offenses charged and of Hamzeh's defense, that evidence is relevant.

Hamzeh is charged in counts one and two of the indictment with violating 26 U.S.C. § 5861(d) by possessing unregistered machineguns.

> *The term "machinegun" means* any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, *any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun*, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845 (emphasis added).

Section 5861(d) machineguns come in a variety of shapes and sizes. Some are enormous, some are very small. Some are 9mm caliber firearms that automatically shoot

---

[1] Separately, Hamzeh will also argue that he was not predisposed because he did not *want* to possess a machinegun. And the United States will offer contrary evidence indicating that he did want to possess a machinegun.

2

more than one shot with each trigger pull, some are 10mm caliber firearms that automatically shoot more than one shot with each trigger pull, and some are known as "Glock switches" which are designed and intended for use in converting a weapon into a machinegun. Possessing an unregistered 9mm machinegun is committing the same crime as possessing an unregistered 10mm machinegun or possessing an unregistered Glock switch. Not just a similar crime, but the very same crime.

Nor should this be viewed as a technicality. Congress' decision to define conversion kits and switches as Section 5861(d) machineguns – as a matter of law – reflects a real and practical reality. Just this year, ATF field offices, including in Milwaukee, were tasked with seeking to locate nearly 3,000 such devices sent to Chicago by a single exporter. *See, e.g.,* https://www.cnn.com/2019/05/23/us/atf-agents-hunting-down-illegal-machine-gun-device-invs/index.html. Evidence that Glock switches and similar machineguns are inexpensive and accessible is, therefore, relevant to rebut the defendant's entrapment defense.

If the defense will stipulate that Hamzeh was positionally predisposed to possess a machinegun – not that he necessarily wanted one, merely that it was likely he could get one if he wanted to – and does not intend to call expert witnesses to testify otherwise, then the United States might not need to put this evidence to the jury. The same would be true if this Court rules that the defense testimony on this topic is inadmissible because it too is irrelevant (though that might also create appellate issues). But, otherwise, evidence that machineguns were inexpensive and accessible at the time of the charged offense is relevant (no matter which shape or size the machinegun comes in) in light of

3

Hamzeh's entrapment defense. Glock switches are machineguns under the definition of the charged offense.

If the Court disagrees and will exclude this evidence, the United States respectfully requests that it issue its formal holding pretrial, before jeopardy attaches.

Dated at Milwaukee, Wisconsin this 30th day of September, 2019.

>
> Respectfully submitted,
> MATTHEW D. KRUEGER
> United States Attorney
>
> By: */s/ Benjamin Taibleson*
>
> Benjamin Taibleson
> Adam Ptashkin
> Assistant United States Attorneys
> United States Attorney's Office
> Eastern District of Wisconsin
> 517 East Wisconsin Avenue
> Milwaukee, Wisconsin 53202
> (414) 297-1700
> benjamin.taibleson@usdoj.gov