UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

        Case No. 16cr21

*vs.*

SAMY M. HAMZEH,

    *Defendant*.

**MOTION FOR LEAVE TO FILE A RESPONSE BRIEF TO THE GOVERNMENT'S BRIEF. R.302**

Samy Hamzeh, by counsel, moves this Court for leave to file a response to the government's brief regarding the relevance of Hamzeh's statements about Hamas, Israel, and ISIS, and the testimony of Dr. Levitt on these subjects. (R.302). The government's brief was filed today.

Motions in limine were due on Friday September 13. The defense filed two pertinent ones: one to exclude Dr. Levitt and the other to exclude certain statements about Israel and Palestine. *See* R.277, R.278. A week later, the government filed responses to both. *See* R.284, R.285. At the final pretrial conference, the Court made observations about both motions but didn't issue a formal ruling. The Court did not ask for additional briefing about Dr. Levitt and the admissibility of statements about Israel. Nonetheless, today, the government filed a lengthy brief on both. *See* R.302:1–18.

A cursory review reveals that the government is simply making (mostly) the same arguments it made in its response briefs and later filed omnibus reply. R.298 There are,

of Wisconsin, Inc.

Case 2:16-cr-00021-PP   Filed 10/02/19   Page 1 of 3   Document 305

however, two arguments that are new and the defense would like to respond to. This includes the government's assertion that "Kalashnikovs are machineguns." R.302:5. Using that false equivalence in the next line it argues: "Hamzeh says he wants to possess them. His statement that he wants to possess machineguns is highly relevant to proving the defendant was predisposed to possess machineguns." *Id.* But his statements about Kalashnikovs (which are not machineguns) doesn't mean he was predisposed to possess an unregistered machine gun.

Beyond conflating the distinct terms machinegun and Kalashnikov, the government's brief also conflates Hamzeh's empty boasts about Palestine (months earlier) with the purchase of these machineguns after months of pressure from the informants. In doing so, it also attempts to make Dr. Levitt's testimony relevant in *this* case about unregistered firearms as "background," by citing cases where his testimony wasn't mere "background" but relevant—those involving actual, international terrorism. But like its other briefs, the government cites no cases that would make the "background" information that Dr. Levitt would offer (in this case) relevant or admissible under Rule 403. *See United States v. Boros,* 668 F.3d 901, 909 (7th Cir. 2012) ("When background evidence is so removed from the focus of the case, as it was here, even factual, brief, and succinct testimony may be unfairly prejudicial to the defendant."). Indeed, the government's brief doesn't grapple with the key concerns expressed by the Court's comments at the hearing—that the non-existent to miniscule relevance of Hamzeh's empty talk about Palestine would consume hours of trial time, including two experts and dozens of transcripts and do nothing but confuse and inflame the jury. *See id.* at 908

(noting "because background evidence about ancillary matters has only marginal relevance, it is more susceptible to exclusion under Rule 403's balancing of prejudice and probative value").

In order to more thoroughly respond to those points, the defense respectfully seeks leave to file a response to the government's brief (R.302). If granted, the defense will file its brief by Monday, October 7, and the response will be no longer, than eight pages.

Dated at Milwaukee, Wisconsin this 2nd day of October, 2019.

Respectfully submitted,

/s/    *Joseph A. Bugni*
Joseph A. Bugni
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI 53202
Tel. (414) 221-9900

*Counsel for Defendant*, Samy M. Hamzeh