UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | September 27, 2019 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2016-cr-21 |
| CASE NAME: | United States of America v. Samy Hamzeh |
| NATURE OF HEARING: | Final Pretrial Conference |
| APPEARANCES: | Adam Ptashkin – Attorney for the government |
| | Benjamin Taibleson – Attorney for the government |
| | Craig Albee – Attorney for the defendant |
| | Joseph Bugni – Attorney for the defendant |
| | Samy Hamzeh – Defendant |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 9:35 a.m. – 11:46 a.m. |

The court conducted the final pretrial conference ahead of the October 21, 2019 trial. The court will conduct another short hearing on October 17, 2019 to tie up any loose ends prior to the start of the trial.

The court recounted that it had recently issued a written order granting the defendant's first motion *in limine* (Dkt. No. 234), seeking to present an entrapment defense. (The court's ruling is at Dkt. No. 295.)

The court noted that the clerk's office had sent out the juror questionnaire a few days ago. The court explained that it had edited the questionnaire, removing questions it did not believe appropriate and modifying other questions. The court explained that some of the questions it had taken out related to potential jurors' knowledge of the conflict in the Middle East, and told the parties that it was not going to allow a mini-trial on the history of that conflict and disputes between Arab and Jewish factions. The court indicated that it might allow some of the questions it had excluded from the questionnaire at the actual *voir dire*; it would reserve its decision on those questions until closer to trial.

Next, the told the parties that it was aware it owed them a decision on the defendant's objections to Judge Duffin's order ruling on the defendant's various discovery motions. (Judge Duffin's ruling is at Dkt. No. 219, the defendant's objection at Dkt. No. 224, the government's response at Dkt. No. 228, and the defendant's reply at Dkt. No. 230.) The court advised the parties that it had drafted an order overruling those objections on the ground that it found no clear error in Judge Duffin's ruling. The court explained, however, that on September 6, 2019, the defendant had filed a supplement to his objections, making further arguments in support of his request for the informant file for the informant known as "Mike." (Dkt. No. 267). The defense had argued that it had reason to believe Mike's informant file contained

1

impeachment material. The court asked government counsel how difficult it would be for the court to review Mike's file *in camera*. The prosecutor responded that there was nothing in the file that constituted impeachment material, but stated that he could arrange for the court to view it if the court ordered him to do so. He expressed doubt, however, that the arrangements could be made in time for the court to review the file prior to trial. He indicated that after today's hearing, he would look into how long it would take to provide the file.

The court next addressed the defendant's second motion *in limine*, asking the court to allow counsel to conduct the *voir dire*. Dkt. No. 257. The court denied part of the motion, stating that it would conduct the initial *voir dire*, but stated that it would grant the motion to the extent that after it finished the initial questioning, it would meet with counsel at sidebar to discuss possible follow-up questions. The court would determine which follow-up questions to allow, and then will allow the parties to ask those follow-up questions.

The parties advised the court that they had filed a stipulation, agreeing that the government's exhibits 100-159 and 500-530 were authentic recordings. (The stipulation is at Dkt. No. 299.) The parties hoped to file further stipulations prior to trial.

The parties confirmed that because the court had ruled that the defense would be allowed to present an entrapment defense, the case would take two weeks to try.

The court advised the parties to contact the court's staff to arrange to come into the courtroom and practice with the evidence presentation technology prior to the trial. The parties discussed the technology they would use for the trial. In particular, the court asked the parties to explain how they planned to present the recorded conversations (which are in Arabic) to the jury. The parties provided an explanation.

The court noted that the parties had requested a court reporter, and introduced the reporter present today as one of the reporters who would be covering the trial.

The court explained that it hoped to be able to have the jury pool right away on the first day of trial. The court planned to have the parties come to the courtroom each day between 8:00 a.m. and 8:15 a.m., and to have the jury from 9:00 a.m. to somewhere around 5:00 or 5:30 p.m. with a morning break, an hour lunch break and an afternoon break. The court noted, however, that if the trial was not moving expeditiously, it would adjust that schedule.

2

The court explained that it usually allowed the jurors to take notes, and asked whether any party objected. No party objected to the court allowing the jurors to take notes.

The court asked the parties to advise their witnesses that they would be required to go through security every time they entered the building, and to plan accordingly. The court also asked the parties to advise witnesses that there is no cafeteria in the building, and that witnesses will have to leave the building for meals unless they bring food with them or buy it from the building vending machines.

The court asked that if the parties had any exhibits they wished to present on paper, they provide those exhibits in binders for the jury.

The court **ORDERS** the following:

The court **DENIES** the defendant's second motion *in limine*: attorney conducted *voir dire* to the extent that it asked the court to allow counsel to conduct the initial *voir dire*. Dkt. No. 257.

The court **GRANTS** the defendant's second motion *in limine*: attorney conducted *voir dire* to the extent that the court will allow the parties to ask any court-approved follow-up questions. Dkt. No. 257.

The court **DEFERS RULING** on the government's consolidated motions in *limine* regarding the defendant's recorded statements. Dkt. No. 272.

The court **DENIES** the government's motion to compel reciprocal discovery, based on the defendant's representation that it does not have witness statements. The court **DEFERS RULING** on the part of the motion *in limine* that asks the court to exclude evidence not produced in discovery; if the defendant attempts to use such evidence, the government may object at trial. Dkt. No. 275.

