UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

                                              Case No. 16-CR-21 (PP)

*vs*.

SAMY M. HAMZEH,

    *Defendant*.

## OMNIBUS MEMORANDUM
## RE: STATEMENTS

Samy Hamzeh, by counsel, files this omnibus memorandum concerning statements at trial. This memo accomplishes four things. First, it supplements the transcripts that the defense seeks to enter—there are only two. Second, it responds to the government's brief (R.336) concerning Hamzeh's post-arrest statement and the rule of completeness; and it sets forth the basis for admitting one additional statement under rule of completeness. Exhibit A contains the two additional statements. Third, the brief responds to the points made in the Court's Order that needed clarification or further briefing (R.342). Fourth, it addresses a point made by the Court at the hearing about how its ruling will impact the defense's excerpts. Exhibit B has all of the impacted transcripts marked. Consistent with the protective order, Exhibits A and B are filed under seal, though given how close we are to trial, these sealed exhibits are probably no longer necessary.

Federal Defender Services
of Wisconsin, Inc.

## I. Additional statements from the transcripts.

The Court is well aware of the standards and the cases that support the defense's theories of admissibility, so this will be short. Both proposed exhibits are attached in Exhibit A of this brief.

| Ex. 3160 | Tr. 73:1, at 29–30 | This statement is a verbal act: truth is irrelevant. The statement is a prime example of the baiting and goading that went back and forth between the three and that Hamzeh endured, particularly as it relates to his frequent tendency to talk big and then back off. It also relates to the Mason plan coming from Mike, since Steve was left out of the mix. |
|---|---|---|
| Ex. 3161 | Tr. 84:3-4 at 15:35 to 16: 4 | This statement is a verbal act meant to show the pressure exerted by Mike upon Hamzeh to get the money for the gun. It shows Hamzeh's inability to come up with the money and Mike's insistence that he work for or borrow it. This goes directly to inducement and pressure exerted. |

## II. Reply concerning Hamzeh's post-arrest statement and a single, proposed addition.

The defense has filed the list of post-arrest statements that it believes have to be put into context with the statements that the government seeks to enter from Hamzeh's post-arrest interview. *See* R.330. In response, the government argues "[r]ather than providing 'completeness,' these statements largely set forth Hamzeh's attempts to self exculpate, which the defense (understandably) seeks to introduce for the truth of the matters asserted. These statements are quintessential hearsay when offered by the defense, and they must be excluded."R.336:2. In support, it cites *United States v. Lewis*, 641 F.3d 773, 785 (7th Cir. 2011) and provides this parenthetical: "rule of completeness did

not permit defendant to present evidence of his own additional post-arrest statements, when 'what Billingsley wished to have admitted was merely explanatory of his theory of the case.'" R.336:2 (quoting *Lewis,* 641 F.3d at 785). Here's the problem: in *Lewis,* the statements that the defense wanted to offer weren't related to the statements that the government introduced. Instead, as the opinion makes clear, the defense sought to ask questions related to what the defendant *didn't* say in his statement: "Here, there was no suggestion during direct examination of Agent Bayless that Billingsley had interaction with or knowledge of 'B' or 'PJ.'" *Id.* at 785. A quick read of *Lewis* shows how far off it is from bearing on this case.

Not only does *Lewis* not stand for what the government's proposes, the case actually affirms the defense's position. Indeed, in the opinion the Court was quick to distinguish between what a defendant can't do (get in statements unrelated to the statements the government introduced) with what the defense seeks to do and what the rule allows: entering a statement when it is "necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." *Id* at 785 (quoting *United States v. Sweiss*, 814 F.2d 1208, 1211–12 (7th Cir.1987)). What's more, the second case cited by the government, *Vargas,* doesn't support the position that Rule 106 bars the use of hearsay statements, and it certainly doesn't abrogate *Sweiss, Paladino,* or *Lefour* – all three note that under Rule 106, hearsay comes in when its necessary for one of the four reasons listed above from

3

Federal Defender Services
of Wisconsin, Inc.

*Sweiss*.[1] Case law couldn't be clearer on that: "*[O]therwise inadmissible evidence may be admissible under Rule 106 to correct a misleading impression or else the misleading evidence must be excluded.*" United States v. Reese, 666 F.3d 1007, 1019 (7th Cir. 2012) (emphasis added) (*citing United States v. LeFevour*, 798 F.2d 977, 981 (7th Cir. 2005)); *See also United States v. Bucci*, 525 F.3d 116, 133 (1st Cir. 2008) ("[The Rule] may be invoked to facilitate the introduction of otherwise inadmissible evidence.")

