UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 16-cr-21-pp

SAMY M. HAMZEH,

    Defendant.

**ORDER RULING ON PARTIES' PROPOSED ENTRAPMENT JURY INSTRUCTION (DKT. NO. 290-6 AT 35—GOVERNMENT'S VERSION; DKT. NO. 290-7 AT 6—DEFENDANT'S VERSION)**

    As required by this court's pretrial order, the parties have submitted the jury instructions they ask the court to give at the end of the trial. Dkt. No. 290-6 (the government's proposed instructions); Dkt. No. 290-7 (the defendant's proposed instructions).

    At a pre-trial conference on October 16, 2019, the court noted that it would address the parties' disagreements regarding the jury instructions at an instruction conference toward the end of trial, explaining that its decisions about whether to give a particular instruction often were tied to how the evidence had come in at trial. Counsel for the government indicated that, while he understood the court's point, it was particularly important in this case for the parties to know, before trial, which version of the parties' proposed entrapment instruction the court was likely to give. Defense counsel responded that he did not think that the court could make a definitive ruling on that or

1

any other instruction without hearing the evidence. He agreed that the parties might benefit from the court's "preliminary guidance," but asserted that that the court likely could not make a final ruling until the instruction conference.

In a note it submitted along with its proposed entrapment instruction, the government stated, "The United States notes that even if the defendant is allowed to present the entrapment defense, the Court should not rule on whether or not to include an entrapment instruction until all of the evidence at trial has been presented." Dkt. No. 290-6 at 33. Since the parties filed their proposed jury instructions, the court has granted the defendant's motion to present an entrapment defense. Dkt. No. 295. But the fact that the court has allowed the defendant to present an entrapment defense does not entitle the defendant to an entrapment instruction. Hypothetically, the prosecution could present evidence of predisposition and show that there was no inducement, and a defendant could fail to present any evidence to rebut the government's proof; such a defendant would not be entitled to an entrapment instruction. The court assumes that the reason for the government's request that the court rule on the entrapment instruction conflict pre-trial was so that the government would have a sense of what the court will tell the jury *if* it decides that the defendant is entitled to an entrapment instruction.

Both parties have asked that if the court decides the defendant is entitled to an entrapment instruction, it give Seventh Circuit Pattern Criminal Jury Instruction 6.04, Entrapment—Elements. Dkt. No. 290-6 at 33; Dkt. No. 290-7 at 5. The only difference between the two versions of this proposed instruction

2

is that the government did not tailor the pattern instructions to the facts of this case; it left in all the bracketed options that the Seventh Circuit provides the parties. Here is what the government proposed:

> The government has the burden of proving that the defendant was not entrapped by [identify the actor[s]: *e.g.*, government agent, informant, law enforcement officers]. The government must prove beyond a reasonable doubt either:
>
> 1. [A] [government agent[s]; informant[s]; [or] law enforcement officer[s]] did not induce the defendant to commit the offense; or
>
> 2. The defendant was predisposed to commit the offense before he had contact with [government agent[s]; informant[s]; law enforcement officers[s]].
>
> I will define what I mean by the terms "induce" and "predisposed."

Dkt. No. 290-6 at 33.

The defendant tailored Pattern Instruction 6.04 to fit the facts of this case:

> The government has the burden of proving that the defendant was not entrapped by the informants. The government must prove beyond a reasonable doubt either:
>
> 1. That the informants did not induce the defendant to commit the offense; or
>
> 2. The defendant was predisposed to commit the offense before he had contact with the informants.
>
> I will define what I mean by the terms "induce" and "predisposed."

Dkt. No. 290-7 at 5. Given what the court knows about the facts of the case, the court suspects that if it decides an entrapment instruction is warranted, it will give Pattern Instruction 6.04 in the form the defendant has proposed it.

3

The versions of Seventh Circuit Pattern Criminal Jury Instruction 6.05, Entrapment—Definitions of Terms that the parties have proposed, however, differ more significantly. The government again reproduced the pattern instruction verbatim, without tailoring it to the facts of the case, but it switched the order in which the Seventh Circuit presents the definitions. Here is the Seventh Circuit pattern instruction:

**Definition of "induce":**

[A] [government agent[s]; informant[s]; law enforcement officer[s]] "induce[s]" a defendant to commit a crime: (1) if [the] [agent[s]; informant[s]; [and/or] officer[s]] solicit[s] the defendant to commit the crime, and (2) does something in addition that could influence a person to commit a crime that the person would not commit if left to his own devices. This other conduct may consist of [repeated attempts at persuasion;] [fraudulent representations;] [threats;] [coercive tactics;] [harassment;] [promises of reward beyond what is inherent in the usual commission of the crime;] [pleas based on need, sympathy, or friendship;] [insert specific other conduct at issue; or any [other] conduct that creates a risk that a person who would not commit the crime if left to his own devices will do so in response to the efforts of the [agent[s]; informant[s]; officer[s]]].

