# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 19-3072

UNITED STATES OF AMERICA,

          *Plaintiff-Appellant*,

*v.*

SAMY M. HAMZEH,

          *Defendant-Appellee*.

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 16-cr-21-pp — **Pamela Pepper**, *Chief Judge*.

ARGUED OCTOBER 1, 2020 — DECIDED FEBRUARY 3, 2021

Before EASTERBROOK, MANION, and ROVNER, *Circuit Judges*.

MANION, *Circuit Judge*. Samy Mohammed Hamzeh was charged with illegal possession of two machineguns and a silencer, in violation of 26 U.S.C. § 5861(d). Before trial, he raised an entrapment defense, arguing he was induced by government informants and lacked the predisposition to

obtain these weapons. In four pretrial orders,[1] the district court excluded many of his recorded statements and evidence of the availability of parts that could be used to assemble machineguns. The day before trial was scheduled to begin, the Government filed this interlocutory appeal, pursuant to 18 U.S.C. § 3731. Because we find the court abused its discretion through the commission of legal errors in considering the evidence, we reverse and remand for further proceedings.

## I. Background

In the light most favorable to the Government, as the proponent of the evidence,[2] the facts are as follows: Hamzeh's close friend, Steve, contacted the FBI because he was concerned that Hamzeh planned to commit a mass killing. In September 2015, Steve began working with the FBI, and the FBI also involved another informant named Mike, who began working with Hamzeh and Steve at a restaurant.

In October 2015, Steve recorded his conversations with Hamzeh. Then, in November 2015, Mike began recording his

---

[1] The majority of one of these orders concerns whether Hamzeh could admit additional excerpts based on the rule of completeness. We do not opine on that matter. *See generally* 18 U.S.C. § 3731. We confine our review of that order to the two exclusions of the Government's evidence made therein.

[2] On appeal, we view the facts in the light most favorable to the Government. *United States v. Connelly*, 874 F.2d 412, 415 (7th Cir. 1989). Upon examination of the record, it appears the district court adopted Hamzeh's factual proffer by setting forth the facts from his motion *in limine*. The district court should have evaluated the Government's proffers. *See United States v. Tatum*, 548 F.3d 584, 587 (7th Cir. 2008) (explaining that the Government must lay a proper foundation for the admissibility of its evidence).

conversations with Hamzeh, as well. During these conversations, Hamzeh spoke about committing acts of terrorism to be martyred as part of his Islamic faith, carrying out a shooting in the Middle East, committing a domestic shooting at a Masonic lodge, and acquiring weapons to complete these crimes. The recordings span from October 13, 2015, to January 25, 2016, the day Hamzeh would eventually acquire two machineguns and a silencer.

At some point during the informants' interactions with Hamzeh, authorities felt Mike and Steve could not maintain a relationship with Hamzeh unless they escorted him to shooting ranges and gun stores. The FBI instructed Mike and Steve to offer to arrange a purchase if Hamzeh wanted a weapon so authorities could set up a sting operation. On January 25, 2016, Hamzeh and the informants negotiated with two undercover FBI Special Agents posing as arms dealers for the purchase of two machineguns and a silencer. Hamzeh carried the unregistered weapons to his vehicle and was arrested. After his arrest, FBI agents recorded interviews with Hamzeh. He was later indicted by a grand jury.

Before trial, the district court granted Hamzeh leave to present an entrapment defense. As a result, the Government moved *in limine* to admit excerpts of Steve's and Mike's recorded conversations with Hamzeh to show lack of entrapment. In ruling, the district court expressed concern with a jury convicting Hamzeh of possession based on his planning terrorist attacks and his "disturbing talk" rather than the Government's having proved the elements of the offense. The

court also found motive was irrelevant to a § 5861(d)[3] violation because it was not an element of the offense. Ultimately, the court admitted some of the Government's evidence and excluded a substantial portion as "irrelevant," "not probative," or "unduly prejudicial."

The Government also sought to admit evidence about the availability of conversion kits and other items meeting the statutory definition of "machinegun" under 26 U.S.C. § 5845(b). Hamzeh moved to exclude this evidence, and the district court granted Hamzeh's motion. Specifically, the court ruled the Government could present evidence about the availability of machineguns to rebut Hamzeh's assertion machineguns are difficult to acquire on the street. However, it found evidence "about the availability of devices that convert semi-automatic firearms to automatic weapons, the cost of these devices [and] the ease of obtaining them through online retailers" was inadmissible.

