UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

| | |
|---|---|
| DATE: | December 14, 2021 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2016-cr-21 |
| CASE NAME: | United States of America v. Samy Hamzeh |
| NATURE OF HEARING: | Change of Plea |
| APPEARANCES: | Benjamin Taibleson – Attorney for the government |
| | Craig Albee – Attorney for the defendant |
| | Joseph Bugni – Attorney for the defendant |
| | Samy Hamzeh – Defendant |
| | US Probation – Maria Mahmoudi |
| COURT REPORTER: | Susan Armbruster |
| COURTROOM DEPUTY: | Becky Ray |
| TIME: | 9:35 AM – 10:31 PM |
| HEARING: | Sentencing set for March 24, 2022 at 1:30 PM |

**AUDIO OF THIS HEARING AT DKT. NO. 408**

The court had scheduled this hearing because the defendant had expressed his desire to change his plea. The court noted that the parties had filed the plea agreement on November 18, 2021. The plea agreement called for the defendant to plead guilty to Count One, knowingly receiving and possessing an H&K MP-5 SD 9mm machine gun that was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §5861. The court placed the defendant under oath, reviewed the plea agreement with him and questioned him.

The court recounted that Count One involved a maximum prison term of ten years, a maximum fine of $250,000 and a maximum of three years of supervised release, as well as a mandatory special assessment of $100.

After the defendant had answered all the court's questions, the court found that the defendant understood his trial rights, the penalties associated with the charge, the possible civil ramifications of a conviction, and the uncertainty of his ultimate sentence. The court also found that the defendant entered the plea knowingly and voluntarily, without threats or promises. The court accepted the defendant's plea of guilty and found the defendant guilty of the offense charged in the indictment.

Because the parties had waived the Rule 32 deadlines in the plea agreement, the court scheduled a sentencing date for **March 24, 2022 at 1:30 p.m. in Room 222**. The probation office will disclose the PSR by **February 28, 2022** with objections due by **March 11, 2022**.

The government asked the court to detain the defendant pending sentencing. The court denied that request, recounting that the defendant had been in custody for an extensive period after indictment and that the court had

1

ordered him released when it became clear that the FBI had not provided the translations of the recorded conversations in a timely fashion. The defendant had had no violations of the conditions of his bond since being released. The court concluded that the procedural history of the case and the defendant's post-release compliance constituted exceptional circumstances that warranted his remaining on bond pending sentencing. The court explained to the defendant that he now had been convicted of federal offenses, which meant that the court would have less flexibility in dealing with violations of bond between now and the sentencing date.