The court **GRANTS** the government's motion in *limine* to exclude any argument or questioning relating to the government's charging decisions. Dkt. No. 276-I.

The court **GRANTS IN PART and DENIES IN PART** the government's motion in *limine* to exclude any argument or questioning regarding the government's or agents' motivation for investigating or prosecuting the case. The defendant may not elicit evidence/argument that the agents asked the informants to entrap the defendant, or that law enforcement had to entrap the defendant because of the cost of the investigation. The defendant may elicit evidence/argument about the informants' credibility and their motives to produce a viable case, about whether the informants were being paid, about

why one informant stopped recording his conversations with the defendant, and other questions relating to informant credibility (or the credibility of any witness). Dkt. No. 276-II.

The court **GRANTS** the government's motion in *limine* to exclude any argument or questioning implying that the investigation or prosecution of this case was racially or religiously motivated. Dkt. No. 276-III.

The court **GRANTS** the government's motion in *limine* to exclude any discovery requests or commentary regarding discovery in the jury's presence; while parties may ask witnesses whether they have any notes or documents that support or memorialize a particular fact, any argument regarding a party's alleged failure to turn over documents must take place at sidebar, outside the hearing of the jury. Dkt. No. 276-IV.

The court **DEFERS RULING** on the government's motion *in limine* to exclude cross-examination regarding "bad acts" by any witnesses that are not probative truthfulness. Dkt. No. 276-V.

The court **GRANTS** the government's motion *in limine* to exclude the presentation of argument or evidence in support of jury nullification, but concludes that the defendant is entitled to present the jury with information about himself, such as his relationships with friends, family and co-workers or the fact that he helps support his parents; the court will consider any objections regarding the presentation of background evidence crossing the line into nullification as they arise at trial. Dkt. No. 276-VI.

The court **GRANTS** the government's motion *in limine* to exclude the presentation of argument attempting to define reasonable doubt. Dkt. No. 276-VII.

The court **GRANTS** the government's motion *in limine* to bar the defendant from arguing that the defendant should be acquitted because of "outrageous governmental misconduct." Dkt. No. 276-VIII.

The court **GRANTS** the government's motion *in limine* to exclude expert testimony under Fed. R. Evid. 702 of Professor Marcus Brauer and Professor Michael Kimmel, to the extent that they might testify to the ultimate issues in the case (whether the defendant was entrapped, whether he intended to commit the charged offenses). To the extent that the motion seeks to bar the testimony in other respects, the court **DENIES** the motion. 276-IX.

The court **DEFERS RULING** on the government's motion *in limine* to exclude expert testimony under Fed. R. Evid. 702 of Drs. Robbins, Bauer, Kimmell and Sageman. Dkt. No. 276-X.

4

The court **DEFERS RULING** on the defendant's motion *in limine* excluding or limiting evidence and argument related to conversations about Israel and Masons. Dkt. No. 277-1

The court **DEFERS RULING** on the defense's third motion in *limine* to exclude or greatly limit the government's use of the defendant's statements relating to Israel, the Masons, or violence. Dkt. No. 277-I.

The court **GRANTS** the defendant's motion *in limine* to exclude or limit evidence that the defendant tends to speed or got in a fight, although the evidence of a fight may be used for impeachment. Dkt. No. 277-II.

The court **GRANTS** the defendant's motion *in limine* to preclude the government from characterizing the defendant as a lone wolf, a terrorist or a mass murderer. Dkt. No. 277-III.

The court **GRANTS** the defendant's motion *in limine* precluding the government from qualifying or characterizing the entrapment defense as a technicality or otherwise not a big deal. Dkt. No. 277-IV.

The court **GRANTS** the defendant's motion *in limine* precluding the government from arguing that for the purposes of entrapment, the government's inducement needs to be extraordinary. Dkt. No. 277-V.

The court **DEFERS RULING** on the defendant's motion *in limine* regarding the defendant's positional predisposition. The court **ORDERS** that the parties may submit briefing on this issue, consistent with the schedule the court ordered at the hearing. Dkt. No. 277-VI.

The court **GRANTS** the defendant's motion *in limine* precluding the government from introducing further evidence from pole cameras or the defendant's laptop, mobile phone, or Playstation. Dkt. No. 277-VII.

The court **DEFERS RULING** on the defendant's motion *in limine* to preclude the government from challenging the defendant's trnaslations of "Disks 104–106 (January 25), or Defense Translations Bates 1–51 and Defense Translations Bates 272–465." The court notes that the parties reported that they had agreed on all the translations, and that they likely would present a stipulation on this issue. Dkt. No. 277-VIII.

The court **DEFERS RULING** on the defendant's fourth motion *in limine* to exclude testimony of Dr. Matthew Levitt. Dkt. No. 278.

The court **APPROVES** the joint stipulation regarding the authenticity of the recordings of the government's exhibits 100-159 and 500-530. Dkt. No. 299.

5

The court **ORDERS** the defendant to file the excerpts of text messages and phone conversations by the end of the day on October 4, 2019.

Dated in Milwaukee, Wisconsin this 27th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**