When it comes to the government's argument that these statements don't provide context, this point can't be lost: the government is using the statements in Exhibits 15 and 16 to paint a picture of Hamzeh, where he appears to take responsibility for the Masons and the weapons. Often the language used by Hamzeh and Adkins in the government's excerpts is vague or ambiguous about what they're talking about—so it's not clear what they are talking about when they refer to the idea or plan; was that idea Steve's, Mike's or Hamzeh's or all three of them? *See* Ex. 16R, 16T, 16U. And more importantly what is the "idea" or "plan" that Adkins and Hamzeh are referring to—the Masons, the guns, or both? To clarify what Hamzeh's statement concerning those points mean, we need the audio statements and video statements that the gun idea was Mike's. Hamzeh was clear on that in the beginning and then again throughout. But the

---

[1] The *Vargas* cases that the government quotes is not really about the rule of completeness, earlier in the opinion the Court listed the issues: "Second, he contends that the district court violated the rule of completeness by not admitting the portion of his arrest video where he claimed that he was buying a truck—a statement that he contends is admissible under the excited-utterance or state-of-mind hearsay exceptions." *United States v. Vargas,* 689 F.3d 867, 872 (7th Cir. 2012). What's more, the whole discussion is not about rule of completeness but whether the statement was an excited utterance. The defense could go on but the point seems clear: *Vargas* doesn't control.

4
Federal Defender Services
of Wisconsin, Inc.

Case 2:16-cr-00021-PP   Filed 10/18/19   Page 4 of 9   Document 352

government's excerpts could be construed as him claiming equal responsibility or taking sole responsibility for the guns. Since this case is about entrapment for a machine gun and not entrapment as to the Masons's, the additional statements that the defense seeks to admit are critical to avoid a misimpression about what Hamzeh was admitting to.

That's also why (addressing the government's other points) the additional portions the defense wants to admit do (for some) relate to multiple exhibits—multiple exhibits, after all, relate to the guns. *See* Ex. 16D, 16E, 16P, 16E,16W, 16N. And multiple exhibits relate to the Masons. *See* 16O, 16Q, 16V, 16R, 16S, 16T, 16U. To address the government's argument directly: the government in each category has chosen a vein of statements in Hamzeh's post-arrest statement that were qualified and given context and particular meaning at different points of the interview with other statements the defense seeks to admit. The flow of the conversation and the interweaving of the weapons and the Masons statements make it impossible (if the additional portions that the defense seeks to admit are not, likewise, played) "to avoid misleading the jury." *See Sweiss*, 814 F.2d at 1211. Thus, to "explain the admitted portion," to "place the admitted portion in context," and to "insure a fair and impartial understanding" of the admitted statements, the additional portions have to be included. *Id.* at 1211–12. And the fact that multiple snippets of the government's Exhibits bear on a single addition doesn't mean that those statements aren't given context by the proposed addition.

### A. As a final point, the defense seeks to admit this statement on pages 94-95.

Those last three pages addressed the government's brief. In addition to the previously noted statements, the defense also seeks to admit this statement.

> Q      What did you think would happen if you did that attack?
> A      Like if I did this and I died, I'm going to go to heaven.
> Q      You'd go to heaven. Okay.
> A      That's what I believed.
> Q      Sure.
> A      But after awhile, like, after we done this, the only thing I was thinking about is, like, is this wrong or not.
> Q      Okay.
> A      I was thinking, like, this is, thinking, thinking, thinking, thinking. Like I was nervous, like, I was really not going to do it.
> Q      Okay.
> A      *Like even if Iman told me, like even if he told me go do it, I'm not going to do it.*
> Q      I see. Okay. I'm glad that it didn't happen. I think you are, too, glad that it didn't happen.
> A      I am.

(Ex. B to the initial brief R.330 at 94:14–95:8).This statement is necessary to clarify the government's Exhibit 16Q, where Adkins asks about the Masons and Hamzeh says "if we kill it, this is legal." 16Q (Ex. B to R.300 at 79). Additionally, if the Court allows 16S into evidence, the statement would speak directly to that quote about if he would have done it. The jury cannot be misled because Hamzeh is clear "*even if Iman told me, like even if he told me go do it, I'm not going to do it.*" Ex.B at 95:4–5. And, again, as noted in the opening brief the transcript is wrong; Hamzeh says: "go and do it," not "don't do it."