[If the [agent[s]; informant[s]; officer[s] merely initiated contact with the defendant; merely solicited the crime; or merely furnished an opportunity to commit the crime on customary terms, then the [agent[s]; informant[s]; officer[s]] did not induce the defendant to commit the crime.]

**Definition of "predisposed":**

A defendant is "predisposed" to commit the charged crime if, before he was approached by [a] [government agent[s]; informant[s]; law enforcement officer[s]], he was ready and willing to commit the crime and likely would have committed it without the intervention of the [agent[s]; informant[s]; officer[s]], or he wanted to commit the crime but had not yet found the means.

Predisposition requires more than a mere desire, urge, or inclination to engage in the charged crime. Rather, it concerns the

4

likelihood that the defendant would have committed the crime if [the] [agent[s]; informant[s]; officer[s]] had not approached him.

In deciding whether the government has met its burden of proving that the defendant was predisposed to commit the crime, you may consider the defendant's character [,or] reputation [;and criminal history]; whether the government initially suggested the criminal activity; whether the defendant engaged in the criminal activity for profit; whether the defendant showed a reluctance to commit the crime that was overcome by persuasion by the [agent[s]; informant[s]; officer[s]]; and the nature of the inducement or persuasion that was used.

Seventh Circuit Pattern Criminal Jury Instruction 6.05, Entrapment—Definitions of Terms (available at www.ca7.uscourts.gov/pattern-jury-instructions/pattern-jury.htm).

Here is the government's proposed version:

**Definition of "predisposed":**

A defendant is "predisposed" to commit the charged crime if, before he was approached by [a] [government agent[s]; informant[s]; law enforcement officer[s]], he was ready and willing to commit the crime and likely would have committed it without the intervention of the [agent[s]; informant[s]; officer[s]], or he wanted to commit the crime but had not yet found the means.

Predisposition requires more than a mere desire, urge, or inclination to engage in the charged crime. Rather, it concerns the likelihood that the defendant would have committed the crime if [the] [agent[s]; informant[s]; officer[s]] had not approached him.

In deciding whether the government has met its burden of proving that the defendant was predisposed to commit the crime, you may consider the defendant's character [,or] reputation [;and criminal history]; whether the government initially suggested the criminal activity; whether the defendant engaged in the criminal activity for profit; whether the defendant showed a reluctance to commit the crime that was overcome by persuasion by the [agent[s]; informant[s]; officer[s]]; and the nature of the inducement or persuasion that was used.

**Definition of "induce":**

[A] [government agent[s]; informant[s]; law enforcement officer[s]] "induce[s]" a defendant to commit a crime: (1) if [the] [agent[s]; informant[s]; [and/or] officer[s]] solicit[s] the defendant to commit the crime, and (2) does something in addition that could influence a person to commit a crime that the person would not commit if left to his own devices. This other conduct may consist of [repeated attempts at persuasion;] [fraudulent representations;] [threats;] [coercive tactics;] [harassment;] [promises of reward beyond what is inherent in the usual commission of the crime;] [pleas based on need, sympathy, or friendship;] [insert specific other conduct at issue; or any [other] conduct that creates a risk that a person who would not commit the crime if left to his own devices will do so in response to the efforts of the [agent[s]; informant[s]; officer[s]]].

[If the [agent[s]; informant[s]; officer[s] merely initiated contact with the defendant; merely solicited the crime; or merely furnished an opportunity to commit the crime on customary terms, then the [agent[s]; informant[s]; officer[s]] did not induce the defendant to commit the crime.]

Dkt. No. 290-6 at 35.

The defendant kept the definitions in the order in which the pattern instruction places them and tailored the instruction to the facts of the case but went further. The defendant included all the bracketed selections under subsection (2) of the definition of "induce" and added two of his own. He also altered and added to the pattern instruction's definition of "predisposition." Here is what the defendant proposed (the court has highlighted added language):

**Definition of "induce":**

Informants "induce" a defendant to commit a crime: (1) if the informants solicit the defendant to commit the crime, and (2) do something in addition that could influence a person to commit a crime that the person would not commit if left to his own devices. This other conduct may consist of repeated attempts at persuasion;

6

fraudulent representations; threats; coercive tactics; harassment; promises of reward beyond what is inherent in the usual commission of the crime; pleas based on need, sympathy, or friendship; [grooming; deception about the nature of the proposed conduct;] or any other conduct that creates a risk that a person who would not commit the crime if left to his own devices will do so in response to the efforts of the informants.