After the court issued these rulings, and one day before trial, the Government filed this interlocutory appeal.

## II. Discussion

At this stage in the proceedings, our narrow question is whether the district court abused its discretion in excluding the Government's evidence. The Government argues we do not owe deference to the district court's ruling since it occurred pretrial. However, "[w]e review the district court's evidentiary rulings during trial *or beforehand on motions in limine* for an abuse of discretion." *Arrigo v. Link*, 836 F.3d 787, 794

---

[3] Presumably, the court meant § 5861(d), but the actual order states § 5261(d).

No. 19-3072 5

(7th Cir. 2016) (emphasis added). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996).

To the extent we must address the court's interpretation of the rules of evidence, we apply a *de novo* standard of review. *United States v. Rogers*, 587 F.3d 816, 819 (7th Cir. 2009). We also review *de novo* any underlying legal conclusions in the district court's grant of a motion *in limine*. *See United States v. Wade*, 962 F.3d 1004, 1011 (7th Cir. 2020).

The Government seeks admission of recorded statements Hamzeh made while talking to the informants, and later to law enforcement, along with evidence about the availability of parts used to assemble machineguns.[4] We address each of these categories in turn.

**A.    Recorded Statements**

The Government seeks admission of Hamzeh's statements planning an attack in the Middle East[5] and a domestic attack on a Masonic center. It also challenges exclusion of Hamzeh's recorded statements to law enforcement after his arrest.[6] The

---

[4] In a single paragraph, the Government states the fact Hamzeh's recorded statements about attacks in the Middle East are relevant makes Dr. Levitt's expert testimony on conflicts in the Middle East admissible. The Government fails to cite authority, to cite the record, or to present a meaningful argument. Fed. R. App. P. 28(a)(8). We deem the issue forfeited.

[5] The court noted the statements about killing people overseas were made after Hamzeh met Mike and after Steve started working with the Government. The timing goes to the weight and credibility of the evidence, not its admissibility.

[6] It appears Hamzeh was issued *Miranda* warnings, and the Fourth Amendment is not at issue.

6                                                                  No. 19-3072

court excluded the evidence on relevance grounds and, in many instances, implied the evidence violated Rule 403 of the Federal Rules of Evidence.

    *i. Relevance*

The Government first argues the district court improperly found evidence bearing on Hamzeh's predisposition to obtain a machinegun was "not probative" or "irrelevant." We agree. Whether evidence is relevant is a low threshold. *United States v. Driggers*, 913 F.3d 655, 658 (7th Cir. 2019). Relevant evidence is that which "has any tendency to make a fact … of consequence" any "more or less probable than it would be without the evidence." Fed. R. Evid. 401. A fact of consequence includes one that is "ultimate, intermediate, or evidentiary." Fed. R. Evid. 401 advisory committee's notes. Consequently, what must be proven at trial in this case is germane to the relevance inquiry.

Hamzeh is charged with violating 26 U.S.C. § 5861, which states in relevant part, "It shall be unlawful for any person … to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." § 5861(d). The Government must show (1) Hamzeh consciously possessed a firearm; (2) he knew the features which brought the firearm "within the realm of regulation" (specifically, the automatic nature of the machineguns and the silencing effect of the silencer); and (3) the firearm was not registered. *United States v. Jamison*, 635 F.3d 962, 967–68 (7th Cir. 2011) (quoting *United States v. Edwards*, 90 F.3d 199, 205 (7th Cir. 1996)). Regarding the third element, there is no requirement the Government show Hamzeh knew the weapons were unregistered, knew they were required to be registered, or intended not to register them. *Id.* at 968; *see also United*

No. 19-3072 7

*States v. Freed*, 401 U.S. 601, 607 (1971) (holding no scienter is required for the registration element).

Further, the district court allowed Hamzeh to raise the entrapment defense.[7] Once raised, the Government must show either (1) law enforcement and government agents did not induce Hamzeh to commit the crime or (2) Hamzeh was predisposed to commit the crime. *See United States v. Blitch*, 773 F.3d 837, 843 (7th Cir. 2014); *see also United States v. Hilliard*, 851 F.3d 768, 783 (7th Cir. 2017).