### III. The follow-up from the Court's Order 342.

In the Court's order, it addressed five glaring admissions/deficiencies in the defense's objections. As a quick head's up: we agree with the Court's reasoning for keeping out the statements identified below and the response is simply making a record and parroting back what has already been stated by the Court. What's more, given the Court's ruling, we no longer seek to admit additional portions of Disk 86 identified in the Court's order.

| Page | Transcript | Response |
|---|---|---|
| 38 | 73:8 pages 17–20 | The defense moves to keep out under Rule 403, page 17, line 34–44, page 18 lines, 1-2 as irrelevant and inflammatory; and pages 18, lines 3-45; pp 19-20; page 21, lines 1-33 as irrelevant. |
| 41 | Disk 84:2 Page 16–17 | The court's order takes care of the reasoning for excluding the portions mentioned on pages 16-18. We have no further objection to the portions that the Court has deemed admissible. |
| 42 | Disk 84:2, page 50–52 | This portion of the excerpt is irrelevant and carries a very high risk of undue prejudice. |
| 43 | Disk 86: p.18–19 | Given the Court's ruling, the additional proposal by the defense under Rule of Completion is unnecessary. |
| 45 | Disk 90:2 page 35 | 35 and page 36 from the first line to the paragraph where the defendant says, "And the situation is under control . . ." Are irrelevant and should be excluded.<br>The other statement is irrelevant and should be excluded under Rule 403. |

### IV. The effect of the Court's order on the defense's exhibits.

At the hearing, the Court noted that it was going to compare the defense exhibits to see what impact there was on Hamzeh's statements. To save the Court some time, this is a list of all the defense exhibits that are impacted. There are twenty. For some the impact

is minimal; for others the impact is what the defense will spend the weekend sorting out and whether to use it. But only one of the statements (Ex. 3050) covers what the government objected to of the defense's exhibits.  Here is the list by defense exhibit number:

- 3041 – Some of the proposed statement has been excluded
- 3042 – Some of the proposed statement has been excluded
- 3050 – Some of the proposed statement has been excluded
- 3056 – Some of the proposed statement has been deemed admissible.
- 3076 – All of this is deemed admissible according to the Court's order
- 3083 – Some of the proposed statement has been excluded
- 3089 – All of this is deemed admissible according to the Court's order
- 3090 – All of this is deemed admissible according to the Court's order
- 3091 – All of this is deemed admissible according to the Court's order
- 3092 – All of this is deemed admissible according to the Court's order
- 3096 – Some of the proposed statement has been excluded and some of it has been deemed admissible.
- 3100 – Some of the proposed statement has been excluded and some of it has been deemed admissible
- 3101 –Some of the proposed statement has been excluded and some of it has been deemed admissible
- 3102 –All of the proposed statement has been excluded
- 3104 – All of the proposed statement has been deemed admissible
- 3106 – Part of the proposed statement has been deemed admissible.
- 3113 – this is part of a statement that was deemed inadmissible.
- 3118 –Some of the proposed statement has been excluded
- 3128 – Some of the proposed statement has been deemed admissible
- 3137 – last four lines are deemed admissible.

Attached as Exhibit B is a composite of these exhibits. The lines highlighted in yellow are what the court has deemed admissible; the lines highlighted in blue are what have been deemed inadmissible. The defense needs time to digest what it plans to do with these, but this exhibit is a good reference point.

## V. Conclusion

In sum, with this filing the defense anticipates that this puts the transcripts to bed. The defense seeks to admit Ex. 3160–61. Second, the defense seeks to admit under the Rule of Completeness Hamzeh's statement on pages 94–95 of the transcript of his interview. Third, the defense apologizes for the objections that weren't clearly stated or (for that matter) stated, and it simply adopts the positon stated in the Court's order for exclusion of what it noted should be excluded and is not pushing any more on what the Court has already deemed relevant. Fourth, the Court's order only affects one statement that the government has challenged, Ex. 3050. And the defense will decide how to proceed with the other impacted statements before trial.

Dated at Milwaukee, Wisconsin this 18th day of October, 2019.

Respectfully submitted,

/s/     Craig W. Albee
Craig W. Albee, WI Bar #1015752
Joseph A. Bugni, WI Bar #1062514
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI  53202
Tel. (414) 221-9900
E-mail:  craig_albee@fd.org

*Counsel for Defendant*, Samy M. Hamzeh