If the informants merely initiated contact with the defendantm merely solicited the crime, or merely furnished an opportunity to commit the crime on customary terms, then the informants did not induce the defendant to commit the crime.

**Definition of "predisposed":**

A defendant is "predisposed" to commit the charged crime if, before he was approached by an informant, he was ready and willing to commit the crime and likely would have committed it without the intervention of the informant, or he wanted to commit the crime but had not yet found the means.

[Predisposition is a narrowly focused inquiry. You should only consider whether Mr. Hamzeh was predisposed to commit the specific crimes charged.] Predisposition requires more than a mere desire, urge, or inclination to engage in the charged crime. Rather, it concerns the likelihood that the defendant would have committed the [specific crime charged] if the informant had not approached him. [The defendant must have been situated by reason of previous training or experience or occupation or acquaintances that it is likely that if the government had not induced him to commit the crime some criminal would have done so.]

In deciding whether the government has met its burden of proving that the defendant was predisposed to commit the crime, you may consider the defendant's character, reputation and criminal history; whether the government initially suggested the criminal activity; whether the defendant engaged in the criminal activity for profit; whether the defendant showed a reluctance to commit the crime that was overcome by persuasion by the informants; and the nature of the inducement or
persuasion that was used.

Dkt. No. 290-7 at 6-7.

As to the government's proposed jury instruction, the court has no idea why the government thinks it important to give the jury the definition of "predisposed" *before* giving it the definition of "induce." While this conclusion is subject to events that might take place at trial, or evidence that might convince the court otherwise, the court is inclined to give the Instruction 6.05 definitions in the order that they appear in the pattern instruction.

In support of his version of the instruction, the defendant cited <u>United States v. Hollingsworth</u>, 27 F.3d 1196, 1200 (7th Cir. 1994) (*en banc*).

The first change from the pattern instruction the defendant asks the court to make is to add two options to the list of types of actions that could constitute inducement—"grooming" and "deception about the nature of the proposed conduct." Hollingsworth does not mention "grooming," nor did any of numerous other Seventh Circuit decisions the court reviewed. The *defense* has used the word "grooming" repeatedly in its numerous pleadings, arguing that the informants engaged in a campaign of making the defendant more and more comfortable with guns, and then with the idea of machineguns, over the time they spent with him. But that's the defendant's word—"grooming." He uses that word to describe what the pattern instruction calls "repeated attempts at persuasion," although "grooming" implies something more subtle than, "C'mon, don't you want to buy a machinegun? Don't you?" The defendant may use any synonym for "repeated attempts at persuasion" he chooses at trial, but the court will not insert that synonym into the pattern jury instruction.

Nor do Hollingsworth or any of the other cases the court reviewed reference "deception about the nature of the proposed conduct." The court isn't sure what the defense means by "deception about the nature of the proposed conduct," but it sounds like whatever action the defendant references would fall under the pattern instruction's "fraudulent representations" language. The Committee Comment to the pattern instruction discusses the broad nature of that "fraudulent representations" language:

> The instructions' list of the types of actions that may constitute inducement includes "fraudulent representations," as the Seventh Circuit ruled in *Mayfield*. The court has not yet, however, definitively defined what types of fraudulent representations may qualify as the type of inducement giving rise to entrapment, as opposed to legitimate undercover investigation tactics. For this proposition, the court cited *United States v. Burkley*, 591 F.2d 903, 913 (D.C. Cir. 1978), which in turn notes that "not all fraudulent representations constitute inducement" and provides examples of some types that the D.C. Circuit believed would not qualify. *Id.* at n. 18 (internal quotation marks omitted). The court may, of course, consider whether the evidence warrants making specific reference to "fraudulent representations" or whether some other factor listed in the instruction covers the type of inducement at issue (e.g., a fake stash of drugs might be better characterized as a "promise of reward," a false suggestion of a gang reprisal might be better characterized as a "coercive tactic," etc.).

www.ca7.uscourts.gov/pattern-jury-instructions/pattern-jury.htm, page 94.

At this point, the court is unwilling to say that if it decides an entrapment instruction is appropriate, it will add "deception about the nature of the proposed conduct" to the list of actions that could constitute inducement. It appears that the pattern instruction adequately covers whatever action the defendant is referencing. If events unfold at trial that convince the defendant that the action the defendant is referencing is a form of inducement

9

that isn't captured by the pattern instruction, the defendant may make that argument at the instruction conference.