Governmental inducement occurs when the government solicits the crime "*plus* some other government conduct that creates a risk that a person who would not commit the crime if left to his own devices will do so in response to the government's efforts." *United States v. Mayfield*, 771 F.3d 417, 434–35 (7th Cir. 2014). For example, "repeated attempts at persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward beyond that inherent in the customary execution of the crime, pleas based on need, sympathy, or friendship" may each constitute such "other conduct." *Id.* at 435.

Predisposition to commit a crime occurs when a defendant was "'ready and willing' to commit the charged crime and 'likely would have committed it without the government's intervention, or actively wanted to but hadn't yet found the means.'" *Blitch*, 773 F.3d at 845 (quoting *id.* at 438). This Circuit examines several factors in deciding whether a defendant is predisposed. *See Mayfield*, 771 F.3d at 435. These include:

---

[7] Whether allowing the entrapment defense was proper is not before this Court.

8　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. 19-3072

> (1) the defendant's character or reputation; (2) whether the government initially suggested the criminal activity; (3) whether the defendant engaged in the criminal activity for profit; (4) whether the defendant evidenced a reluctance to commit the offense that was overcome by government persuasion; and (5) the nature of the inducement or persuasion by the government.

*Id.* (quoting *United States v. Pillado*, 656 F.3d 754, 766 (7th Cir. 2011)). While no single factor is dispositive, the most important factor is "whether the defendant was reluctant to commit the offense." *Id.* (quoting *Pillado*, 656 F.3d at 766).

Against this background, we examine the court's relevance rulings.[8] First, in examining the recorded statements between Hamzeh and the informants, the court repeatedly excluded evidence as irrelevant or "not probative." For example, the court excluded a conversation in which Hamzeh stated it was his "intention a long time ago" to martyr himself. It found the statement irrelevant concerning predisposition.

---

[8] In ruling on the admissibility of Hamzeh's recorded statements with the informants, the court used "probative" and "relevant" synonymously. *See* Dkt. 342 at 14 ("When the court opines below that a particular statement is probative of the defendant's predisposition, it means that the statement is relevant for the jury to consider in determining whether the statement shows predisposition or was the result of inducement."); *c.f. Old Chief v. United States*, 519 U.S. 172, 184 (1997) (explaining "probative value" is determined by "comparing evidentiary alternatives" while relevance is determined in a vacuum); *see generally* Fed. R. Evid. 401 advisory committee's notes (explaining relevance is determined "as a relation between an item of evidence and a *matter properly provable in the case*," not in relation to other evidence (emphasis added)). Thus, when it found evidence "not probative," it found that evidence irrelevant. *See generally* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

No. 19-3072                                                                 9

Under *Mayfield* and its progeny, a defendant's statement about when his intent to use a weapon was formed is certainly relevant. Hamzeh's mental state and predisposition to obtain a machinegun will be central issues at trial. The fact Hamzeh stated he intended to commit an attack a long time ago, if believed by the jury, makes it more likely he was predisposed to obtain two machineguns and a silencer.

The court expressed concern about conflating predisposition to commit a mass attack with predisposition to commit the charged offenses of possession. These two concepts are not mutually exclusive under the law of relevance. If believed by the jury, the fact Hamzeh wanted to commit a mass attack is evidence he was predisposed to obtain the weapons necessary to do so.

The court also erred in excluding Hamzeh's statement, "But I am absolutely sure that the police won't hear about the incident; they won't hear about it." The Government can introduce this evidence to show Hamzeh's predisposition to obtain a silencer and as evidence bearing on the second element of the offense. Concerning the latter, the Government must show Hamzeh knew of the silencing effect of the silencer he possessed. While the jury is free to believe or disbelieve the Government's interpretation of the statement, it is relevant for these purposes.

The court also excluded a passage in which Hamzeh discussed what type of weapons he sought to acquire. On January 23, 2016, two days before he was arrested for unlawfully purchasing the weapons, he stated, "Listen, what we need from those people, two machineguns, and three silencers and three magazines." Again, this evidence relates to the

reluctance factor of predisposition and shows Hamzeh's mental state close to the date of the offense, which is highly relevant.

Most strikingly, the court excluded a recording of informant Steve telling Hamzeh he should not simply postpone his plans but should "[g]et the whole idea out of [his] head." Before this statement, Hamzeh spoke about the fact his father tried to convince him not to travel abroad for an attack. Steve responded, "Well why don't you give up the whole idea and stop this thing?" The court found the passage irrelevant. These statements clearly bear on the governmental inducement prong of the entrapment defense, in which repeated attempts at persuasion is a factor. The Government can introduce this evidence to show Steve attempted to dissuade Hamzeh from carrying out an attack, and necessarily from acquiring the weapons to do so.