The second change the defendant asks the court to make to Instruction 6.05 is to add language about predisposition being narrowly focused, about predisposition relating only to the charged crime and language directly lifted from Hollingsworth defining predisposition. At this point, without having seen all the evidence, the court is not inclined to say that if it gives an entrapment instruction, it will make the changes the defendant is seeking.

The government used the 2012 edition of the pattern instructions, which was updated in 2015-2017 and in 2018. www.ca7.uscourts.gov/pattern-jury-instructions/pattern-jury.htm. The Committee Comment to the pattern instruction cites to the Seventh Circuit's 2014 decisions in United States v. Mayfield, 771 F.3d 417, 434-36 (7th Cir. 2014) (*en banc*) and United States v. McGill, 754 F.3d 452 (7th Cir. 2014). It also cites the Supreme Court's decision in Jacobson v. United States, 503 U.S. 540 (1992). It notes that "[r]egarding predisposition, the *en banc* court emphasized in Mayfield that the relevant inquiry is the defendant's predisposition to commit the charged crime, not just any crime. *Mayfield*, 771 F.3d at 438." www.ca7.uscourts.gov/pattern-jury-instructions/pattern-jury.htm at p. 93.

The jury instruction committee, and the Seventh Circuit, were aware at the time this instruction was approved of Hollingsworth; the Seventh Circuit decided it ten years before it decided Mayfield and McGill. Likely this is why the pattern instruction says, in the first sentence of the predisposition definition,

10

that a defendant is predisposed "to commit the *charged* crime if . . . ." (Emphasis added.) The defendant asks the court to tell the jury that this is a narrow focus and to add the word "specific" and "charged" around the second mention of "crime," to hammer home to the jury that its job is to consider whether the defendant was predisposed to obtain unregistered machineguns and a silencer—not to determine whether the defendant might have plotted to commit other offenses. He also asks the court to add to the instruction the definition of predisposition that the Hollingsworth court used—even though the instruction committee and the court itself could have opted to use that definition but did not.

The parties already have vigorously litigated the application of Hollingsworth, and the issue of what the government must show by way of predisposition to defeat the entrapment defense. In its response to the defendant's motion to present an entrapment defense, the *government* cited Hollingsworth in support of its argument that because conversion kits and component parts are available from online retailers for under $20, the court should not allow the defendant to argue that he hadn't been in a position to buy a machinegun until the informants came along. Dkt. No. 255 at 34-35. The parties exchanged several briefs on this topic, and on October 15, 2019, the court rejected the government's position. Dkt. No. 333. The court concluded that while the government could "present evidence to rebut the defendant's assertion that it is not easy to buy machineguns on the street," it could not "present evidence about the availability of devices that convert semi-automatic

11

firearms into automatic weapons, the cost of these devices or the ease of obtaining them through online retailers." Id. at 13. In reaching that conclusion, the court noted that the Mayfield court had stated that a defendant is "predisposed to commit *the charged crime* if he was ready and willing to do so and likely would have committed it without the government's intervention, or actively wanted to but hadn't yet found the means." Id. at 12 (citing Mayfield, 771 F.3d at 438) (emphasis added).

The pattern instruction adopted the "charged crime" language from Mayfield. The court anticipates that the defendant will argue that the "charged crime" is obtaining two machineguns and a silencer, and that the jury must determine whether any predisposition evidence presented by the government shows that the defendant was predisposed to commit *those crimes*. The pattern instruction already says this. From the pretrial vantage point, the court sees no need to state it multiple times, in different ways, as the defendant asks the court to do.

That said, it was the *government* who asked the court to give the parties some sense of how it might rule on the competing versions of the definitions of "inducement" and "predisposition." The government indicated that it was critical for the parties to know how the court would decide so that they could prepare accordingly. The court is uncertain what clarity this order will bring to the government or the defense about how to prepare for trial. The court's fifteen-page decision on positional predisposition made clear (the court thought) that the government must prove predisposition to commit *the charged*

12

*crime*. The court's fifty-one-page decision issued on October 16, 2019, ruling on the government's motion to admit, pretrial, certain recorded conversations illustrated the court's views on the kind of behavior that shows predisposition to commit the charged crime. The fact that the court views the pattern instruction as telling the jury that it must decide whether the government has proven predisposition to commit *the charged crimes* shouldn't come as a surprise to the parties, and the fact that the court finds the instruction sufficient without adding emphasis doesn't change any of the court's previous rulings on these topics.

Again, this is not a final ruling. This is, as the defense phrased it, the court's "guidance" on how it views the competing instructions pretrial. The court will consider which proposed jury instructions it will give at the instruction conference, after the trial has begun.

Dated in Milwaukee, Wisconsin this 21st day of October, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**