Next, the court found motive irrelevant because it is not an element of the crime.[9] We have held motive to possess a

---

[9] Citing *United States v. Khatib* and *United States v. Brown*, the court came to this conclusion, but we interpret these cases differently. *See generally Khatib*, 706 F.2d 213, 216–17 (7th Cir. 1983) (holding the fact a government agent's possession of firearms was exempt from the registration requirement did not provide a defense in a prosecution under 26 U.S.C. § 5861(d)); *Brown*, 548 F.2d 204, 209 (7th Cir. 1977) (finding criminal liability attaches "regardless of the motives of either party to the transaction" and good intentions could not provide a defense to the crime of possession). However, the relevant language in those cases merely establishes that a defendant's motive for *not registering* a firearm is irrelevant. In those instances, introduction of evidence of motive to excuse the registration element of 26 U.S.C. § 5861(d) is irrelevant since the registration element is a strict liability element of the overall crime. *See Freed*, 401 U.S. at 607; *Jamison*, 635 F.3d at 967–68. On the other hand, in this case, the

No. 19-3072 11

firearm is relevant, despite not being an element of the crime, because it makes the element of possession more probable. *U.S. v. Lloyd*, 71 F.3d 1256, 1264 (7th Cir. 1995). As Hamzeh points out, physical possession is not disputed since he will concede that fact at trial. He argues his concession makes evidence of motive to possess the firearms irrelevant since the possession element would therefore not be "in issue."

This argument is misguided. Under Rule 401, the evidence need only affect a fact "of consequence," which includes any ultimate fact. *See* Fed. R. Evid. 401. As stated above, possession is one of the ultimate facts the Government must show, whether disputed or not. Relevant evidence remains relevant even if directed to an undisputed fact. *Old Chief*, 519 U.S. at 179; *see* Fed. R. Evid. 401 advisory committee's notes ("The fact to which the evidence is directed need not be in dispute. While situations will arise which call for the exclusion of evidence offered to prove a point conceded by the opponent, the ruling should be made on the basis of such considerations as waste of time and undue prejudice (see Rule 403) … ."). Although the court committed legal error in finding motive irrelevant, as Hamzeh correctly points out, the error is academic because the Government sought to introduce evidence of motive to show predisposition, and the court considered its evidence as it relates to predisposition. So, the errors affecting the Government's case were the court's relevance rulings finding the evidence not probative or relevant to entrapment.

The specific statements in this section are merely some of the many instances in which the court excluded evidence that

---

Government offers evidence of motive regarding the possession element, not the registration element.

is indeed relevant to the entrapment issue. By our count, the court ruled at least sixty times that evidence was not probative or relevant to entrapment. While we find the excluded evidence relevant, it is not automatically admissible. *See* Fed. R. Evid. 402. It is still subject to other rules of evidence.

### ii. Rule 403

Second, the Government argues the court abused its discretion under Rule 403. *See generally* Fed. R. Evid. 403. After the district court ruled the Government's evidence irrelevant, it used language similar to that found in Rule 403 of the Federal Rules of Evidence, stating the evidence failed scrutiny under that rule, as well.[10] Rule 403 gives judges discretion to

---

[10] Without explicitly ruling on these grounds, the court also expressed concern that admission of evidence about using machineguns to commit attacks abroad may violate Rule 404(a)(1) and Rule 404(b)(1) of the Federal Rules of Evidence. The Government does not seek to introduce this evidence to prove character, a character trait, or conduct in conformity on a particular occasion. *See generally* Fed. R. Evid. 404; *see also United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (en banc) (explaining other-act evidence is admissible under Rule 404(b) "only when its admission is supported by some propensity-free chain of reasoning"); *see also United States v. Rogers*, 587 F.3d 816, 822 (7th Cir. 2009) (clarifying 404(b) only "bars one particular inference from prior-act evidence"). Instead, it seeks to introduce the evidence as it relates to the entrapment defense, discussed above. Further, one of the factors in determining whether a defendant is predisposed is character or reputation, putting character "in issue." *See generally*, Fed. R. Evid. 404 advisory committee's notes (explaining "character in issue" occurs when character is "an element of a crime, claim, *or defense*." (emphasis added)); *see also Gomez*, 763 F.3d at 858 (explaining other-act evidence is inadmissible to show intent in a case involving a general-intent crime "*unless* the defendant puts intent 'at issue' beyond a general denial of guilt").

exclude relevant evidence "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Since the court erroneously found the Government's evidence irrelevant, it necessarily was not properly able to weigh probative value against the danger of unfair prejudice to determine whether the latter substantially outweighed the former. While we would normally review exclusions of evidence under Rule 403 for abuse of discretion,[11] the better approach in this case is to remand for reweighing under Rule 403, since the errors made under the court's Rule 401 determination necessarily affected its Rule 403 determination. *See Pullman-Standard v. Swint*, 456 U.S. 273, 292 (1982) ("[W]here findings are infirm because of an erroneous view of the law, a remand is the proper course unless the record permits only one resolution of the factual issue.").

We remind the court only exclusions of that evidence which violates Rule 403 should be made, and prejudice should be *unfair* to justify exclusion. *See United States v. Buckner*, 91 F.3d 34, 36 (7th Cir. 1996) (clarifying exclusion of evidence must be based on unfair prejudice, not mere prejudice); *see generally* Fed. R. Evid. 403 advisory committee's notes (defining unfair prejudice as having "an undue tendency to

---

[11] The Government argues we should rule all its evidence admissible due to the court's legal errors. But, such a remedy ignores any rulings within the court's discretion—for example, the court was well within its discretion to exclude Hamzeh's racist comments about African Americans and the fact he expected to be considered a terrorist if caught—and fails to allow the court the opportunity to correct legal errors affecting its Rule 403 analysis.

suggest decision on an improper basis, commonly, though not necessarily, an emotional one"). The district court should reweigh the evidence with the correct evidentiary standards, and with recognition the evidence is relevant and probative of whether Hamzeh was entrapped. *See Gomez*, 763 F.3d at 857 (noting an important issue in Rule 403 analysis is "the extent to which the non-propensity factual proposition actually is contested in the case"). When evidence is relevant and otherwise admissible, exclusions should be narrowly tailored to only the phrases or statements violative of Rule 403. We leave the Rule 403 determination, consistent with this opinion, in the district court's sound discretion. *See Rogers*, 587 F.3d at 823 ("Rule 403 balancing depends on the context and individual circumstances of each case, and we prefer not to 'cabin artificially the discretion of the district courts.'"(quoting *United States v. Hawpetoss*, 478 F.3d 820, 825 (7th Cir. 2007))).

    *iii. Recorded Statements to Police*

The Government also asks this Court to review an order entered October 21, 2019, regarding Hamzeh's post-arrest statements. Most of the order deals with admission of Hamzeh's evidence based on the rule of completeness, not exclusion of the Government's evidence. To the extent the Government seeks review of the admission of Hamzeh's evidence, this Court is without jurisdiction to review those rulings. *See* 18 U.S.C. § 3731 (allowing appeal by the Government "from a decision or order of a district court suppressing or excluding evidence"). We confine our review to the two decisions within that order excluding the Government's evidence.

First, the court excluded the Government's proposed excerpt about Hamzeh's passports and history of traveling abroad. It did so based on prior exclusions in the order dated

October 16, 2019, which found inadmissible similar conversations about traveling abroad to commit an attack. In so doing, it stated its prior rulings made the post-arrest statement "no longer relevant." Second, the court excluded statements Hamzeh made to a federal agent after his arrest about his conversations with a Muslim religious leader about whether to attack the Masonic center. Law enforcement asked Hamzeh whether he would have committed the attack had the religious leader said it was okay. The court found the exchange too speculative and "irrelevant" to the entrapment defense and the offense with which he is charged.

These rulings fall victim to the same evidentiary errors as the rulings regarding recorded conversations with the informants (found in the order entered October 16, 2019). The evidence is not offered to prove Hamzeh actually would carry out the attacks abroad or domestically. Instead, it was offered to show Hamzeh's predisposition to obtain the firearms. The evidence is relevant to predisposition and should be reweighed under Rule 403.

### B. Machinegun Evidence

Next, the Government argues the court erred in excluding its evidence about the availability, cost, and ease of obtaining devices that convert semi-automatic weapons into automatic weapons. The Government seeks to introduce this evidence in response to Hamzeh's evidence that machineguns are rare and expensive.

Citing *United States v. Hollingsworth*, the court found Hamzeh's evidence about the expense and rarity of machineguns admissible on the issue of his "positional predisposition." 27 F.3d 1196 (7th Cir. 1994). We do not opine on the propriety of

admission of this evidence under *Hollingsworth*. *See* 18 U.S.C. § 3731. Instead, we only consider whether admission of this evidence makes the Government's evidence relevant, since the court, in essence, found the evidence not relevant to the crime charged.[12]

When relevance depends on a fact, also known as "conditional relevance," "proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b); *see generally* Fed. R. Evid. 401 advisory committee's notes (referencing conditional relevance); *see, e.g.*, *United States v. Collins*, 966 F.2d 1214, 1223 (7th Cir. 1992) (applying conditional relevance in the context of conspiracy). This case presents a less common application of the rule, in that the relevance of the Government's machinegun evidence depends on Hamzeh's introduction of facts (that machineguns are rare and expensive), not the Government's introduction of its own facts.

If Hamzeh's evidence is introduced at trial, he puts at issue his ability to commit the offense, making evidence that bears on ability relevant. The Government's evidence that the acquisition of parts to assemble machineguns and assembly itself is easy makes a fact of consequence—ability (as raised by Hamzeh)—more likely. Stated otherwise, Hamzeh's evidence creates a fact in issue, laying the foundation for admission of the Government's evidence. The Government's evidence is conditionally relevant; once Hamzeh's evidence is

---

[12] Hamzeh argues this Court cannot consider the issue because the Government did not make an offer of proof. This argument lacks merit. The district court's order dated October 15, 2019, repeats the Government's proffer that Special Agent Lindeman would testify about the availability of various conversion devices and the ease of converting a semi-automatic firearm into a machinegun.

admitted, the Government may admit its evidence in rebuttal. Thus, the district court erred.

### III. Conclusion

While we commend the court's thoroughness in its pretrial orders, it must correct the repeated errors in excluding evidence as "not probative" or irrelevant, which affected its further findings under Rule 403. It also erred in excluding the Government's machinegun-availability evidence as irrelevant to the charged conduct. Thus, we REVERSE and REMAND for further proceedings consistent with this opinion and instruct the district court to find the Government's machinegun-availability evidence conditionally admissible, subject to Hamzeh's introduction of evidence he did not have the ability to commit the crime.

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

#### UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

February 3, 2021

| Before: | FRANK H. EASTERBROOK, Circuit Judge<br>DANIEL A. MANION, Circuit Judge<br>ILANA DIAMOND ROVNER, Circuit Judge |

| | |
|---|---|
| No. 19-3072 | UNITED STATES OF AMERICA,<br>Plaintiff - Appellant<br><br>v.<br><br>SAMY M. HAMZEH,<br>Defendant - Appellee |
| **Originating Case Information:** ||
| District Court No: 2:16-cr-00021-PP-WED-1<br>Eastern District of Wisconsin<br>District Judge Pamela Pepper ||

Thus, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion and instruct the district court to find the Government's machinegun-availability evidence conditionally admissible, subject to Hamzeh's introduction of evidence he did not have the ability to commit the crime.

The above is in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment**(form ID: **132**)

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States Court of Appeals for the Seventh Circuit

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| Everett McKinley Dirksen United States Courthouse<br>Room 2722 - 219 S. Dearborn Street<br>Chicago, Illinois 60604 | Office of the Clerk<br>Phone: (312) 435-5850<br>www.ca7.uscourts.gov |

## NOTICE OF ISSUANCE OF MANDATE

March 19, 2021

To:    Gina M. Colletti
        UNITED STATES DISTRICT COURT
        Eastern District of Wisconsin
        Milwaukee , WI 53202-0000

| | |
|---|---|
| No. 19-3072 | UNITED STATES OF AMERICA,<br>Plaintiff - Appellant<br><br>v.<br><br>SAMY M. HAMZEH,<br>Defendant - Appellee |

| **Originating Case Information:** |
|---|
| District Court No: 2:16-cr-00021-PP-WED-1<br>Eastern District of Wisconsin<br>District Judge Pamela Pepper |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:    No record to be returned

This notice sent to:

[ ]    United States Marshal        [ ]    United States Probation Officer

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                                 **Received by:**

03/19/21                                                                  s/ Jelena Vekic
_____                                                   _____

form name: **c7_Mandate**(form ID: **135**)